DAVID SIMMONS
Name
 031806
Prison Number
 CCA/FLORENCE Corr. Cnt. 1100
Place of Confinement
 BOWLING RD. FLORENCE, AZ. 85232
Address     P.O. BOX 6200

**FILED**

. MAY 1 5 2003

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA
By_____Deputy

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

 DAVID SIMMONS                    ,
(Full name)

**F 03 - 0 0 1 3  CIV.**

Case No._____

(To be supplied by Court)

**Petitioner,**

vs.

 FRANK LUNA, WARDEN              ,
(Name of WARDEN, Superintendent, Jailor or other
authorized person with **custody** of Petitioner -- the
respondent is NOT the "State of Alaska" )

**Respondent.**

**PETITION FOR WRIT OF
HABEAS CORPUS**

**Under 28 U.S.C. § 2254
By a Person in State Custody**

## CONVICTION UNDER ATTACK

1.    Name and location of court which entered the conviction under attack **SUPERIOR COURT**

 BETHEL, ALASKA

2.    Full date of judgment of conviction:  5 / 29 / 92  (month/day/year) & 6/12/96

     a.    Case Number: 4BE-96-67CI

PS03

1 of 13

§ 2254 Form
Effect. 10/01

3.    What was your plea? (Check one) __X__ Not Guilty _____ Guilty _____ Nolo Contendre

   a.    If you entered a guilty plea to one count, and a not guilty plea to another count, give

        details:_____

        _____

                              **N/A**

        _____

        _____

   b.    If you entered a plea of guilty pursuant to a plea bargain, state the terms and

        conditions of the agreement:_____

        _____

                              **N/A**

        _____

        _____

4.    Were you sentenced on more than one count of an indictment, in the same court at the same

     time? _____ Yes __X__ No

5.    What was (were) the offense(s) for which you were convicted? (All counts) **CASE 4BE-**
     **S90-552Cr., TWO (2) COUNTS OF POSSESSING THE SAME HANDGUN. CASE**
     **4BE-S90-902Cr., BURGLARY,1st. Deg. ; ASSAULT,2nd. Deg.; ASSAULT,**
     **3rd. Deg. and MISCONDUCT INVOLVING WEAPONS.**

6.    Kind of trial: (check one) __x__ Jury _____ Judge only

7.    Did you testify at trial? __X__ Yes _____ No

8.    Length of sentence(s): __10 yrs. reduced to 5.; 30 yrs.__

§ 2254 Form
Effect. 10/01

9.    Do you have any future state court sentence to serve after you complete the sentence imposed by the judgment under attack? _____ Yes __X__ No   (If petitioner is attacking a **state** court conviction/sentence to be served in the **future**, petitioner must add the state's Attorney General as an additional respondent. If petitioner has a sentence to be served now or in the future under a **federal** judgment which s/he wishes to attack, s/he should file a motion under 28 U.S.C. **§ 2255**, in the federal court which entered the judgment.)

   a.    If yes, give the name and location of the court which imposed the sentence to be served in the future:_____

                                                  **N/A**

   _____

   b.    Give the date and length of sentence to be served in the future:_____

   _____

   c.    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? _____ Yes _____ No

*CAUTION: In order to proceed in federal court, you must first exhaust your state court remedies as to each ground on which you request action by the federal court.* You are cautioned that there is a **one-year limitations period** in which to file a habeas petition, and that a petition brought under § 2254 will be dismissed if not brought within that period, unless there are "extraordinary circumstances" beyond your control, which made it impossible to file your petition on time. Although this time period is tolled (suspended) during any **state** court post-conviction **proceedings**, the time that your action is pending in **federal court** does **not** toll that one-year time period. You should, therefore, **immediately exhaust** any unexhausted grounds for relief in the state courts, up to and including, the Alaska Supreme Court, before filing in this Court.

§ 2254 Form
Effect. 10/01

## GROUNDS FOR RELIEF

10.    For your information, the following is a list of the most frequently raised grounds for relief

in habeas corpus proceedings. You may also have grounds which are not listed here. Do not

check any of these listed grounds. If you select any of these grounds for relief, you must

allege **facts**. The petition will be returned to you if you merely check specific grounds.

   a.    Conviction obtained by plea of guilty which was unlawfully induced or not made
         voluntarily with an understanding of the nature of the charge and the consequences
         of the plea.
   b.    Conviction obtained by use of coerced confession.
   c.    Conviction obtained by use of evidence gained pursuant to an unconstitutional search
         and seizure.
   d.    Conviction obtained by use of evidence gained pursuant to an unlawful arrest.
   e.    Conviction obtained by a violation of the privilege against self-incrimination.
   f.    Conviction obtained by the unconstitutional failure of the prosecution to disclose to
         the defendant evidence favorable to the defendant.
   g.    Conviction obtained by a violation of the protection against double jeopardy.
   h.    Conviction obtained by action of a grand or petit jury which was unconstitutionally
         selected and impaneled.
   i.    Denial of effective assistance of counsel.
   j.    Denial of right of appeal.

**State each ground for which you claim that the state court conviction and/or sentence is**

**unconstitutional. Summarize** *briefly and concisely* **the facts supporting each ground. If you**

**claim more than three grounds, make copies of blank pages 4 - 7, and attach those pages**

**stating additional grounds and** *facts* **which support those grounds. You must raise in this**

**petition all grounds for relief that relate to this conviction. Any grounds not raised in this**

**petition will likely be barred from being litigated in a future action.**

**Ground 1 (a - j):** __g__ **(just one), or Other:** **ERRONEOUS ADMISSION OF 404(b) EVI-**

**DENCE OPERATED TO CONSTRUCTIVELY AMEND THE INDICTMENT AND VARIED**

§ 2254 Form
Effect. 10/01

**Supporting FACTS** (State *briefly*, without citing cases or law): The State denied petitioner his 5th and 6th Amendment rights in case 4BE-S90-552Cr. by failing to give adequate notice of a (two) 2 count multiplicity Indictment, returned Oct. 5th, 1990., charging the same offenses under a theory of interruption- denied petitioner protection afforded under the Double Jeopardy Clause to plea Jeopardy at bar of once convicted or acquitted for the same offenses. **2)** The theory offered at trial in case 4BE-S90-552Cr. was a fatal variance, in that the state in it's opening remarks and its proffer at trial, under a theory of continuing constructive possesssion expanded the possible basis of conviction beyond the indictment time frame to include a subsequent weapons possession charge, on

**Exhaustion of state court remedies regarding Ground 1:**

☞ **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

_X_ Yes ___ No.   Result: The Court Of Appeals Ruled the evidence admissible.

Case Number: Case 4BE-S90-552Cr. A-4972 Op.No. 1419   Date of Decision: 7 / 21 /95

If no, why not: _____

_____

Did you appeal *this issue* to the Alaska Supreme Court? _X_ Yes ___ No.

Result: Supreme Court denied review. _____

Case Number: S-10523, See Collateral Review. Date of Decision: 5 / 14 / 02

§ 2254 Form
Effect. 10/01

### ERRONEOUS ADMISSION OF 404(b) EVIDENCE
### CONSTRUCTIVELY AMENDED INDICTMENT AND FATAL VARIANCE

Cont.-

CLAIM # 1 (g)        4BE-96-67CI.
                     4BE-S90-552Cr.

or about Sept. 3rd. or 4th, 1990 (case BE-S90-902Cr., Cnt.
iv),involving the same handgun to convict the defendant for
a si ngle count in case 4BE-S90-552Cr.

   3) The trial court committed err in case 4BE-S90552Cr.
not only in it's admission of extraneous evidence under 404
(b) not resulting in a criminal charge or conviction against
the defense witness, even if relevant soley to impeach that
witness's denials, for purpose of attacking his credibility
, but also as sub stantive evidence of the defendant's gui
-lt, of knowingly possessing a concealable fire-arm while
being an ex-felon. as the state represented to the jury in
it's closing remarks.

   4) Under the theory before the petti jury in case 4BE
-S90-552Cr., the state argued that neither petitioner's sale
of the handgun nor his july arrest affected his constructive
possession;that there was never a break in the petitioner's
possession of the weapon; and, that he had dominion and con
-trol over this handgun  beyond the alleged dates of a sub
-sequent offense on Sept. 3rd. or 4th, 1990 (case 4BE-S90-
902Cr.), as an element of the offense to prove continous
possession in case 4BE-S90-552Cr., from April and thur-out
the following months up until Sept.29th,  1990, inclusive.

   5) The Appellate Court's holding that the testimony
was admissible under 404(b) as rebuttal evidence- [and it's

Claim # 1(g)                        **4BE-96-67CI.**
                                    **4BE-S90-552Cr.**

resolution of the trial court's conflicting jury instruc-

tions affirming a continous course of conduct, not charged

before the Grandjury] premised on its conclusion, that al-

though the state sub mitted some eivdence to prove " inter-

ruption, it took the position that neither the sale of the

defendant's handgun nor his arrest terminated possession-

operated to sub stantively amend the two (2) count indict-

ment into a single count indictment- was unfairly prejudi-

cial and denied petitioner a fair trial un der the 5th and

14th Amendments.

6) Petitioner was denied the protection afforded under

the Double Jeopardy Clause not to be tried twice for the

same offense in case 4BE-S90-902Cr. Count IV., Petitioner

was also prejudice by joinder of the remaining two counts

of the fourt (4) count indictment; and the proceedings were

void. Petitioner incorporates and adopts the facts section

as set forth in **Claim 2 (InEffective Assistance Of Counsel)**

**¶ 1-22.**

7) The State Supreme Court denied review on May 14th.

2002.

If no, why not:_____

_____

☞    **Post-Conviction:**

Did you raise *this issue* in a petition for post-conviction relief or state petition for habeas corpus?

__x__ Yes ____ No. Name of court:__BETHEL SUPERIOR COURT, ALASKA__

Case number:__4BE-96-67CI.__ Date petition filed: 4 / 10 /96

Did you receive an evidentiary hearing? ___ Yes _X_ No

Result of proceeding:    **See Claim # 1 (g) Attached.** Date of result:3 /15 / 99

If you did not raise this issue, why not:_____

_____

   a.    Did you appeal *this issue* to the Alaska Court of Appeals? _x_ Yes ___ No

   Result of proceeding: See Claim# 1 (g)_____

   Case number:__A-7493, Op.No. 4509__ Date of result: 12 / 5 /2001

   If no, why not: _____

   _____

   b.    Did you appeal *this issue* to the Alaska Supreme Court? _X_ Yes ___ No

   Result of proceeding:_Supreme Court denied review.__

   Case number:__S-10523__ Date of result: 5 / 14/02

   If no, why not:_____

   _____

☞    **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

§ 2254 Form
Effect. 10/01

overturned based on *this issue* (such as administrative remedies)? ___ Yes _X_ No. If yes, explain:

_____

_____

**Ground 2:**(a - j):_i_ (just one), or Other: CLAIM No.# 2(i). INEFFECTIVE ASSI-

STANCE OF COUNSEL AND VOID JUDGMENT. 4BE-96-67CI.
4BE-S90-902Cr.

**Supporting FACTS** (State *briefly*, without citing cases or law): Petitioner received

ineffective assistance of counsel because counsel refused to seek

review of Judge Curda's none judicial notice of the defendant's

timely and validly exercised peremptory challenge and in conse-

quence petitioner was denied his constitutional right to a due

process fair trial before an unbias Judge And Jury. 1) On Nov.

2nd., 1990, the day of arraignment, Petitioner exercised his per

-emptory challenge of Judge Curda personally -the peremption was

timely and valid. a) petitioner requested the court to sua sponte

recuse itself; b) to be allowed to state grounds for cause- both

requests were denied- thereafter petitioner perempted Judge Curda

c) Petitioner's challenge superceeded both discretionary motions.

CONT-

**Exhaustion of state court remedies regarding Ground 2:**

☞   **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

___ Yes **NO** No.   Result: Please See Post Conviction Proceedings

7 of 13

§ 2254 Form
Effect. 10/01

CONT-

CLAIM # 2(i)                    CASE 4BE-96-67CI.
                                4BE-S90-902Cr.

2) Judge Curda refused to recuse himself.

3) Counsel did not withdraw petitioner's peremptory challenge of Judge Curda

4) A peremptory challenge is mandatory, and of automatic execution and operation.

5) Counsel did not seek review ofJudge Curda Non-Judicial notice pursuant to Ak.App.Ct.R. 216(a)(2) providing an expedited direct review soley limited to this issue.

6) Counsel's assertion that her withdrawal of petitioner's peremptory challenge was a tactical decision, is without foundation in either statute, procedure or precedent case law.

7) Judge Curda knew that a refusal to acknowledge a timely and valid peremptory disqualifaction challenge was automatic err by reading **McCraken v. State**, 675 P.2d 1291(App. Ct. 1984) into the record on Oct. 30th,1990.

8)Counsel for petitioner was present at the a bove reading of **McCraken** on Oct. 30th, 1990.

9) Counsel for the state was present at the reading of **McCraken** on Oct. 30th,1990.

10) Petitioner was present at the reading of **McCraken** on Oct. 30th, 1990.

11) Petitioner objected to further proceedings in the case before Judge Curda.

12) The proceedings before Judge Curda was void.

13) Counsel's failure to seek review was per se prejudicial error.

1 of 2pp.

&  Double Jeopardy barred under on the ? Prior Jeopardy Clauses of the 5th and 14th Amendments.

CLAIM # 2(i)                      **4BE-96-67CI.**
                                  **4BE-S90-902Cr.**

14) Double Jeopardy barred retrial under the Due Process Clauses of the 5th and 14th Amendments.

15) On Appeal in Case A-7244, the Court Of Appeals reversed the defendant's conviction on an evidentiary ground.

16) The State stipulated that Judge Curda had been time-ly and validly perempted. Judge Curda issued an order conceeding his peremption.

17) On retrial the defendant was refused filing of pretrial motions and to plea jeopardy in bar before the Woods Court.

18) The Woods Court (Judge Woods), found, on conflicting affidavits without granting a requested evidentiary hearing - that petitioner failed to state sufficient grounds of incompetence thus denying petitioner the right to examin e cou -sel as to those reasons given for denying the defendant his right to seek direct review of Judge Curda's non-judicial no -tice of his peremptory challenge and right to due process and the 6th and 14th Amendments.

19) The trial court lmited findings were clearly erroneous.

20) The trial court abused its discretion in denying the defendant's **Motion For An Evidentiary Hearing.**

21) The Defendant was prejudice and the prejudice was not harmless error.

22) The Court Of Appeals adopted the trial court's find -ing **A-7493**               12/5/01
      **4BE-S96-67CI**

pp. 2 of 2

Case Number: **A-4475**
**4BE-S90-902Cr.**                    Date of Decision: **3** / **22** / **95**

If no, why not:_____ Please See Post Coviciton Proceedings._____

**Reversal Mooted Case 4BE-92-268CI. Raising Claim # 2(i).**

Did you appeal *this issue* to the Alaska Supreme Court? ___ Yes **NO** No.

Result:_____ Please See Post Conviction Proceedings._____

Case Number:_____ Date of Decision: ___ / ___ /

If no, why not:_____ Please See Post Conviction Proceedings._____

☞    **Post-Conviction:**

Did you raise *this issue* in a petition for post-conviction relief or state petition for habeas corpus?

**X**__ Yes ___ No. Name of court: **BETHEL SUPERIOR COURT, ALASKA.**_____

Case number: 4BE-96-67CI._____ Date petition filed: 4 / 10 / 96

Did you receive an evidentiary hearing? ___ Yes **X** No

Result of proceeding:_____ Date of result: ___ / ___ /

If you did not raise this issue, why not: Please See Facts Sections Of Claim.

a.    Did you appeal *this issue* to the Alaska Court of Appeals? **X** Yes ___ No

Result of proceeding: adoted the State/Trial Court's position._____

Case number: **A-7493** _____ Date of result: **12/ 5 /01**

If no, why not:_____

b.    Did you appeal *this issue* to the Alaska Supreme Court? **X** Yes ___ No

§ 2254 Form
Effect. 10/01

Result of proceeding: __DENIED REVIEW__

Case number: __S-10523__     Date of result: __5__ / __14__/ __02__

If no, why not: _____

---

☞ **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)? ___ Yes __X__ No. If yes, explain:

_____

_____

Ground 3:(a - j): __j__ (just one), or Other: __Claim # 3(j). COURT OF APPEALS__

__DENIED PETITIONER A FULL AND FAIR OPPORTUNITY TO RAISE AND BRIEF__

__CONSTITUTIONAL AND JURISDICTIONAL CLAIMS ON__ DIDRECT APPEAL.
Supporting FACTS (State *briefly*, without citing cases or law): _____

    The Court Of Apeals denied petitioner a full and fair

opportunity on direct review, to brief collaterally, all con

-stitutional and jurisdictional issues that could not other-

wise be raised by direct review. a) by refusing to grant the

defendant's **Motion To Stay Merit Appeal**, in case 4BE-S90-902Cr.

pending further litigation in the trial court, case 4BE-92-268CI.

claiming ineffective assistan ce of counsel; Void Judgment;

~~Double Jeopardy and Speedy Trial Violation and None Disclosure~~

Of A Contingency Agreement., And by evading review of the fore-

                                                **CONT-**

§ 2254 Form
Effect. 10/01

**CONT-**　　　　　　**CLAIM # 3(j)**　　　　**4BE-96-67CI**
　　　　　　　　　　　　　　　　　　　　　　**4BE-S90-902Cr.**

going claims on petitioner's **Motion For Summery Judgment** fil
-ed in the trial court, Sept. 29th, 1998. and raised on re-
view in case 4BE-96-67CI.

　　　　1) On 5/19/94, Petitioner filed a **Berry Motion, Berry
v. State,** 675 P.2d 1291 (App.Ct.1984), requesting a stay of
his merit appeal case 4BE-S90-902Cr. pending resolution of i
the following claims: Ineffective Assistance Of Counsel　in
case 4BE-92-268CI. Void Judgment; Double Jeopardy; Speedy
Trial Violation; and None Disclosure Of A Contingency Agree-
ment.

　　　　2) On 3/22/95, Case 4BE-S90-902Cr. was reversed. As to
the issue of insufficiency, the Court Of Appeals ruled that
the issue was waived because counsel did not supply the tran
-script.

　　　　3) Petitioner again raised the issue of insufficien cy
of the indictment, collaterally- case 4BE-96-67CI.- the Woods
Court held petitioner's claim of insufficiency was foreclosed
by the Court Of Appeal's decision on direct review..

　　　　4) Un der **Berry**, the Court Of Appeals held that it would
no longer consider a defendant's merit appeal pen ding liti-
gation of a claim of ineffective assistance of counsel. The
Court did not stay petitioner's merit appeal dispite its hold
-ing.

　　　　5) The Court denied petitioner his right to have his
constitutional and jurisdictional claims rviewed regardless
of whether or not it intended to reverse petitioner's appeal
on an evidentiary ground.

CLAIM # 3(j)                          **4BE-96-67CI.**
                                      **4BE-S90-902Cr.**

Petitioner incorporates  and adopts the following facts set forth un der Claim No. #2(i), 1-21.

6) Wtih respects to the remaining claims mention above at No. 1, and raised in 4BE-96-67CI., the Appeals Court adop -ted the trial court's position. viz; that the defendant did not present sufficient evidence to establish a prima facie case of ineffective assistance of counsel eventhough the trial court's decision was based soley on counsel's conflic- ting affidavit with that of the defendant's; and, petitioner 's **Motion For An Evidentiary Hearing** was denied - contrary to decisional case law regarding resolution of conflicting affa -davits- as to this issue, petitioner incorporates and adopts the facts section under Claim NO.# 2(i), 1-21., and reference This Court thereto.

7) In case 4BE-96-67CI. the trial court denied petition -er further pro se representation as coujnsel of record; a) refused to consider his **Motion For Summery Judgment**; b) ruled on advisory counsel's motion, limited to a single legal issue , '' collateral estopple. not authorized by the defendant; c) refused to strike advisory counsel's motion ; and, d) refus- ed to withdraw its **Memorandum Decision.** Case 4BE-96-67CI.

8) In Case 4BE-S90-552Cr. , the Hanson Court (Judge Hanson), issued conflicting jury instructions;The Appeals Court held that although the state submitted some evidence to prove ' interruption' it took the position that neither the sale of the defendant's handgun nor his arrest terminated poss -ession.

pp. 2 of 4

**CLAIM # 3(j)**                    <u>4BE-96-67CI.</u>
                                    <u>4BE-S90-902Cr.</u>

Petitiobner incorporates and adopts the fact section un der

claim No. # 1(g)., 1-6. On review of petitoner's collateral

attack, 4BE-96-67CI., The Court Of Appeals ruled inconsistant

-ly with the law of the case in 4BE-S90-552Cr. '' that there

was but a single course of conduct from Apirl to Sept.' hold-

ing that the Woods's Court was not unreasonable in concluding

> Second, and more fundamentally, although the
> evidence presented at trial might theorectically
> have supported a finding of interrupted possess-
> ion, the jury was never require to consider or de
> -cise the issue.  Because the instructions did not
> apprise the jury of the need to find that Simmons's
> possession of the .44 magnum pistol had been inter-
> rupted at some  point between the first alleged of-
> fense and the second, the jury verdicts left the
> isue  unresolved.

     The Appeals Court used this rationale to preclude mul-

tiple convictions for what the state argued to  be but one

offense- eventhough it charged two (2) counts having the same

elements, conduct and state of mind b efore the Grandjury. As

to the subsequent charge, On or About Sept.3rd. or 4th, 1990,

in case 4BE-S90-902Cr. Cnt. IV., it too, had the same elements

, conduct, handgun , state of mind and involving the same in

-dividual.

     9) The Woods' Court used the above rationale in its **Me**

**-morandum Decision** to fragment what was viewed by The Court

Of Appeals as a single course of conduct. The Trial Court did

exactly what the Court Of Appeals ruled the state could not

do:

                    pp. 3 of 4.

**CLAIM # 3(j)**

4BE-96-67CI.
4BE-S90-902Cr.

It is also well settled that a continuing course of conduct statutorily defined as a single crime cannot properly be charged as multiple crimes occurring at discreet moments in time. The Double Jeopardy Clause is not such a fragile gua -rantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial un its.

Petitoner incorporates and adopts the facts section set forth under Claim No.#1(g)., 1-5.

**Exhaustion of state court remedies regarding Ground 3:**

☞ **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

___ Yes __X__ No.   Result:_____

Case Number:_____ Date of Decision:___/___/___

If no, why not:_____CASE 4BE-S90-902Cr. was reversed 3/22/95_____

Did you appeal *this issue* to the Alaska Supreme Court? ____ Yes __X__ No.

Result:_____

Case Number:_____ Date of Decision:___/___/___

If no, why not:____Case Wes ReveRsed.  3/22/95_____

☞ **Post-Conviction:**

Did you raise *this issue* in a petition for post-conviction relief or state petition for habeas corpus?

___ Yes __X__ No.  Name of court:__Bethel  SupeRioR CouRT, AK._____

Case number:__4BE-96-67CI_____ Date petition filed:__4 /10 / 96__

Did you receive an evidentiary hearing? ___ Yes __X__ No

Result of proceeding:_____ Date of result:___/___/___

If you did not raise this issue, why not:__Not PRoper foRum._____

§ 2254 Form
Effect. 10/01

a.    Did you appeal *this issue* to the Alaska Court of Appeals? _X_ Yes ___ No

Result of proceeding: A**pp.Ct.**    **DID NOT ADDRESS THE ISSUE.**

Case number: ___4BE-96-67CI.**/A-7493**___ Date of result: **12 /5   /01**

If no, why not: _____

_____

b.    Did you appeal *this issue* to the Alaska Supreme Court? ___ Yes _X_ No

Result of proceeding: **DENIED REVIEW.** _____

Case number: ___**S-10523**___ Date of result: **5   /14  / 02**

If no, why not:_____

_____

☞    **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

overturned based on *this issue* (such as administrative remedies)? ___ Yes _X_ No.  If yes, explain:

_____

_____

_____

11.    Have *all grounds* raised in this petition been presented to the highest state court having

jurisdiction? _X_ Yes ___ No

a.    If no, which grounds have not been presented?_____

_____

b.    Explain reasons for not presenting grounds:_____

_____

§ 2254 Form
Effect. 10/01

**Attach a copy the highest state court written decision(s) regarding this conviction.** If you have

not attached copies of your state court written decisions(s), why not?_____

_____

_____

### SUCCESSIVE PETITIONS

12.  Is this the first *federal* petition for writ of habeas corpus challenging this conviction?

    _____ Yes _____ No

a.  If no, in what court was the prior action filed?_____

    What was the prior case number?_____

b.  Was the prior action (check one): _____ denied on the merits

    *or* _____ dismissed for procedural reasons?

c.  Date of decision: _____/_____/_____ (month/day/year)

d.  Are there any issues in this petition raised in the prior petition? _____ Yes _____ No

e.  If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals

    given you permission to file this successive petition? _____ Yes _____ No

    If yes, please attach a copy of the order.  Attached? _____ Yes _____ No

    **\*\*\* You must obtain permission before filing your successive petition. \*\*\***

13.  Do you have any petition, application, motion or appeal (or by any other means) now pending

    in any court regarding the conviction that you are challenging in this action? ___ Yes ___ No

a.  If yes, state the name of the court and the nature of the proceedings:_____

    _____

    _____

§ 2254 Form
Effect. 10/01

Date you are mailing (or handing to correctional officer) this petition to the Court: _5_ , _9_ , _03_

**WHEREFORE,** petitioner prays that the Court will grant him/her such relief to which s/he

is entitled in this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 by a person

in state custody.

_____
(Signature of Petitioner)

_____
(Signature of person who prepared this
petition, if not Petitioner)

P.O BOX 6200
_____

CCA/FCC  FLORENCE, CORR. CTR.
_____

FLORENCE, AZ, 85232
_____
(Typewritten or printed name & address of
person who prepared this petition)

_____
(Signature of attorney, if any)

DAVID SIMMONS
_____
(Typewritten/printed name of attorney)

_____

_____

_____
(Attorney's address & telephone number)

## DECLARATION UNDER PENALTY OF PERJURY

I understand that a false statement or answer to any question in this declaration will subject me to

penalties of perjury. **I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS**

**OF THE UNITED STATES OF AMERICA THAT THE FOREGOING IS TRUE AND**

**CORRECT.**

Executed at _CCA/FCC, LC UNIT_____ on ___5/9/03_____
                        (Location)                              (Date)

_____        031806
(Signature)                                      _____
                                                          (Inmate Number)

13 of 13                                    § 2254 Form
                                                  Effect. 10/01

## GROUNDS FOR RELIEF

10.    For your information, the following is a list of the most frequently raised grounds for relief

in habeas corpus proceedings.  You may also have grounds which are not listed here.  Do not

check any of these listed grounds.  If you select any of these grounds for relief, you must

allege **facts**.  The petition will be returned to you if you merely check specific grounds.

  a.    Conviction obtained by plea of guilty which was unlawfully induced or not made
        voluntarily with an understanding of the nature of the charge and the consequences
        of the plea.
  b.    Conviction obtained by use of coerced confession.
  c.    Conviction obtained by use of evidence gained pursuant to an unconstitutional search
        and seizure.
  d.    Conviction obtained by use of evidence gained pursuant to an unlawful arrest.
  e.    Conviction obtained by a violation of the privilege against self-incrimination.
  f.    Conviction obtained by the unconstitutional failure of the prosecution to disclose to
        the defendant evidence favorable to the defendant.
  g.    Conviction obtained by a violation of the protection against double jeopardy.
  h.    Conviction obtained by action of a grand or petit jury which was unconstitutionally
        selected and impaneled.
  i.    Denial of effective assistance of counsel.
  j.    Denial of right of appeal.

**State each ground for which you claim that the state court conviction and/or sentence is
unconstitutional.  Summarize *briefly and concisely* the facts supporting each ground.  If you
claim more than three grounds, make copies of blank pages 4 - 7, and attach those pages
stating additional grounds and *facts* which support those grounds.  You must raise in this
petition all grounds for relief that relate to this conviction.  Any grounds not raised in this
petition will likely be barred from being litigated in a future action.**

**Ground 1 (a - j):** _f_  (just one), or Other:**CLAIM #4(f)** The State unconstitution

-ally failed to disclose an Agreement  with its rebuttal witness

§ 2254 Form
Effect. 10/01

**Supporting FACTS** (State *briefly*, without citing cases or law): E.A., contingent

upon her testimony in case 4BE-S90-552Cr., of  a subsequent

alleged third, 3° assault and misconduct involving weapons, on

or about Sept. 3rd. or 4th, 1990, Case 4BE-S90-902Cr. Cnts. III

and IV., involving the same elements, handgun, conduct, state

of mind and individual represented by the state, to have been

in the defendant's possession, in order to prove the knowledge

element of the crimes charged in case 4BE-S90-552Cr.. 2) E.A. did

not testify before the Oct.5th,1990, Grandjury, which returned

a two (2) count multiplicity indictment, charging that on or about

April and May, and in July 1990, in the city of Bethel, Ak.

Petitioner, being an ex-felon, possessed a .44 magnum pistol in

**Exhaustion of state court remedies regarding Ground 1:**

☞    **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

__x__ Yes ____ No.  Result:___ **COURT DID NOT ADDRESS ISSUE** _____

Case Number:____ 4BE-S90-902Cr./A-4475 _____ Date of Decision: 3 / 22/95

If no, why not:_____

_____

Did you appeal *this issue* to the Alaska Supreme Court? ____ Yes _X_ No.

Result:_____

Case Number:_____ Date of Decision:___/___/___

5 of 13

§ 2254 Form
Effect. 10/01

CONT.-

## CLAIM # 4(f)

4BE-96-67CI.
4BE-S90-552Cr.
4BE-S90-902Cr.

violation of A.S. 11.61.200(a)(1).

3) The state did not disclose this information to petit
-ioner's advisory attorneys, Provost, Cavanaugh and Hopper,
Esq. , though under court order to do so.

4) The state's none disclosure deprived the defendant of
a fair trial under the 5th and 14th Amendments to the U.S. Con
-stitution, and petitioner's conviction was not based upon the
evidence in case 4BE-S90-552Cr.

5) Before the trial court in case 4BE-S90-552Cr., E.A.
was ins[tructed] by her attorney, Cathy Connally, to listen to
the police recorded taped statements taken from the witness on
Sept.26th, 1990, before testifying under an agreement, that
her criminal charge of perjury would be drop, contingent upon
her testimony.

6) During the trial in case 4BE-S90-902Cr. the state in-
structed its chief witness, E.A. to listen to the police recor-
ded statements made on Sept.26th, 1990, on the morning of her
testimony.

7) Upon discovery of the deal during trial, application
was made to cross-examine the witness as to the witness's char
-ges and the terms of the agreement. The state denied the exi-
stence of any deal and the court denied examination, though it
took judicial notice that the charge had been  dismissed. The

pp. 1 of 2.

CLAIM # 4(f)

4BE-96-67CI.
4BE-S90-552Cr.
4BE-S90-902Cr.

state's  none disclosure deprived the jury of relevant and ma-
terial evidence as to the witness, interest, bias, motives and
credibility and, the role of the state played and denied
petitioner a due process trial under the 5th and 14th Amend-
ments to the U.S. Constitution.

The State also denied petitioner his 6th Amendment right
to cross examine the evidence against him; and, that his con-
viction was not based upon all the evidence.

8) In a collateral proceeding, case 4BE-92-268CI. on Mar.
3rd. and 4th, 1995, petitioner introduced into evidence, before
Judge M. Green, live testimony of Attorneys, Provost, Cavanaugh
and James Hopper, Esq., that the state did not comply with Judge
Green's order, that advisory counsels were to be copied all
discovery made available to the defendant. and that they did not
received any discovery as to a contingent agreement.

9) Petitioner incorporates adopts and reference This Court
to Claim # 3(j), par. 1-5.

10) Petitioner incorporates and adopts CLAIM # 1(g),Facts
1-7; and CLAIM #2(i).Facts, 1-22. and reference This Court
thereto.

### RELIEF

Petitioner Prays That This Court grants him unconditional
release.                      pp. 2 of 2

If no, why not:_____ **APPELLATE COURT REVERSED CONVICTION.** _____

☞ **Post-Conviction:**

Did you raise *this issue* in a petition for post-conviction relief or state petition for habeas corpus?

__x__ Yes ____ No. Name of court:___**SUPERIOR COURT AT BETHEL, AK.**_____

Case number:____**4BE-96-67CI.**_____ Date petition filed:**4** / **10/96**

Did you receive an evidentiary hearing? ____ Yes __x__ No

Result of proceeding:_____ **COURT DIMISSED ISSUE.**____ Date of result:___ / / ___

If you did not raise this issue, why not:_____

_____

    a.     Did you appeal *this issue* to the Alaska Court of Appeals? __x__ Yes ___ No

    Result of proceeding:_ **Court accepted Trial Court dismissal as none**

**abuse of discretion.**
    Case number:_____**A-7493**_____ Date of result: **12** / **5** / **01**

    If no, why not: _____

_____

    b.     Did you appeal *this issue* to the Alaska Supreme Court? __X__ Yes ___ No

    Result of proceeding:____ **Supreme Court denied review.**_____

    Case number:__ **S-10523**_____ Date of result: **5** /**14** / **02**

    If no, why not:_____

_____

☞ **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

§ 2254 Form
Effect. 10/01

overturned based on *this issue* (such as administrative remedies)? ___ Yes _X_ No. If yes, explain:

_____

_____


**Ground 2:**(a - j):____ (just one), **or** Other:_____

_____

**Supporting FACTS** (State *briefly*, without citing cases or law):_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**Exhaustion of state court remedies regarding Ground 2:**

☞    **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

____ Yes ____ No.  Result:_____

§ 2254 Form
Effect. 10/01

## GROUNDS FOR RELIEF

10.     For your information, the following is a list of the most frequently raised grounds for relief

in habeas corpus proceedings. You may also have grounds which are not listed here. Do not

check any of these listed grounds. If you select any of these grounds for relief, you must

allege facts. The petition will be returned to you if you merely check specific grounds.

a.     Conviction obtained by plea of guilty which was unlawfully induced or not made
       voluntarily with an understanding of the nature of the charge and the consequences
       of the plea.
b.     Conviction obtained by use of coerced confession.
c.     Conviction obtained by use of evidence gained pursuant to an unconstitutional search
       and seizure.
d.     Conviction obtained by use of evidence gained pursuant to an unlawful arrest.
e.     Conviction obtained by a violation of the privilege against self-incrimination.
f.     Conviction obtained by the unconstitutional failure of the prosecution to disclose to
       the defendant evidence favorable to the defendant.
g.     Conviction obtained by a violation of the protection against double jeopardy.
h.     Conviction obtained by action of a grand or petit jury which was unconstitutionally
       selected and impaneled.
i.     Denial of effective assistance of counsel.
j.     Denial of right of appeal.

State each ground for which you claim that the state court conviction and/or sentence is

unconstitutional. Summarize *briefly and concisely* the facts supporting each ground. If you

claim more than three grounds, make copies of blank pages 4 - 7, and attach those pages

stating additional grounds and *facts* which support those grounds. You must raise in this

petition all grounds for relief that relate to this conviction. Any grounds not raised in this

petition will likely be barred from being litigated in a future action.


Ground 1 (a - j): __5#__ (just one), or Other:___**CLAIM #5**_____

**INSUFFICIENCY OF THE INDICTMENT.**

§ 2254 Form
Effect. 10/01

Supporting FACTS (State *briefly*, without citing cases or law):_____1) Petitioner_____

claimed that the indictment in case 4BE-S90-902Cr., was in-

insufficient to charge a crime in light of the fact that the

State's Chief Witness recanted and explained why she gave

exaggerated statements to the police on Sept. 26th, 1990., be

-fore the Grandjury on Nov. 1st., 1990. and, that police offi

cers's hearsay testimony b efore that Grandjury could not, as

a matter of law, impeach the witness, as that witness had im-

peached herself. 2) On Appeal, the App.Ct. ruled that petitioner

waived the issue b ecause the transcripts of the grandjury was

not cited in the defendant's appellate brief. **A-4475. 3/22/95.**

   3) The issue was raised again on application for post con

                                                    **CONT-**

**Exhaustion of state court remedies regarding Ground 1:**

☞    **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

__X__ Yes ___ No.  Result:**COURT CITED FAILURE TO CITE TRANSCRIPT WAIVED**
                          **ISSUE.**
Case Number:__4BE-S90-902Cr. A-4475_____ Date of Decision:_5_ / _22_/_95_

If no, why not:_____

_____

Did you appeal *this issue* to the Alaska Supreme Court? ____ Yes _X_ No.

Result:_____

Case Number:_____ Date of Decision:__/__/__

§ 2254 Form
Effect. 10/01

If no, why not:___ISSUE RAISED ON POST CONVICTION RELIEF._____

_____

☞   **Post-Conviction:**

Did you raise *this issue* in a petition for post-conviction relief or state petition for habeas corpus?

_X_ Yes ____ No. Name of court:__SUPERIOR COURT, AT BETHEL, ALASKA.____

Case number:___4BE-96-67CI_____ Date petition filed: **4** / **10**/ **96**

Did you receive an evidentiary hearing? ___ Yes _X_ No

Result of proceeding:_COURT CITED Ct.App. RULING.____ Date of result:___**3** / **25**/**97**

If you did not raise this issue, why not:_____

_____

    a.    Did you appeal *this issue* to the Alaska Court of Appeals? ___ Yes _X_ No

    Result of proceeding:__SUPREME COURT DENIED REVIEW.__

    Case number:____0123_____ Date of result: _/_/_

    If no, why not: _iT was once PResented._____

    _____

    b.    Did you appeal *this issue* to the Alaska Supreme Court? _X_ Yes ___ No

    Result of proceeding:__SUPREME COURT DENIED REVIEW.__

    Case number:_____S-10523_____ Date of result:___**5** / **14** /**02**

    If no, why not:_____

    _____

☞   **Other Proceedings:**

Have you pursued any other procedure/process in an attempt to have your conviction and/or sentence

§ 2254 Form
Effect. 10/01

overturned based on *this issue* (such as administrative remedies)? ___ Yes __X__ No.  If yes, explain:

_____

_____

_____

**Ground 2:**(a - j):_____ (just one), **or** Other:_____

_____

**Supporting FACTS** (State *briefly*, without citing cases or law):_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Exhaustion of state court remedies regarding Ground 2:**

☞    **Direct Appeal:**

Did you raise *this issue* on direct appeal from the conviction to the Alaska Court of Appeals?

___ Yes ___ No.   Result:_____

§ 2254 Form
Effect. 10/01

CONT-

## CLAIM #5

### 4BE-96-67CI
### 4BE-S90-902Cr.

-viction relief, Case 4BE-96-67CI., petitioner contended that a claim of insufficiency of the indictment is jurisdictiional and can not be waived. and that a conviction based upon a lack of sufficient evidence to charge the crimes of Burglary in the First Degree; Second Degree Assault; Third Degree Assault and Misconduct Involving Weapons cannot, as a mtter of law, be sustained.

4) Petitioner asserts that his convictions under the indict -ment Case 4BE-S90-902Cr. are unconstitutional and violates his 5th Amendment right to the U.S. Constitution.

### RELIEF

**PETITIONER PRAYS THAT THIS HONORABLE COURT GRANTS HIS RELEASE UNCONDITIONALLY AND FORTHWITH.**

**PAGE 1 OF 1**

# In the Supreme Court of the State of Alaska

*(handwritten signature and date 5/17/02)*

David Simmons,                    )
                                  )        Supreme Court No. **S-10523**
            Petitioner,           )
                                  )
      v.                          )              **Order**
                                  )         Petition for Hearing
**State of Alaska**,              )
                                  )
            Respondent.           )        Date of Order: **5/14/02**
_____)

Trial Court Case # **4BE-96-00067CI**
Court of Appeals # **A-7493**

Before: Fabe, Chief Justice, and Matthews, Eastaugh, Bryner, and Carpeneti, Justices

On consideration of the petition for hearing filed on 2/11/02, and the response filed on 4/15/02,

**IT IS ORDERED**:

The petition for hearing is **DENIED**.

Entered by the direction of the court.

Clerk of the Appellate Courts

*Marilyn May*
Marilyn May

cc:    Supreme Court Justices
       COA Judges
       Judge Wood
       Central Staff
       Trial Court Appeals Clerk/FAI
Distribution:
       Kenneth Rosenstein
       OSPA
       310 K Street #308
       Anchorage AK 99501

       David Simmons
       Central Arizona Detention Center
       P O Box 6200
       Florence AZ 85232

Order8s.wpt
Rev 03/01



NOTICE: This opinion is subject to formal correction before publication in the Pacific Reporter. Readers are requested to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, in order that corrections may be made prior to permanent publication.

THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| DAVID SIMMONS,<br><br>            Appellant,<br><br>    v.<br><br>STATE OF ALASKA,<br><br>            Appellee. | Court of Appeals No. A-4972<br>Trial Court No. 4BE-S90-552CR<br><br>O P I N I O N<br><br>[No. 1419 – July 21, 1995] |

Appeal from the Superior Court, Fourth Judicial District, Bethel, Mary E. Greene and James A. Hanson, Judges.

Appearances: Randall S. Cavanaugh, Kirk, Robinson & Cavanaugh, Anchorage, for Appellant. Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: Bryner, Chief Judge, Coats and Mannheimer, Judges.

BRYNER, Chief Judge.

David Simmons was convicted of two counts of misconduct involving weapons in the first degree, AS 11.61.200(a)(1)(felon in possession), following a jury trial before Superior Court Judge James A. Hanson. Judge Hanson sentenced Simmons to a composite term of ten years. Simmons now appeals his conviction on numerous grounds and contends that his sentence is excessive. We affirm

Simmons' conviction and sentence but conclude that double jeopardy
bars the entry of judgment against Simmons on more than one count.

Simmons, who had previously been convicted of a felony,
was charged with unlawfully possessing a .44 magnum pistol in
Bethel on two occasions: once in March or April of 1990 and once in
July of the same year.    Evidence establishing his ownership and
possession of the pistol derived in part from a search of Simmons'
Bethel residence in July 1990.    The search was conducted pursuant
to a warrant; below and on appeal Simmons has contested the
validity of the warrant, arguing that it was based on stale and
false information.

The search warrant for Simmons' residence was based
largely on the July 23, 1990, testimony of M.J., who had been
engaged in a romantic relationship with Simmons and had lived with
him in his trailer for about four months.    M.J. testified that in
the second or third week of April, Simmons received a pistol in the
mail.    Shortly thereafter, M.J. saw him fire the gun at a nearby
shooting range.    According to M.J., Simmons usually kept the gun
"[i]n the back bedroom.    That's where he usually keeps it."    M.J.
reported that, "Last time I see it was in my suitcase."    Several
days before testifying, M.J. had moved out of Simmons' trailer.
She reported to the police that Simmons had assaulted her, and she
sought police assistance in obtaining her car keys from him.

Simmons argues that M.J.'s testimony was stale because it
described his possession of a gun almost four months prior to the
date of the search warrant hearing.    A search warrant must be based
on current information that supports a finding that probable cause

528

to search exists presently.  Snyder v. State, 661 P.2d 638, 646-47
(Alaska App. 1983).  The freshness of information is determined by
a flexible test, however -- one that takes into account not just
the raw passage of time but the totality of the circumstances of
each case.  Id. at 647.  Relevant considerations include the type
of crime involved, "the nature of the items sought[,] the extent of
the suspect's opportunity for concealment[,] and normal inferences
as to where a criminal would be likely to hide incriminating
articles."  Morrow v. State, 704 P.2d 226, 230 (Alaska App.
1985)(citing Snyder, 661 P.2d at 648)(omitting numbering).

Here, M.J.'s testimony described Simmons' receipt of a
handgun in the mail, his subsequent practice with the gun, and his
continued possession of it at home.  Although M.J. did not specify
when she had last seen the gun, she made it clear that she had seen
it on at least one occasion after Simmons fired it in mid- to late
April.  M.J.'s testimony described no circumstances indicating that
Simmons no longer possessed the weapon or that he kept it
elsewhere; her statement that Simmons "usually keeps" the gun in
his back bedroom suggests both continuity and currency.[1]

In issuing a search warrant, a magistrate has only to
determine whether there are reasonable grounds to believe that the
items to be searched for are at the premises to be searched, not

---

[1].    Professor LaFave cautions against reading too much into
imprecise time references: "the existence or nonexistence of
probable cause should not turn on whether the affidavit's verbs end
in 's' or 'ed.'" 2 Wayne R. LaFave, Search and Seizure § 3.7(b), at
92-93 (2d ed. 1987)(footnote omitted).  We view M.J.'s use of the
present tense "keeps" to be relevant, but not pivotal.  Cf. State
v. Davenport, 510 P.2d 78, 82 n.8 (Alaska 1973) (noting that courts
must interpret search warrant affidavits in a "commonsense and
realistic fashion").

-3-
Exc. 193

14529

that they are actually there. <u>Stuart v. State</u>, 698 P.2d 1218, 1222 (Alaska App. 1985). This court traditionally accords great deference to a magistrate's determination of probable cause and "must resolve doubtful or marginal cases largely by the preference to be accorded warrants." <u>Morrow</u>, 704 P.2d at 229. <u>See also</u> <u>Kvasnikoff v. State</u>, 804 P.2d 1302, 1306 (Alaska App. 1991). Considering the totality of the circumstances, we conclude that the issuing magistrate could properly find M.J.'s observations sufficiently fresh to support probable cause.

Simmons also maintains that M.J.'s testimony was false and that the warrant must therefore be suppressed under <u>State v. Malkin</u>, 722 P.2d 943 (Alaska 1986). Simmons' argument asserts no impropriety on the part of the police but involves alleged fabrication only by M.J., a private citizen. Simmons sets forth no argument or authority to support the conclusion that suppression would be appropriate in such a case, even assuming that a material false statement were proved. The state cites authority to the contrary. <u>See</u> 1 Wayne R. LaFave, <u>Search and Seizure</u> § 1.8(a), at 174-78 (2d ed. 1987). In any event, the superior court rejected Simmons' evidence of fabrication on credibility grounds. This ruling was not clearly erroneous. <u>See McLaughlin v. State</u>, 818 P.2d 683, 686 (Alaska App. 1991).

Simmons next claims that the trial court erred in allowing E.A., a rebuttal witness for the prosecution, to testify that in September of 1990 Simmons threatened her with a pistol that had been delivered to Simmons, at Simmons' request, by a friend of Simmons, Jose Manuel Herrera. The trial court admitted E.A.'s

530

Ex C.  194

1419

testimony over Simmons' objection that it was inadmissible under Alaska Rule of Evidence 404(b) and 403. On appeal, Simmons renews his claim that the testimony had no legitimate nonpropensity value and was in any event more prejudicial than probative.

Simmons' defense at trial, however, was that he had possessed the disputed handgun only fleetingly -- long enough to dispose of it by selling it to Herrera after Simmons received it in the mail. In support of this defense, Herrera testified that Simmons had sold him the gun in May of 1990; Herrera denied ever giving the gun back to Simmons. The state offered E.A.'s testimony to refute Herrera's testimony and to show that even if Simmons had in fact transferred physical possession of the gun to Herrera at some time, Simmons had never relinquished constructive possession of the gun, since it had always been at his beck and call. The trial court admitted the evidence but cautioned the jury that "you are not trying Mr. Simmons here today for any incidents that may have occurred, as to his guilt or innocence of any incidents that may have occurred in September of last year."

, Our review of the record convinces us that the trial court did not abuse its discretion in finding this evidence relevant to rebut Simmons' defense or in finding its probative value to outweigh its potential for prejudice. See, e.g., Adkinson v. State, 611 P.2d 528, 532 (Alaska 1980); McKee v. State, 488 P.2d 1039, 1040-41 (Alaska 1971).[2]

---

[2].    Simmons additionally argues that the trial court erred in allowing Herrera to be cross-examined about a pending criminal charge and in allowing witness Dalton Moss to testify that, toward the end of the summer of 1990, Simmons had given Moss a holster and (continued...)

531

Simmons separately claims that the trial court deprived him of the opportunity to raise the affirmative defense set out in AS 11.61.200(b)(3):

> (b)    It is an affirmative defense to a prosecution under (a)(1) or (2) of this section that
>
> . . . .
>
> (3) a period of five years or more has elapsed between the date of the person's unconditional discharge on the prior offense and the date of the possession, sale, or transfer of the firearm.

A review of the record, however, establishes that the court never deprived Simmons of the opportunity to raise this affirmative defense. Simmons simply did not attempt to raise it.[3] Moreover, the theory Simmons advances in support of his defense appears to have no legal merit. We find no error.

Simmons next contends that the constitutional provisions against double jeopardy[4] were violated by his convictions of two counts of misconduct involving weapons in the first degree. He asserts that because his possession of the .44 magnum handgun was continuous and his intent the same throughout, he could only be

---

(...continued)
some loose rounds of .44 caliber ammunition and had requested Moss to hold it for him. Simmons failed to object to this evidence below. We find no plain error. See, e.g., Post v. State, 580 P.2d 304, 308 (Alaska 1978).

[3].    In contending that the arrest and search warrants in his case had been issued without probable cause, Simmons obliquely asserted that he had been unconditionally discharged on his prior offenses more than five years previously. The record provides no indication that Simmons attempted to pursue this issue as an affirmative defense at trial.

[4].    U.S. Const. amend. V; Alaska Const. art. 1, § 9.

convicted and sentenced for a single count of misconduct involving weapons.

Simmons' argument appears to have merit. Simmons was charged with possessing the same handgun on two occasions during a three- to four-month period. It appears to be a well-settled proposition in felon-in-possession cases that the element of possession implies continuity: "Possession is a course of conduct, not an act; by prohibiting possession Congress intended to punish as one offense all of the acts of dominion which demonstrate a continuing possessory interest in a firearm." United States v. Jones, 533 P.2d 1387, 1391 (6th Cir. 1976). See also State v. Williams, 319 N.W.2d 748, 752 (Neb. 1982).

It is also well settled that a continuing course of conduct statutorily defined as a single crime cannot properly be charged as multiple crimes occurring at discreet moments in time. "The Double Jeopardy Clause is not such a fragile guarantee that prosecutors can avoid its limitations by the simple expedient of dividing a single crime into a series of temporal or spatial units." Brown v. Ohio, 432 U.S. 161, 169 (1977). Cf. Dawson v. State, 894 P.2d 672, 679 (Alaska App. 1995).

For this reason, courts have held that, when a defendant is charged with multiple counts alleging possession of the same weapon on different occasions, the state must bear the burden of

533

1419

-7-
Exc. 197

proving that the defendant's possession was not continuous.[5]   This
burden must be met by proof beyond a reasonable doubt.[6]

The state nevertheless argues that Simmons' double
jeopardy argument should be rejected because, in the present case,
evidence was presented at trial indicating that Simmons' possession
of the .44 magnum pistol on the two occasions charged -- in April
and in July of 1990 -- was interrupted by Simmons' sale of the
weapon to Herrera.   The state's argument suffers from two

---

[5].   See, e.g., United States v. Jones, 533 F.2d at 1391:

It is true that in the case at bar the
Government is claiming that Jones possessed
the pistol on three separate occasions, not
that continuous possession existed which has
been broken down into arbitrary time periods.
With equal propriety the Government might have
charged Jones with possession on more than
1100 separate days and obtained convictions to
imprison Jones for the rest of his life.   The
fact that the Government merely has proof that
he possessed the same weapon on three separate
occasions, rather than continuously for a
three-year period, should not dictate the
result that Jones could receive three times
the punishment he would face if continuous
possession for a three-year period were
proved.   There is no proof that there was any
interruption in the possession by Jones of the
weapon.

[6].   See, e.g., Webb v. State, 536 A.2d 1161, 1165 (Md. 1988):

[I]t may be that had Webb removed the weapon
from his actual or constructive possession, it
would be a separate violation when he
retrieved it and wore it again on his person.
And it may be that if it was shown that the
handgun involved in the first incident was a
different weapon from that involved in the
second incident, there would be two
violations.   But if any of these circumstances
were in fact so, it was incumbent upon the
State at trial to prove the circumstance
beyond a reasonable doubt.

shortcomings.   First, the claim of interrupted possession advanced by the state on appeal is at odds with the theory of prosecution it pursued below.  Below, Simmons raised his double jeopardy argument in the form of a pretrial motion to dismiss one of the two counts with which he was charged.   In response, the state argued that Simmons' motion was premature -- that "the proper remedy is merger after a determination of guilt."  At trial, even though evidence was presented indicating that the .44 magnum had at times been in Herrera's possession, the state took the position that transfer of actual possession had no effect on Simmons' constructive possession.

At the conclusion of trial, the jury was given instructions covering actual and constructive possession.   The instructions told the jury that Simmons could be convicted if it found either form of possession.   In arguing the state's case to the jury, the prosecutor specifically maintained that, even though at times Herrera may have had actual possession of the gun, the gun had always remained in Simmons' constructive possession:

> The conduct of Mr. Simmons throughout this time period is consistent with someone who owned, possessed and had dominion and control over a handgun. He had it sent to him in March, it got to him in April, he used it in April.  He used it in July.  He apparently misplaced it and was looking for it in July, or late June.  And then he tried to get rid of it, when he found out that it -- he might get in trouble for it.  He got rid of it, in the sense that someone else was holding onto it. He got rid of it in the sense that he gave it, or sold it to Mannie Herrera.  But it was still available to him, he still had control over it, because all he had to do was pick up the phone, and ask him to bring it over.  And use [it] for whatever purposes he wanted to use it.  And that happened in September.  And

-9-

*Exc. 199*

535

1419

that's consistent with Mr. Simmons possessing a gun.[7]

Thus, the theory advocated by the state at trial all but invited the jury to convict Simmons of both charges based on a single, uninterrupted course of illegal possession.

Second, and more fundamentally, although the evidence presented at trial might theoretically have supported a finding of interrupted possession, the jury was never required to consider or decide the issue. Because the instructions did not apprise the jury of the need to find that Simmons' possession of the .44 magnum pistol had been interrupted at some point between the first alleged offense and the second, the jury's verdicts left the issue unresolved. At this juncture, "[a]ny ambiguity must be resolved in favor of the accused." McDonald v. State, 872 P.2d 627, 660 (Alaska App. 1994). Cf. Dawson, 894 P.2d at 679. Accordingly, we conclude that Simmons' two convictions must merge.[8]

Simmons further asserts that the trial court erred in denying him a new trial based on alleged juror misconduct. At trial, Dalton Moss was called by the state to testify about the circumstances surrounding his possession of a holster and some live .44 caliber ammunition belonging to Simmons. According to Moss, Simmons had given him a rucksack containing the holster and

---

[7].    Later, on rebuttal, the prosecutor argued: "It's our theory, and my contention, that Mr. Simmons received the gun in April. He maintained possession of it all the way up until -- at least until September, when he used it to assault [E.A.]."

[8].    Upon remand, after giving the state the opportunity to elect the count on which it prefers to have judgment entered, the superior court should vacate the remaining conviction.

ammunition toward the end of the summer of 1990 and asked him "to hang onto it." Moss turned the rucksack over to the police after his wife decided that she did not want live ammunition in the house with children. Moss also testified that he had later talked to Simmons in the jail and "was led to believe that I was supposed to say he gave me this rucksack to sell[.]"

After trial, Simmons filed a motion for a new trial, alleging misconduct on the part of juror C.L. In response to Simmons' motion, the superior court conducted a thorough hearing. C.L. acknowledged that, sometime before the parties' final arguments, she had overheard Dalton Moss talking on the telephone. Moss had laughingly said "something to the effect that, he didn't say what he was going to say, instead he said everything [a] different way." During the jury's deliberations, C.L. indicated to the other jurors that she wanted to abstain from voting, saying that "there was a phone call which makes me wonder about [Moss'] testimony." The other jurors told C.L. not to inform them of the substance of that telephone call. C.L. made no further mention of the issue. The jury then resumed its deliberations, with C.L. participating.

Following the sentencing hearing, the superior court entered a written order concluding that, objectively viewed, the information overheard by C.L. had no effect on the jury's verdict. The court thus denied Simmons' motion. Our review of the record convinces us that the trial court did not abuse its discretion in reaching this decision. See Swain v. State, 817 P.2d 927, 930, 934 (Alaska App. 1991).

537

-11-

Em. 201

1419

Simmons lastly challenges his sentence. Our decision that one of Simmons' convictions must be vacated makes it unnecessary to consider Simmons' claim that his composite sentence is excessive. We must nevertheless examine his remaining sentencing arguments. Simmons maintains that the sentencing court erred in refusing to strike unverified information from his presentence report. Simmons' cursory discussion of this issue, however, constitutes an abandonment. See, e.g., Lewis v. State, 469 P.2d 689, 691-92 n.2 (Alaska 1970). Moreover, it appears to us that the information in the presentence report is adequately verified. See generally Evan v. State, ___ P.2d ___, Op. No. 1418 (Alaska App., July 14, 1995).

Simmons also maintains that the sentencing court erred in rejecting his two proposed mitigating factors: that his conduct in this case was among the least serious in its class and that his past and current offenses have resulted in consistently minor harm. AS 12.55.155(d)(9) & (d)(13). These arguments are meritless; the sentencing court's rejection of the proposed factors was not clearly erroneous. See Lepley v. State, 807 P.2d 1095, 1099 (Alaska App. 1991); Shaw v. State, 677 P.2d 259, 260 (Alaska App. 1984).

Simmons lastly contends that the imposition of maximum sentences was unwarranted in his case. Upon conviction, Simmons was subject to the presumptive term of three years specified for third and subsequent felony offenders convicted of class C felonies. AS 12.55.125(e)(2). The state proved two aggravating factors: that Simmons' prior criminal history included repeated

538

Exc. 202

instances of assaultive behavior and that Simmons had three or more prior felony convictions. AS 12.55.155(c)(8) & (c)(15). Based on Simmons' extensive criminal history, Judge Hanson characterized Simmons as "clearly one of the most dangerous people I've seen[,]" and found him to be "among the very worst offenders[.]" The sentencing record supports these findings; the findings, in turn, support Judge Hanson's decision to impose a maximum term. See, e.g., State v. Graybill, 695 P.2d 725, 731 (Alaska 1985). Having independently reviewed the entire sentencing record, we conclude that the sentence imposed below is not clearly mistaken. McClain v. State, 519 P.2d 811, 813-14 (Alaska 1974).

The conviction and sentence as to one of the two counts for which Simmons was convicted are AFFIRMED. As to the second count, the conviction must be VACATED. This case is REMANDED to the superior court with directions to amend Simmons' judgment of conviction accordingly.

539

Exc. 203

1419

THE COURT OF APPEALS OF THE STATE OF ALASKA

DAVID SIMMONS, )
)
Appellant, )   Court of Appeals No. A-4475
)   Trial Court No. 4BE-S90-902CR
)
v. )   MEMORANDUM OPINION
)
STATE OF ALASKA, )   AND JUDGMENT*
)
Appellee. )   [No. 3099 - March 22, 1995]
_____)

Appeal from the Superior Court, Fourth
Judicial District, Bethel, Dale O. Curda and
Niesje J. Steinkruger, Judges.

Appearances: Randall S. Cavanaugh, Kirk
Robinson Cavanaugh, P.C., Anchorage, for
Appellant. Kenneth M. Rosenstein, Assistant
Attorney General, Office of Special
Prosecutions and Appeals, Anchorage, and Bruce
M. Botelho, Attorney General, Juneau, for
Appellee.

Before: Bryner, Chief Judge, Coats and
Mannheimer, Judges.

COATS, Judge.

A jury convicted David Simmons of burglary in the first
degree, a class B felony, assault in the second degree, a class B
felony, assault in the third degree, a class C felony, and
misconduct involving weapons in the first degree (felon in
possession of a concealable firearm), a class C felony.
AS 11.46.300(a)(1); AS 11.41.210(a)(1); AS 11.41.220(a)(1);
AS 11.61.200(a)(1). Simmons appeals his convictions to this court.
We reverse.

_____

* Entered pursuant to Appellate Rule 214 and Guidelines for
Publication of Court of Appeals Decisions (Court of Appeals Order
No. 3).

Exc. 182 - Ex. #B
pp. 1-11

518

A:   I don't-- I don't recall because that's--
that's a long time.

Q:   Well, can you recall him phoning you and
asking you to bring the gun over and you
brought it over in a bag? And you he
[sic] borrowed it for a while and then
gave it back to you and you went home, do
you remember that occurring?

A:   I remember having it-- I-- I remember
having it in a bag, but -- I probably-- I
probably did bring it over, you know.
(indiscernible)

Q:   Yeah; it's not alleged that you
participated in the assault that occurred
that day, it's alleged that you did bring
the gun over.

A:   Yeah.

Q:   And then you took it away. Do you
remember that?

A:   Yeah, yeah.

Q:   Did David tell you he was going to scare
his girlfriend or . . .

A:   No, he didn't say anything like that, I
left in a hurry and, you know, I didn't
ask to stay over there.

Q:   Okay. Well, since . . .

A:   They were-- they were having an argument,
so . . .

Q:   They were having an argument?

A:   Yeah. I recall now they were-- they were
having an argument so -- but I-- I didn't
stay there, you know, about three or four
minutes and then I took off.

Q:   All right. So since it's now 4:06 in the
morning, we may contact you in the
future, get a little more details on

4

*3099*

Exc. 183

519

Herrera later test( ied at the grand jury pro( ding and recanted his original statement, claiming that he had never taken a gun to E.A.'s house for Simmons.

On appeal, Simmons claims that Superior-Court Judge Dale O. Curda erred in allowing the state to introduce Herrera's statement as evidence against him at trial. He contends that admission of this evidence violated the confrontation clause of the Alaska Constitution. Alaska Const. art. I, § 11. The state contends that the statement was properly admitted as a statement against interest under Alaska Evidence Rule 804(b)(3) which provides:

> (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (3) *Statement Against Interest*. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability, or to render invalid a claim by the declarant against another, that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement.

It is uncontested that Herrera was unavailable as a witness. Herrera asserted his right to refuse to testify under the Fifth Amendment to the United States Constitution and article I, §

---

this. But I want to thank you for your cooperation and your assistance.

*3099*

*Exc. 184*

520

9 of the Alaska Constitution.  In order to properly admit Herrera's statement, the state needed to show that at the time Herrera made the statement, the statement so far tended to subject him to criminal liability "that a reasonable person in the declarant's position would not have made the statement unless believing it to be true."  In addition, in order to pass muster under the confrontation clause, a hearsay statement is admissible against the accused only if it bears adequate "indicia of reliability."

> Reliability can be inferred without more in a case where the evidence falls within a firmly rooted hearsay exception.  In other cases, the evidence must be excluded, at least absent a showing of particularized guarantees of trustworthiness.

Ohio v. Roberts, 448 U.S. 56, 66 (1980) (footnote omitted).  See Hawley v. State, 614 P.2d 1349, 1358 (Alaska 1980); Charles v. State, 780 P.2d 377, 382 (Alaska App. 1989).

The state contends that Herrera's statement that he took the gun over to E.A.'s residence at Simmons' request was reliable.  By making this statement, Herrera subjected himself to potential criminal liability as an accomplice to Simmons' assault.  The state argues that Herrera would not have made such a statement unless it were true.

This court has previously dealt with declarations against penal interest.  In Linton v. State, 880 P.2d 123, 129 (Alaska App. 1994)(citing Lee v. Illinois, 476 U.S. 530, 544 n.5 (1986)), we noted that confessions of an accomplice that also implicate a criminal defendant do not fall under a firmly rooted exception to

Exc. 185

the hearsay rule.  In <u>Shakespeare v. State</u>, 827 P.2d 454, 459-60

(Alaska App. 1992)(footnote omitted), we stated:

> Indeed, we note that a strong argument
> has been made that all statements given during
> a police interrogation which implicate both
> the declarant and the accused should
> categorically be excluded from the statement
> against interest exception to the hearsay
> rule, because such statements always involve a
> great danger that the declarant may be
> motivated by an express or implied threat of
> prosecution or promise of leniency. J.
> Weinstein and M. Berger, 4 <u>Weinstein's
> Evidence</u> § 804(b)(3)[03], at 804-150 (1991).
> This is one factor that led the original
> drafters of Federal Rule 804(b)(4) to include
> the following clause in the statement against
> interest exception:
>
>> This exception does not include a
>> statement or confession offered
>> against the accused in a criminal
>> case, made by a codefendant or other
>> person implicating both himself and
>> the accused.
>
> <u>Id.</u> Eventually, this language was deleted
> from the rule on the basis that it was not
> needed, which, according to Weinstein, "means
> that the Rule should be interpreted to include
> this language." <u>Id.</u> at 804-151.

In the present case, Herrera, a potential accomplice to

Simmons' assault against E.A., made statements to the police that

were incriminatory to both Simmons and himself. However, there is

a substantial question whether these statements were against

Herrera's interest. Under the facts of this case it is possible

that Herrera was "motivated by an express or implied threat of

prosecution or promise of leniency." <u>Shakespeare</u>, 827 P.2d at 460.

Exc. 186

Assuming that Judge Curda could properly find Herrera's statement to be against his penal interest, following our reasoning in Linton, Herrera's statement does not fall under a firmly rooted hearsay exception and therefore must be buttressed by "particularized guarantees of trustworthiness" in order to meet the requirements of the confrontation clause.

> For purposes of determining whether "particularized guarantees of trustworthiness" exist in a given case, the totality of the circumstances must be considered, but "the relevant circumstances include only those that surround the making of the statement and that render the declarant particularly worthy of belief." Idaho v. Wright, 497 U.S. 805, 819 (1990). Evidence that is not intrinsically related to the circumstances in which a hearsay statement was made but merely corroborates the statement's truthfulness cannot properly be considered, since "the use of corroborating evidence to support a hearsay statement's 'particularized guarantees of trustworthiness' would permit admission of a presumptively unreliable statement by boot-strapping on the trustworthiness of other evidence at trial." Id. at 823.

Linton, 880 P.2d at 129. The Supreme Court's opinion in Idaho v. Wright makes it clear that the trustworthiness of Herrera's statement must be gauged according to the context in which the incriminating remarks were made. The statement cannot be credited simply because it meshes with the testimony of other witnesses.

We conclude that Herrera's statement did not have sufficient indicia of reliability to be admissible against Simmons under the confrontation clauses of the United States and Alaska Constitutions. There is good reason to question the reliability of Herrera's statement. Herrera made the statement after the

8

*3099*

police unexpectedly broke into his house at 4:00 in the morning while he was in bed unclothed with his girlfriend. Herrera may not have been entirely sober or awake. Herrera made his statements implicating Simmons in response to leading and suggestive questions by the police. Herrera's statements to the police were vague and somewhat contradictory. As we have previously stated, it is possible that Herrera was "motivated by an express or implied threat of prosecution or promise of leniency." Later, under oath, Herrera retracted the statements which he made to the police.

In setting out reasons to question the accuracy of the statements which Herrera made, we do not mean to imply any criticism of the police conduct in this case or to conclude that there is not a strong argument to suggest that Herrera told the truth when he stated that he took the revolver over to E.A.'s residence. The point is that there are substantial reasons to question Herrera's statements. In <u>Williamson v. United States</u>, 114 S.Ct. 2431, 2434 (1994), the Supreme Court stated:

> [O]ut-of-court statements are subject to particular hazards. The declarant might be lying; he might have misperceived the events which he relates; he might have faulty memory; his words might be misunderstood or taken out of context by the listener. And the ways in which these dangers are minimized for in-court statements -- the oath, the witness' awareness of the gravity of the proceedings, the jury's ability to observe the witness' demeanor, and, most importantly, the right of the opponent to cross-examine -- are generally absent for things said out of court.

In particular, the Supreme Court has recognized that the "truth-finding function of the Confrontation Clause is uniquely threatened

9

*3099*

$Exc. 188$

524

when an accomplice's confession is sought to be introduced against a criminal defendant without the benefit of cross-examination." Lee v. Illinois, 476 U.S. 530, 541 (1986).  See Bruton v. United States, 391 U.S. 123, 141 (1968); Douglas v. Alabama, 380 U.S. 415 (1965).

Herrera's statement to the police following their forcible entry into his home falls within a category of statements that do not have inherent guarantees of trustworthiness and that are admissible only if accompanied by significant indicia of reliability.  We conclude that Herrera's statement did not meet this standard and that it would violate the confrontation clauses of both the United States and Alaska Constitutions to admit this statement where Herrera was not subject to cross-examination.  The admission of Herrera's out-of-court statement at Simmons' trial was error.

The state has not argued that erroneous admission of Herrera's statement could constitute harmless error.  Since the error in question was a violation of Simmons' confrontation rights, we would have to find the error harmless beyond a reasonable doubt. See Chapman v. California, 386 U.S. 18 (1967).  It appears to us that Simmons' case was a classic example of Simmons' word against E.A.'s word.  Although there was evidence corroborating E.A.'s version of the facts, Herrera's statement that he brought the gun over to E.A.'s house at Simmons' request was a substantial piece of

evidence corroborating E.A.'s account.    It therefore does not

appear that the error would be harmless.[2]

The convictions are REVERSED.

---

[2]    Simmons contends that Judge Curda erred in failing to
dismiss the indictment.    However, Simmons has not designated the
grand jury transcript as part of the record on appeal.    He has
consequently waived this argument.    Simmons next contends that
Judge Curda erred in denying Simmons' motion to suppress in which
Simmons contended that the police illegally seized the firearm
during the search of Herrera's residence.    We conclude that E.A.'s
statements to the police provided probable cause for the magistrate
to issue a warrant for the firearm.    Simmons also contends that
Judge Curda erred in refusing to confer immunity on Herrera and in
refusing to dismiss the case.    See State v. Echols, 793 P.2d 1066
(Alaska App. 1990).    Such action by the court would only be
appropriate in extremely rare situations such as outlined in
Echols.    Simmons' case does not present such facts.    In addition,
Simmons contends that the state presented insufficient evidence on
the charge of assault in the second degree that he used a dangerous
instrument.    However, viewing the testimony in the light most
favorable to the state, a reasonable jury could conclude beyond a
reasonable doubt that the items which Simmons used to assault E.A.
were used as dangerous instruments.    See Dorman v. State, 622 P.2d
448, 453 (Alaska 1981).    Because we are reversing this case, we
find it unnecessary to reach the other issues which Simmons raises.

Exc. 190

52ß

NOTICE

*Memorandum decisions of this court do not create legal precedent. See Alaska Appellate Rule 214(d) and Paragraph 7 of the Guidelines for Publication of Court of Appeals Decisions (Court of Appeals Order No. 3). Accordingly, this memorandum decision may not be cited for any proposition of law, nor as an example of the proper resolution of any issue.*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | | |
|---|---|---|
| DAVID N. SIMMONS, | ) | |
| | ) | Court of Appeals No. A-7493 |
| Appellant, | ) | Trial Court No. 4BE-96-67 CI |
| | ) | |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| STATE OF ALASKA, | ) | AND JUDGMENT |
| | ) | |
| Appellee. | ) | [No. 4509 — December 5, 2001] |
| | ) | |

Appeal from the Superior Court, Fourth Judicial District, Bethel, Mark I. Wood, Judge.

Appearances: David N. Simmons, *pro se*, Florence, Arizona, for Appellant. Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: Coats, Chief Judge, and Mannheimer and Stewart, Judges.

STEWART, Judge.
MANNHEIMER, Judge, concurring.

The superior court dismissed David N. Simmons's application for post-conviction relief. Simmons advances several reasons why we should reverse the superior court's order, but after reviewing the record, we conclude the superior court did not abuse



Ex. #C pp. 1—9

as a declaration against interest, and we concluded that the statement did not have sufficient indicia of reliability.[6]

Simmons was convicted on all counts at a re-trial before Superior Court Judge *pro tem* Mark I. Wood. However, this time Simmons did not appeal his reconvictions. Simmons did file an application for post-conviction relief that raised several claims. First, he claimed his trial counsel for the *first* trial was ineffective for failing to take an expedited appeal when Superior Court Judge Dale O. Curda (who presided over Simmons's first trial) denied Simmons's peremptory challenge. Second, he claimed his re-trial violated the prohibition on double jeopardy because Judge Curda denied his peremptory challenge before the first trial, this mistake was not cured, and he faced a retrial when the case was reversed. Third, he claimed this court's decision in *Simmons v. State*[7] precluded the State from re-trying him in this case. Fourth, he claimed the superior court erred in failing to dismiss the indictment. And fifth, he claimed his speedy trial rights were violated because of the delay in the proceedings due to Judge Curda's failure to grant the peremptory challenge before the first trial.

In this appeal, Simmons's arguments have evolved from those he made in the superior court, and the arguments in some of his briefing are difficult to follow. However, after reviewing Simmons's pleadings in the superior court, the superior court's rulings, and his briefing in this court, we address the claims that we understand he is raising here.

Many of Simmons's present claims arise from *before* his first trial in this case. As we discussed above, Judge Curda did not grant Simmons's peremptory challenge before

---

[6]    *Simmons v. State*, Memorandum Opinion and Judgment No. 3099 at 6-10 (Alaska App., March 22, 1995).

[7]    899 P.2d 931.

– 3 –

should have dismissed the indictment. We concluded that Simmons had waived his attack on the indictment because he did not designate an adequate record.[12]   Because Simmons's attack on the indictment was an issue that he raised and we rejected in his direct appeal from his first trial, the law-of-the-case doctrine bars reconsideration of the issue.[13] Furthermore, to the extent that Simmons could relitigate this issue, he is barred by AS 12.72.020(a)(2) from raising that issue in an application for post-conviction relief if it was an issue that he could have raised in a direct appeal. And, Alaska Rule of Criminal Procedure 35.1(b) provides that post-conviction relief "is not a substitute for ... direct review of the sentence or conviction."

Next, Simmons argues that the court should have dismissed his case because of the purported nondisclosure of a bargain between the State and a witness against Simmons. However, it does not appear that Simmons raised this issue in the trial court, and Judge Wood did not address this claim. Accordingly, this issue is waived.[14]   Moreover, as the State notes, "any error in the purported nondisclosure of the agreement prior to Simmons's first trial was rendered harmless by his obvious awareness of it before his retrial [in September 1995]." Simmons knew of an agreement because the witness was cross-examined about its existence.

Simmons also appears to claim that he should receive post-conviction relief under a theory that the State deliberately caused the reversal in this case, and therefore, Simmons's re-trial violated the prohibition on double jeopardy. Simmons appears to claim that the State offered inadmissible hearsay evidence in the original trial and then conceded

---

[12]   *Simmons*, Memorandum Opinion and Judgment No. 3099 at 11 n.2.

[13]   *See Smith v. Cleary*, 24 P.3d 1245, 1248 (Alaska 2001).

[14]   *See Chugach Elec. Ass'n v. Lewis*, 453 P.2d 345, 349 (Alaska 1969).

– 5 –



But Simmons bears the burden of proof in an application for post-conviction relief.[19] Because Simmons bears this burden, he does not receive the benefit of any doubt. It is apparent from our examination of the record that the evidence could support a finding of a separate possession of the gun in September 1990 and, thus, Judge Wood could reasonably conclude that Simmons's application did not allege a prima facie claim based on double jeopardy, collateral estoppel, or issue preclusion.

Moreover, Simmons could have appealed this issue after his retrial, but he did not. Because Simmons could have raised these claims in a direct appeal from his retrial, he was barred from raising the claims in an application for post-conviction relief.[20]

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

[19] AS 12.72.040; Alaska R. Crim. P. 35.1(g).

[20] AS 12.72.020(a)(2).

– 7 –



told Simmons that this claim should be raised in a post-conviction relief proceeding under Criminal Rule 35.1:

> *The Court*:  [That double jeopardy issue] is a post-conviction relief matter, Mr. Simmons.  You raised that [claim] before trial, ... and that issue can be raised in your [Rule] 35.1 application.  That's where it should be raised.  ...

It appears that Simmons may have relied on this erroneous advice when he decided not to pursue this double jeopardy claim on direct appeal, but rather to pursue the claim in a petition for post-conviction relief — a petition that normally would be barred under AS 12.72.020(a)(2) (because the double jeopardy issue could, in fact, have been raised on appeal).

For this reason, I conclude that this court should reach the merits of this particular double jeopardy claim.  That being said, I agree with the majority opinion that this claim has no legal merit.

I therefore join my colleagues in affirming the superior court's dismissal of Simmons's petition for post-conviction relief.

4509