DAVID SIMMONS
031806
CCA/FCC CORR. CTR.
P.O. BOX 6200
FLORENCE, AZ 85232

**RECEIVED**

MAY 1 0 2006

CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALAKSA

DAVID SIMMONS,
          Petitioner,

                              Case No. F03-0013 CV(RRB)

          v.

                              MOTION FOR SUMMERY JUDGMENT
FRANK LUNA,
          Respondent. /
_____

          PETITIONER DAVID SIMMONS, HEREBY Moves For Summery Judg
-ment against Respondent, And in support thereof states:

     1. There is no genuine issue as to a material fact, which
establishes that petitioner is  entitled to judgment as a matter
of law. Specifically the undipusted facts establish  that, the
theory of prosecution in Case 4BE-S90-552Cr. was inconsistent with
the Grandjury theory charging a two count returned indictment for
Misconduct Involving Weapons (the same handgun).

     2. That the theory of prosecution went beyond the time frame
of the October 5th, 1990 Grandjury two count indictment, extend-
ing the period of time of the course of conduct to that of Sept.
26th,  1990, (when the police seized Mr. Herrera's 44.Cal. pistol.

                              2.

3. That petititoner was denied proper notice as to what he was charged with; and,

4. That petitioner was denied the right to be free from being tried three times for the same offense in case 4BE-S90-552 Cr. and -S90-902Cr. in that the state "carve a possession into se -parates offenses."

6. That there is no genuine issue as to a material fact which establish that petitioner is entitled to judgment as a matter of law, in that the structural defect within the proceedings generat -ted by counsel's admitted ignorance violated petitioner's substan- tsive and constitutional rights to due process;

7. That the State's silence in the face of petitioner's objec -tion, was then, and continues to be, manifest evidence that the state acquiesced in the violation of petitioner's substantive and constitutional due process. and that under this circumstance double jeopardy precluded a second trial.

8. that the state conceded that judge curda had been validly and timely perempted; and that the only remedy to a non-judicial noticed peremptory challenge is to seek review through App.Ct.R. 216(a)(2).

9. That Ms. Brennan's failure to pursue judge curda's non- judicial notice peremptory challenge via App.Ct.R. 216(a)(2) con- stitute ineffective assistance of counsel.

10. And that there is no genuine issue as to a material fact which establish that petitioner is entitled to judgment as a matter of law, in that the State Of Alaska unconstitutionally withheld its contingency agreement and but for state misconduct, the out come of the trial would have been different.

11. that the trial court's dismissal for failure to state a claim upon which relief could be granted was clearly erroneous and its dismissal was an abuse of discretion.

12. That there is no genuine issue as to a material fact which establish that petitioner is entitled to judgment as a matter of law, in that the Indictment in case 4BE-S90-902Cr. failed    to charge a crime.

13. That the witness recanted and explained why she had lied;

14. that the Appellate Court's dismissal of the issue as having been waived    constitutes an abuse of discretion.

15. This Motion is based on the pleadings on file in this case and on the **MEMORANDUM, AFFIDAVIT, AND EXHIBITS,** in support of this Motion, attached hereto.

16. Because there is no just reason for delay of entry of final judgment as to petitioner, the court may direct the entry of final judgment against Respondent.


　　　　WHEREFORE, PETITIONER Respectfully request This Court to enter Summary Judgment in this favor with an award of costs to petitioner.

This 2nd Day Of May 2006.

David Simmons, Pro Per

4.

## THE ALLEGATION
## DOUBLE JEOPARDY

1. Upon probable cause to search petitoner's residence, pe-
titioner was arrested and charged with Misconduct Involving Wea-
pons-in the absence of actual physical evidence of a handgun , on
July 23rd. 1990. Case 4BE-S90-552Cr.

2. On Sept. 26th, 1990, the police seized Mr. Herrera's
Handgun from his residence and charged petitoner with excercizing
un-interrupted dominion and control over it.

3. The state charged petitioner with possessing the same hand
-gun  three times in two separate indictments. for the same period
of time. Cases 4BE-S90-552Cr. and -S90-902Cr.

4. In hindsight, the state modified its theory of prosecution
in order to connect together the two count indictment-S90-552Cr.,
with the subsequent four count indictment-S90-902Cr.,  with  re-
spects to count iv, as a single un-interrupted criminal episode
or course of conduct.

5. The State delib[erately] created ambiguity by inviting the
jury in case 4BE-S90-552Cr. to convict onboth counts charged (i.e
. April/May and July, 1990),  on an inconsistent theory not prose
-cuted; but none-theless,  one upon which it had asked the grand-
jury to return a two count indictment.

6. In case 4BE-S90-552Cr. the prosecutor told the jury  that
all petitioner had to do was pick up the phone and order up the
handgun to be delivered like a pizza. the prosecutor went on to

-5-

propose that petitioner always exercized dominion and control over
the handgun, even if he had sold it. extending the un-interrupted
possession beyond the time frame of the Oct. 5th, 1990 Indictment.
eventhough at the time of petitioner's arrest in July, no claim of
dominion and control over the handgun could be argued under a the
-ory of a continuing course of conduct, because no subsequent act
of misconduct involving weapons could be claimed to have    taken
place; although at the time of the indictment, the state could
have presented such a theory before the Oct. 5th,  1990 grandjury
but chose not to.


                          UNDISPUTED FACTS


    1. During the latter part of July, 1990, Petitioner was arres
-ted for Misconduct Involving Weapons, pursuant to Alaska  Statute
11.61.200(a)(2). **Ex.** #1. **Simmons v.** State, 889 P.2d 931 (Ct.App,.1995).
    2. The October 5th,1990, grandjury returned Indictment, charg
-ing two counts of misconduct involving the same handgun, respect
-stively, on or about April/May and July 1990. Case 4RR-S90-552Cr.
Ex.    # 1. Supra.. Appendix 1, p. 1.
    3. During pretrial motions practice, petitioner raised a dou-
ble jeopardy bar, claiming that the indictment was open ended. **EX.**
    #1. Supra. . Appendix 1, p.1.
    4. The prosecution responded by indicating that upon conviction
the counts would merge.**Ex.**    # 1. Supra. Appedix 1, p. 1.

                               6.

5. On November first, 1990, the grandjury returned a four count Indictment charging petitioner with misconduct involving the same handgun and third degree assault within the same time period as advocated by the state in its theory of prosecution in case 4-BE-S90-552Cr., in addition to first degree burglary and second de-gree assault. Case 4BE-S90-902Cr. **Ex. # 2. Simmons v.** State, **A-4475**

6. In the trial of case 4BE-S90-552Cr. the state proposed that even though petitioner had sold his handgun to Mr. Herrera, he re-tained dominion and control over it; and that it wished to offer E.A.'S testimony about a third degree assault against her person in order to contradict Mr. Herrera's assertion that he never re-turned the handgun to petitioner after its pruchase; to establish petitioner's knowledge of possession of the handgun on Sept. 3rd. or 4th.,1990; and that he had continuous possession of the handgun from April/May and thoroughout Sept. 1990. **Ex. # 1. Supra.** .

7. Petitioner objected to the state's relevancy argument as being irrelevant in context of its two count indictment. **Ex. #3. Transcription** . Appendix 3, p. 20.

8. After petitioner's december 1991 conviction in case 4BE-S90-552Cr., he was tried and convicted again in case 4BE-S90-902Cr.

9. On Appeal in case 4BE-S90-552Cr. the Court Of Appeals ruled that the state's modified theory of a continuing course of conduct became the law of the case. and ordered that the defendant be re-sentence on a single count- to be selected by the state. **Ex. # 1,Supra.** . **Appendix 1,** p.1.

10. On Appeal in case 4BE-S90-902Cr. The Court reversed because the trial court refused to allow Mr. Herrera to testify in behalf

of petitioner, eventhough the state called him before  the grand-jury at which he testified; and he testified at trial in case 4BE-S90-552Cr. in behalf of petitioner, explaining in both proceedings, that the police had forced him to incriminate petitioner;[2]  instead, the trial ocurt permitted the state to select that part of Herrera's out of court inconsistent hearsay statement implicating petitioner in criminal wrong doing to be admitted without cross-examination. **Ex.     # 2.** Supra. Appendex 2, p. 9.

**11.** On retrial in case 4BE-S90-902Cr., in 1995, the state pro-pose to prove that petitioner's sale of the handgun constituted a break in possession, after having successfully argued that, even though petitioner had soled his handgun, he retained dominion and control over it, constuctively, from April to September 26th, 1990. **Ex. #4. Simmons v. Sta**te, Ct.App.No. A-7493 . Appendex 4, p. 37.

12. Petitioner argued that the Court Of Appeals's decision in case 4BE-S90-552Cr. foreclosed retrial of the misconduct involving weapons charge under the law of the case doctrine, and  that peti-tioner could not be retried for any conduct occurring between April and Sept. 1990;, for which he had been convicted in case 4BE-S90-552Cr. **Ex.    #4. Supra.     .**

13. On Sept. 29th,1998, petitioner submitted his Motion For Sum-mery Judgment[3] and the trial court refused to consider it. Ex. **#5 Motion For** Summery **Judgement,** Sept. 29th,1998. Appendex 5, p. 46.

----

[1]

   Petitioner was never brought before the court for resentence

[2]

   In order to support the state's theory of constructive posses-sion.

14. On March 15th,1999, the trial court issued its **Memorandum Opinion** based upon attorney Sidell's motion,[4] and concluded that because the jury were given conflicting instructions, it was uncertain from the record whether the jury had based its verdict on the state's constructive un-interrupted theory. the trial court quoted the Court Of Appeals's reasoning in its collateral estopple analysis, as to whether the third prong was necessarily decided in the first trial; finding that the jury verdict left the issue unresolved, deem this fact fatal to Simmons's argument on issue preclusion. **Ex.# 6. Memorandum** Decision, -96-67CI. Mar.15,1995.

15. Petitioner requested that counsel's motion be stricken from the record and that the court consider petitoner's **Motion For Sum -mery Judgment**, filed Sept. 29th, 1998. Case 4BE-96-67CI. **Ex. #5** Supra.          , Appendex, **5, p. 46.**

16. The Appellate Court accepted the trial court's findings and the state Supreme Court refused to entertain petitioner's **Petition For Review.**

### MEMORANDUM OF LAW
### DOUBLE JEOPARDY

**TIME AS AN ELEMENT OF THE CHARGED CRIME**

Under the indictment in case 4BE-S90-552Cr. petitioner was

---

3
  On appeal the Appellate Court viewed those claims on petitioner's Summery Judgment Motion superficially without legal analysis.

4
  Mr. Scott J. Sidell, did not represent petitioner.

charged with two counts of possessing the same handgun, he may
be convicted of the same firearm only if:(1) he possesses the wea
-pon; (2) he is aware that his possession of the weapon has been
interrupted; and (3) he thereafter reacquires possession of the
weapon himself. **United States v. Horodner**, 993 F.2d 191, 193 (9th
Cir.1993); **United States v. Jones**, 553 F.3d at 1387 (cit. omit.)
i.e., if the government can produce evidence demonstrating that
the firearms were stored or acquired separately and at different
times or places, **Horodner**, Id. at 193. (a new possession separate
-ly chargeable, could begin if possession was interrupted.); How-
ever, the state argued that petitioner did not store nor reacquire
the handgun at different times and places to constitute a break
in possession. **United States v . Cann**, 732 F.2d 714, 721 (9th Cir
1984). Ex. # 3. Supra. **Appendex 3, p**. 20.

   In multi-counts, inchoate offenses charging the same statutory
violations, each count must have occurred before the return of the
indictment and within the statute of limitations, and be separate
from each other by "time and place". Here, time is a material ele
-ment which distinguish each charge from the other. **United States
v . Kerr**, 439 F.2d 689 (9th Cir. 1971); **United States v.Frankenber
ry**,  696 F.2d 239 (3rd. cir.1982); **Laykin v.  United States**, 886
F.2d at 1544 (9th Cir.1989); **United States v. Covington**, 411 F.2d
1087 (9th Cir. 1969). "to be sure, a difference unnoticed in a
theory of a continuing course of conduct.

   Under the law of of this circuit, an arrest terminates posse-

ssion.. United States v. Robbin, 579 F.2d 1151 ,1154 (9th Cir.1979)
; United States v. Baker, 850 F.2d 1365, 1369-70 (9th Cir. 1988);
Horodner, (cit. omit) supra; United States vc. Conely, 291 F.3d 4
64 (7th Cir. 2002), however, the state argued that neither peti-
tioner's arrest nor his sale of the 44. Cal.pistol teminated his
possessory interest, because he retained "un-interrupted control
over the handgun (albeit, constructively) beyond the time frame of
the two count (open ended) indictment"; asserting that E.A.'S tes
-timony would not only contradict Mr. Herrera's testimony, but de
-monstrate petitioner's knowledge of possessing the same handgun
on or about Sept. 3rd. or 4th,1990. Ex.___ #3. Supra._____

However, under the two count Indictment, charged in -S90-552Cr.
Appendex 3, p. 20.
E.A.'S testimony in rebuttal was not probative of a material fact
within the context of the grandjury theory. (facts are elements of
a crime charged) Jone v. United States , 119 S.Ct. 1215, 1219 (19
99); United States v. Laykin, (cir. omir) supra.; Harris v. United
States,  122 S.Ct. 2406 (2002); United Stsates v. CEcil, 608 F.2d
1294 ,1296 (9th Cir.1979): Krana v. United Staes, 546 F.2d 785,
776 (8th Cir.1978).

After successful convictions in case 4BE-S90-552Cr. on both
counts, it proceeded to try petitioner in case 4BE-S90-902Cr. on
counts three and four. i.e. third degree assault and misconduct
involving weapons on an inconsistent theory. viz; "interruption."
; arguing that the sale of the handgun terminated petitioner's
possession (and by implication his July arrest also terminated po
ssession); the state now contends, that petitioner's subsequent

11.

conviction, under an inconsistent theory for the same conduct would not offend the principles of double jeopardy.

The multiplicity indictment in case 4BE-S90-552Cr. was not merely limited to the charge of misconduct involving weapons between April through July, however, because the theory of prosecu -tion advanced by the state, extended the course of conduct to Sept. 26th,1990.; It did so by proclaiming that petitioner's sale of the handgun, in May or June, did not deprived petittioner of a possessory interest, in that he continued to exercise "un-inter -rupted dominion and co[ntrol] over the 44.Cal. pistol, up to and until the police seized it, on Sept. 26th, 1990.

Pursuant to the state's advocacy, "all of the acts of possess -ion, were 'inextricably intrinsic', within the 'un-interrupted course of conduct.' "; and simply because an act of possession was made the subject of a separate indictment, did not make it an in -dependent crime. **United States v. Aleman**, 592 F.2d 881,885 (5th Cir. 1979). See the Section on **Multiplicity Indictment**, Infra.

### THE AMBIGUITY CREATED BY THE STATE'S INSTRUCTIONAL ERROR WAS NECESSARILY DECIDED.

"The government may proceed in a single prosecution on in -consistent theories, but the double jeopardy clause's prohibition against successive prosecution prevents the government from retry -ing a defendant on a theory inconsistent with an earlier

judgment of conviction or acquittal." United States v. McLaurin, 57 F.3d 823, 826-27 (9th Cir. 1995).

The ambiguity created by the state's erroneous instructions for which the jury returned convictions on both counts, invited by the state, was necessarily resolved. the jury did not follow the proper instructions, United States v. Olana, 113 S.Ct. 1770 , 1781 (1993), Quoting Richardson v. Marsh,107 S.Ct. 1702(1987) ("We presume that jurors, conscious of the gravity of the task , attend closely the particular language of the trial court's in-stru[ctions] in a criminal case and strive to understand, make sense of and follow the instructions given them.").

In this case the state gave an erroneous instruction "telling the jury that it could find the defendant guilty of both counts charged in the indictment," but, under an inconsistent theory not presented to the grandjury which indicted the defendant; and extended beyond the time frame of the indictment.

As in McLaurin, the government argued that the third prong of the collateral estoppel doctrine had not been met. However, in McLaurin, the court noted that the Supreme Court has recongnized that for double jeopardy purposes acquittals may be expressed or implied. the jury was instructed that they could find the defendant guilty of one count but not both. here too, the court of appeals ruled that petitioner could only be convicted for a single count.

> "The federal courts have held where two vio
> -lations of the same statutory prohibitions
> are charged, and there is no issue as to the
> unit of prosecution under the statute (cit.
> omit)- the question raised by the plea of dou-
> b le jeopardy is simply whether the two prose-
> cutions relate to the same conduct."

**Sanchez  v. United States,** 341 F.2d 225 (9th Cir. 1956); **Arnold v.**

**United States,** 336 F.2d 350 (9th Cir.1964). Or, "Whether proof

of the  matter set out in a second indictment is admissible as

evidence under the first indictment and, if it is, whether a con

-viction could have been sustained on such evidence." **Morgan v.**

**Devine,** 35 S.Ct. 712, 715 (1915). See  **Bell v. United States,** 349

U.S. 81 (1955).

Here, in case S90-902Cr., the matter set out in the second in

-dictment (-S90-902Cr.) was admissible as direct evidence under

the first indictment, pursuant to its theory of prosecution.


On Appeal in case 4BE-S90-552Cr., the Appellate Court agre

-ed that the indictment as pleaded, amounted to a single count and

eliminated the double jeopardy problem by striking one of the two

counts.

However, the Court on review of petitioner's Post-Conviction

Relief Application, refused to find that Judge Woods had erred in

adopting its determination that:

14.

"Second,  and more fundamentally, although
the evidence presented at trial might theore-
cally have supported a finding of  interrupted
possession, the jury was  never required to
consider or decide the issue. because  the in-
structions did not apprise the jury of the
need to find that Simmons's possession of the
.44 magnum pistol had been interrupted at some
point  between the first alleged offense and
the second,  the jury's verdict let the issue
unresolved. ......"

Id. at 889 P.2d 931, 937 (Ak.Ct.App. 1995).

Judge Woods went on to find that:

"Since the third prong of the collateral
estoppel analysis requires that the issue in
question be  necessarily decided in the first
trial , the court of appeals findng that the
verdicts in case 4BE-S90-552Cr. left the issue
unresolved is fatal to Simmons's argument on
issue preclusion."

**MEMORANDUM DECISION** (4BE-96-67CI. 3/15/99).

It is clear from the above quotes, that the Court Of Appeals

1 5.

was unwilling to extend the law of the case to preclude a second
prosecution for the same conduct, encompassing the same elements
and period of time; which directly conflicts with the principles
of law cited in Jones, (cit. omit) supra. "that the prosecutor
may not arbitrarily carve a possession into separate offenses."
id. at 553 F.2d 1387,1391 (6th Cir.1975).


     In McLaurin, (cit. omit), supra, the Court held that be-
cause the defendant cannot be guilty of both offenses, on incon
-sistent theories, a finding of one implies an acquittal on the
other. similarly in this case, a finding of "un-interrupted pos
-session from April to Sept. requires a finding of implied acqu
-ittals of mulple same statutory violations, where there is no is-
sue  as to the unit of prosecution, on a theory inconsistent with
the theory of prosecution. i.e. a continuing course of conduct.
additionally, it denies due process. Shappard v. Ress, 909 F.2d
1234, 1237-38 (9th Cir. 1989)(directing a verdict for the prosecu
-tion in a criminal trial by jury is an err that necessarily ren
-der a trial fundamentally unfair. Rose , at 478 U.S. at 577;
Carella v. Ca. 109 S.Ct. 2419,2420 (1989); United States v. Men
-doza, 11 F.3d 126,128 (9th Cir. 1993).


     In McLaurin,  the Court held that because the government
created  ambiguity , the doctrine of Lenity applied in favor of
the defendant.
     Had the jury been properly instructed, it is presume it would
have followed its instr[uction] Olana, supra, and reached the same

16.

decision as the Court Of Appeals under the law of the case. There
is necessarily, an implied acquittal, because the two theories
are inconsistent, the finding of one, necessarily decide the
other implicitely. Here, the prosecution theory in -S90-902Cr.
negated its theory in-S90-552CR. **Thompson v. Calderon**, 120 F.3d
1045,1049 (9th Cir. 1997);

> "The prosecution's theories of the same
> crime in the two different trials negate one
> another. They are totally inconsistent. This
> flip flopping of theories for the offense was
> inherently unfair. Under the peculiar facts
> of this case the action by the prosecutor vi
> -olate the fundamental fairness essential to
> the very concept of justice. **Lisenba v. Cali
> -fornia**, 314 U.S. 219, 86 K.Ed. 166,62 S.Ct.
> 280 (1941). However, it makes no sense to
> say that only Campbell's due process rights
> were violated by the inconsistent theories.
> .... This is especially true in this case
> because the fingerprints, blood tests, and
> a witness linked Campbell and not Drake to
> the crime. That evidence is highlighted by
> Campbell's subsequent recantation,
>
> The state cannot divide and conquer in this
> manner. Such action reduce criminal trials to
> mere gamesmanship and rob them of their sup
> -posed search for truth. In prosecuting Camp
> -bell and not Drake for the murder of Mr.
> Eberhart, the prosecutor changed his theory
> of what happened to suit the state. This dis-
> tortion rendered Henry Drake's trial fundamen
> -tally unfair.

Citing **Drake v. Kemp**, 762 F.2 at 1479 (Clark, J., Concurring).

The creation of an issue (ambiguity) that would not have

17.

otherwise existed , but for state action,  directing the jury to convict on both counts in case -S90-552Cr., on a theory not pro-secuted. **Shappard** v. **Ress**, (Cit. Omit) supra. , was intended to ambush petitioner and deny a fair trial; couple with the seccessive prosecution for the same offense in case 4BE-S90-902Cr. was vendictive.

There was but a single course of "un-interrupted possession, from  April to Sept. 26th ,1990." This is the position of the state, and the Court Of Appeals held it to be the **Law Of The Case.**

### MULTIPLICIY INDICTMENT

The Oct.5th ,1990,  Indictment in case 4BE-S90-552Cr. was multiplicitous and open ended. The indictment charged on or about April /May as the first count but did not specify its termination date; as to the second count,  the alleged act was contained with in the time fram e of the first count. the Court Of Appeals agreed; but refused to extend its holding to reach the act of possession alleged to have occurred on Sept.3rd. or 4th , 1990,though the **Law Of The Case** necessarily included all of the acts of possessions within the time frame of the first count in case 4BE-S90-552Cr., because,there was  one un-interrupted possession from April to Sept.

18 .

"Because petitioner was charged with less than all of the acts of possession in a single indictment, did not make the sub
-sequent allegation of alleged misconduct, "other acts", separate and independent crimes, merely because they are made the subject of separate indictments.U.S. v. Walker, **148** F. 3d 518,528 (5th Cir. 1998); **United States v. Soliman**, 813 F.2d at 279, under the theory of the case, E.A.'S testimony was substantive evidence; and successive prosecution for the same conduct was proscribe by princi
-les of double jeopardy, issue preclusion, collateral estoppel , judicial estoppel, and res judicate. **Ex. Summery Judgment (1998)**.

Acts constituting a course of conduct are not punishable se
-parately if the Legislature intends to punish the course of con-duct. **United States v. Horodner**,993 F.3d 191,193 (9th Cir.1993); "where there is no proof that possession of the same weapon is in
-terrupted, the government may not arbitrarily carve a possession into separate offenses. **United States v. Jones**, 552 F.2d at 1391 (6th Cir. 1976); **United States v. Jones**, 403 F.3d at 606(8th Cir. 2005).

The state advocated that petitioner exercised "un-interrupted dominion and control over the handgun beyond the time of the alle-gation within the terms of the indictment, thus extending posse-ssion to Sept. 26th,1990. It modified its theory of interruption charged in its Oct. 5th,1990, two count indictment, in case 4BE_S90-552Cr.

In the state's case in chief, case 4B-S90-552Cr., it intro
-duced evidence that in an unrelated investigation, (the arrest
of petitioner on Sept. 26th, 1990, for Burglary in the First De-
gree and Second Degree Assault, case 4BE-S90-902Cr.) the police
learned that Mr. Herrera possessed a handgun similar to the one
sought during petitioner's July arrest.

The police testified that according to E.A. Mr. Herrera brough
the handgun to petitioner at his request on or about Sept. 3rd. or
4th,1990, at which time he pointed the weapon at her person and
returned the handgun to Mr. Herrera.

The police obtained a warrant and seized Mr.Herrera's handgun
on Sept. 26th, 1990.

In rebuttal the state offered  E.A.'S testimony as Evi.R.404
(b) evidence, under the standard of Ev.R. 104(b) "evidence suffi-
cient to support a finding," and the judge instructed the jury
that petitioner was not being  tried for the Sept.3rd. or 4th,1990
alleged act of possession in case 4BE-S90-552Cr. but that the al-
legation, "if sufficient to support a finding that the act occurr
-ed and that petitioner was the actor", you may further infer that
if petitioner possessed the handgun on or about Sept. 3r.d or 4th
1990, he did so knowingly.

The significants of the theory of a continuing course of con-
duct enables the prosecutor to consolidate both indictments with
the end results of trying petitioner in case 4BE-S90-552Cr. for
third degree assault and misconduct involving weapons alleged to

20.

have occurred on or about Sept. 3rd. or 4th, 1990, charged in-S90
-902Cr.; Its introduction as 404(b) evidence was disingenous and
unconscionable.

Recognizing that the jury could not, as a matter of law,
find petitioner guilty on both counts, for the reasons that the
indictment (-S90-552CR.) was open ended, the Court Of Appeals de-
termine that the theory of a continuing course of conduct would
bring the conflict in theories and jury instructions to a proper
resolution in conformity with the evidence.

However, this cosmetic solution is problematic when considering
the fact that petitioner was not charged in case 4BE-S90-552Cr.
with 3rd. degree assault and misconduct involving weapons for
which he was "actually convicted as charged in case 4BE-S90-902Cr."
, rather than for possession of a handgun between April and July
"for which he was actually arrested on July 23rd. 1990, and in-
dicted on Oct. 5th, 1990." **United States v. Tsinhnahijinnie**, 112
F.3d 988, 992(9th Cir. 1997).

The reasoning underlying the introduction of E.A.'S testimony
as rebuttal evidence (circumstantially, i.e. as 404(b) evidence)
is inconsistent with the theory of prosecution because the Sept.
3rd. or 4th,1990, allegation is simply one more "act of possession
within a continuous exercise of dominion and control en-

21.

compassing the spand of time convering the periods of April and
extending to Sept. 26th, 1990. Because the prosecutor did not
charged petitioner with all of the acts of possession encompass-
ing its theory of prosecution, did not make the remaining acts ":
other act evidence, as a separate charge because it is the sub-
ject of a separate indictment."

> "Simmons's argument appears to have merit.
> Simmons was charged with possessing the same
> handgun on two occasions during a three to
> four month period. It appears to be well-set-
> tled proposition in felon-in-possession cases
> that the element of possession implies contin
> uity:"possession is a course of conduct , not
> an act; by prohibiting possession Congress in
> -tended to punish as one offense all of the
> acts of dominion which demonstrate a continu-
> ing possessory interest in a firearm." (cit.
> Omit.)
>     It is also well settled that a continuing
> course of conduct statutorily defined as a sin
> gle crime cannot properly be charged as mul-
> tiple crimes occurring at discreet moments in
> time. "The Double Jeopardy Clause is not such
> a fragile gurantee that prosecutors can avoid
> its limitations by the simple expedient of
> dividing a single crime into a series of tem-
> poral or spatial units. (cit. omit).
>
>     For this reason, courts have held that,
> when a defen[dant] is charged with multiple
> counts alleging possession of the same weapon
> on different occasions, the state must bear
> the burden of proving that the defendant's
> possession was not continuous. This burden
> must be met by proof beyond a reasonable doubt.

Simmons v. State, 899 P.2d 931,936 (Ct.App. 1995).

**DOUBLE JEOPARDY**

**E.A.'S TESTIMONY WAS SUBSTANTIVE EVIDENCE UNDER
THE THEORY OF THE CASE AND OUT SIDE....THE
OF 404(b)**


Eventhough the mutiplicity indictment only amounted to
one event, from April to July- the sstate could not convict peti-
tioner for possession of a handung he did not possess at the time
of his arrest; "or claim that he constructively exercised domi-
nion and control over a handgun premised⁻⁻⁻ on a subsequent al-
legation that had not yet occurred." viz; "that on or about Sept.
3rd. or 4th, 1990,  petitioner assaulted E.A. by pointing a wea-
pon at her person,  having previously been convicted of a felony,
-S90-902Cr.

The testimony of E.A. offered to contradict Mr. Herrera and
to establish knowledge, had never been relevant to, nor logically
capable of proving petitioner possessed the same, or any handgun
on the two occasions charged in the indictment. i.e on or about
April/May and July 1990.

In order to introduce Herrera's handgun (seized on Sept.26th
1990 ,from his residence) into evidence, the state changed its
theory of prosecution from interruption (that would have been re-
quire to establish proof that petitioner had possessed the same
44.Cal.pistol , on two separate occasions) to that of a continu-
ing course of conduct and varied its proof beyond petitioner's
July arrest date , to include the same conduct charged in count

23.

four (4) , in case -S90-902Cr.

Mr. Herrera was never charged as a co-defendant; and the al-
legation against him prove nothing with respect to the two count
indictment against petitiioner. To say that Herrera lied about
not having ever returned the handgun to petitioner on or ab[out]
Sept. 3rd. or 4th, after its purchase and therefore, you may dis
-credit his testimony and infer that petitioner always retained
dominion and control over the handgun knowingly,  runs afoul of
Ev.R. 608(b). and certainly , requires a leap of faith to further
infer that petitioner always retained dominion and control over
the handgun up to and until Sept. 26th , 1990.

Under the theory of a continuing course of conduct , E.A.'S
testimony was part of a single criminal episode,  and as such,
because petitioner was charged with less than  all of the acts of
possessions, it did not  make the remaining acts, "other act evi-
dence." United States v.Aleman, 592 F.2d 881 ,885 (5th Cir.1979).

Acts satisfy the inextricably intertwind doctrine if they com
-plete the story of the crime on trial; their absence would create
a chronological and conceptual void in the story of the crime; or
they are so  blended or conn[ected] that they incidently involve,
explain the circum[stances] surrounding, or tend to prove an ele-
ment of the charged crime. United States v. Barnes, 49 F.3d 1144,
1149 (6th Cir.1995)("  Intrinsic acts,  on the other hand,  are
those that are part of a single criminal episode. Rule 404(b) is
not implicated when the other crimes or wrong evidence is part of

24.

a continuing pattern of illegal activity." United States v. Daly,
974 F.2d 1215, 1217 (9th Cir. 1992); United States v. Soliman,
813 F.2d 277, 279 (9th Cir.1987); United States v. Fontenette,
139 Fed.Appx. 813; 2005 U.S. Lexis 14362.


     The imposition of more than one conviction for the same
criminal act (course of conduct) violates the double jeopardy
clause of the 5th, Amendment to the United States Constitution.
Schiro v. Farley, 510 U.S. 222, 229, 227 L.Ed.2d 47, 114 S.Ct.
783 (1994).

     The criterior for examining a claim of multiplicity is whether
the substantive offense charged must be supported by different
proof. united States v. Aleman, 609 F.2d 287, 307 (9th Cir.197 9)
. Where there is no proof that possession of the same handgun is
interrupted, the government may not arbitrarily carve a posse-
ssion into separate offenses. Jones,(cit. omit. supra. Please
see Section on TIME AS AN ELEMENT OF THE CHARGE CRIME, at pp. 8-
10.)

     The state was collaterally and judicially estop from asserting
an inconsistent theory of prosecution in case 4BE-S90-902Cr.
Edwards v. Aetna Life Insurance  Co., 690 F.2d 595, 598-99 (6th
Cir. 1982); Shekinah Gold Mines v. United States, IRS (In Re
Knopf),  190 B.R. 647; 1995 Bankr. Lexis 1989; United States v.
Kendrick, 98 Fed. Appx. 692; 2004 U.S. App.Lexis 10546.

                              25.

The Court Of Appeals refusal to grant petitioner's request to supplement the record on direct review, **Ex. #7, (Excerpt Rec. pp. 124-181).**; And, its refusal to grant petitioner's request to **Stay The Proceedings** pending further proceedings in the trial court: case 4BE-S90-268CI., not only compounded the errors by its subsequent reversal of petitioner's conviction, but evaded review of the following issues: **Ineffective Assistance Of** Counsel; **Lack Of Personal And Subject Matter Jurisdiction;** Non-Disclosure Of **A Contengency Agreement; Double Jeopardy.,** And subjected petition -er to a second trial to allow the state to remedy errors of law and structual defects in the integrity of the framework in which both cases proceeded to trial. i.e. denial of procedural due pro- cess.

A second prosecution for the same offense in case 4BE-S90-902Cr. afforded the state an unavailable recourse from the mandatory op -eration of the peremptory challenge and the prohibition of the due process clause of double jeopardy by permitting the state  to gain an advantage through governmental over-reaching that the pro -phylactive device  was designed to prevent. **Tumey v. Ohio,** 47 S. Ct. 437, 273 U.S. 510 (1927); **United States v. Difrancisco,** 449 U .S 117, 128-129 (1980); **North Carolina v. Pearce,**89 S.Ct. 2072, 2077-2076 (1969); **In Re Nielsen,** 131 U.S. 176, 9 S.Ct. 672, 33 L.Ed. 118; (1989); **United Stastes v. Ball,** 163 U.S. 662 (1896).

26.

## INEFFECTIVE ASSISTANCE  OF COUNSEL

### ALLEGATION

Attorney Elizabeth Brennan, was appointed to represent pe-
titioner in cases 4BE-S90-552Cr. and -902Cr.

Ms. Brennan was informed that a peremptory challenge was a
"substantive thing", and could not be partially withdrawn.

Following Judge Curda's peremptory challenge three days later
, petitioner personally peremptorily challenged Judge Curda, who
refused to recuse himself from case 4BE-S90-902Cr.

Because petitioner was only granted co-counsel status for pur
-poses of the arraignment, and not counsel of  record, Ms. Brennan
was  instructed to appeal Judge Curda's non-judicial notice of his
recusal.

Ms. Brennan refused to utilize the only available remedy   to
address a Judge's refusal to judicially notice his peremptory cha
-llenge and instead. filed a Motion To Stay petitioner's exercised
peremption; admitting that she believed that she could withdraw an
exercised mandatory recusal and start anew.

Counsel knew or reasonably should  have known, after having
been informed that a peremptory challenge was a "substantive thing"
and that a judge has no discretion  to permit a withdrawl of   a
mandatory challenge timely exercised; and, that by the very defin

27

-ition of the term,"peremption", that the filing of a **Motion To**
**Withdraw** a mandatory challenge would be ineffective and un-rea-
sonable.

   That Judge Curda and Mr. Wallace, Attorney for the State,
knew that a man[datory] peremptory challenge could not be with
drawn over objection; and that the state's failure to correct
the error denied petitioner due process and the double jeopardy
clause of due process barred a retrial.

## UNDISPUTED FACTS

   On October 29th, 1990, Judge Curda ruled that a Crim .R.
25(d) motion once exercised, could not be withdrawn, partly or in
whole. Case 4BE-S90-552Cr. **Ex. Transcripts: #8** .Appendex 8,p. 107

   On November first, 1990, petitioner was indicted on four
counts: (1) Burglary in the first degree; (2) second degree assa-
ult; (3) third degree assault; and (4) Misconduct involving weapons
in the first degree. AS 11.61.200(1)(a) ,(1990). $\frac{Ex. \# 2.}{Appendex 2,}$ p. 9.

   On November 2nd. 1990, petitioner was arraigned on the
four counts mentioned above at which time he timely and validly
pereptorily recused Judge Curda, personally, pursuant to AK. Crim.
R. 25(d), who refused to take judicial notice. case -S90-902Cr.
**Ex. # 9 Appendex** 9, p. 112.

                              28.

Alaska Criminal Rule 25 (d) is a substantive rule whose timely appeal from a judge's refusal to recuse himself, requires automatic reversal without a showing of prejudice. **Ex. McCracken v. State, 521 P2d 510-511 (1974); # 10.** Appendex 10, p. 117.

App.Ct.R. 216(a)(2) provides a direct review solely on the issue of a none-judicially noticed peremptory recusal within 10 days. **Ex. # 11; App.Ct.R. 216(a)(2).** Appendex 11, p. 118.

On Jan. 2nd. 1991, petitioner was granted pro-se status. Ex. # 12. **Appendex 12, p. 119.**

### MEMORANDUM OF LAW
### THE TRIAL COURT'S FACTUAL FINDINGS ON INEFFECTIVE
### ASSISTANCE OF COUNSL WERE CLEARLY ERRONEOUS
### AND DISMISSAL OF THE CLAIM WAS AN ABUSE OF DISCRETION

Defense Attorney, Elizabeth Brennan, proccedurally defau-lted on App.Ct.R. 216(a)(2) **and** counsel's conduct was unreasona-ble within the meaning of Kilmmerman v. Morrison, 477 U.S. 365,385 ,106 S.Ct. 2574,91 L.Ed.2d 305, (1986).

The trial court adopted counsel's assertion upon affidavit, that her conduct was the result of a tactical decision. and the Appellate Court held that "because the defendant was re-tried be-fore a different judge, the defendant received the remedy to which he would have been entitled, if the peremptory challenge was erroneously denied."

29.

Attorney Brennan's default, engendered a structual defect with
in the framework of the procedural process to which petitioner was
entitled.

Brennan's failure to timely appeal,  was not  because of some
"strategic consideration, " but because she did not know the pro-
cedures. and, after being informed as to what those procedures
were, insisted on proceeding contrary to the requirements of  the
rules. **United States v. Span,** 75 F.3d 1383, 1389-90(9th Cir.1996).

"When  applying a heavey measure of deference to counsel's
judgment," it becomes apparent that the trial court and the Court
Of Appeals erred in their assessment of the facts and that    the
Court Of Appeals' determination that petitioner is not entitled
to any further consideration than that which he has been given,
denies petitioner the protection affored under the due process pro
-tection of the 5th, Amendment to the United States Constitution,
not to be tried twice for the same offense, in the circumstance
where the state created the error, or failed to correct reversable
error over objection.

Counsel was ignorant of the procedures and her  actions un-
reasonably denied petitioner his constitutional and substantive
procedural due process.

Peremptory means, 'conclusive', 'final,' 'positive,' not admi
-tting of questions or appeal.' **Webster's** International Dictionary
citing **Wolfe v. State,** 147 Tex.Crim. 62, 178 S.W.2d 274,279 (

30.

The record evidence counsel's admitted state of confusion as to the operation of a criminal rule 25(d) motion when responding to judge savell's ruling:

> "I thought that if I withdrew my peremptory cdhallenge, I could began anew." ...

**Ex.# 13, Transcripts** Appendex 13, p. 123.

Petitioner was granted co-counsel status limited to the arrignment at which time he personally perempted Judge Curda. **Blackstone** says: "A peremptory challen ge is an arbitrary and capricious right; and it must be exercised with full freedom, or it fails of its full purpose. **Lewis v. Un[ited] States**, 146 U.S. 370 ,376,378 (1892); this right was not counsel's to claim, nor treate as her own. This right became operational at the moment of its in -vocation.:

> "To jettison the assigned judge from the case....."        ...................
> ...........................................
> .................                  ........
> ".......If one says, gee,  I don't want touse that,  (the perempt),  after the fact (the perempt has been exercised.), I really wanted to disqualify for cause, unless some -thing un-does what's been done, and that is unless a judge is asked to and agrees that the peremt is withdrawn the status quo remains."

**Ex. # 13, supra.** Appendex 13, p. 124.

While Ms.Brennan's actions maybe labled a tactical decision
, it was a choice contrary to the procedures governing a 25(d) Mo-
tion and that which provides for its review.

After a judge has been perempted, the rules do not permit   a
challenge for cause; the only available remedy is to seek reveiw
pursuant to App.Ct.R. 216(a)(2) of a judge who may continue to
preside over the case, albeit, unlawfully.

In this regard, Ms. Brennan defaulted., nor did petitioner
knowingly,  volutarily and intellegently waive his right to seek
judicial review of judge Curda's actions. Counsel denied petition
-er his substantive and constitutional procedure due process right
to a trial before a fair and unbias judge.; and the right not  to
be tried twice for the same offense.


PREJUDICE


Under both the state and federal constitutions petitioner
was entitled to a fair trial before an unbias judge. **Tumey v.Ohio,**
273 U.S 510 (1927).,

The Alaska Legislature enacted AS. 22.20.022, to be implement
-ted through Ak.Cr.R. 25(d) to secure the command in criminal
cases and to review none-compliance by an expedited appeal pursuant

32

to App,Ct.R. 216(a)(2). Its purpose is to afford the accused the
option of perempting a judge for whom there is no articulable
reason to recuse for cause, but otherwise sense that the judge
could not be  fair.

Such a right is so fundamental that its denial constitute a
structural defect in the proceedings which require no harmless
error analysis, prejudice is presume. **Lewis v. United States**, Cit
Omit., at 376 (1892); **Arizona v. Fulminante**, 499 U.S. 307,310(19
91)(structural defect not subject  to harmless error analysis.).

### DOUBLE JEOPARDY

The record evidence the fact that the attorney for the
state (Wallace) knew that reversable err was being committed on
Nov. 2nd. 1990, when judge Curda refused to judically notice his
peremption.

On Oct. 29th, 1990, attorney Wallace objected to further
proceedings before judge Curda who had been perempted, citing **Mc
-Cracken v. State**, (cit. omit) supra,at p. 27.;

On Nov. 2nd.1990, during the arraignment, in case 4BE-S90-
902Cr., Mr. Wallace said nothing when petitioner perempted Judge
Curda, who refused to judicially notice his peremption.;

On Nov.6th, 1990,  attorney Wallace did not informed judge
Savell that judge Curda had been  perempted, except to ask whether

33

the court had found that judge Curda had been timely and validly perempted. Ex. **# 14, Transcripts.** : 'A determination made exclusively in the Court Of Appeals. **Ex.# 11, p. 27.**supra.

The state stood mute- having previously objected to an attempt by Ms. Brennan to partially withdraw petitioner's timely peremptory challenge of judge Curda on Oct. 29th, 1990, in order to have a bail hearing, to which the state, at that time, pointed out, that petitioner could not have it both ways. **Ex. # 8.**

In subsequent proceedings the state convinced the trial court that judge Savell's recitation of the correct procedure to be used , in the matter of recusal:

> "No, in S90-552Cr., there's a written notice
> of change of judge, assigned by Elizabeth Bren
> -nan. so he's been - he's been disqualified per
> -emptorily, and there's been no such action  in
> 902, and it makes sense that if you think there's
> cause for disqualification you don't use your
> pre-empt.      .......              ....
> ...............      .............    .....
>    It make sense that if you think there's
> cause for disqualification you don't use your
> pre-empt. "

as evidence that Ms. Brennan proceeded correctly. The implication here, is that, the court allowed petitioner's peremptory challenge to be withdrawn, and that counsel's **Motion For Cause**, as a tactical decision, "was in the best interest of her client.".... is simply incorrect, as a matter of law and fact. Ms. Brennan's **Motion For Cause**, or **Motion To Stay Peremptory Challenge**, was never granted

34.

and the state has conceded that the only available remedy to
review a judge's none-judicial notice of his or her peremption,
is through App.Ct.R. 216(a)(2).


    Therefore, in view of the operative effect of this rule,
it cannot be said that competence attached to Ms. Brennan's
representation.

    The double jeopardy due process clause of the 5th, Amendment
to the U.S. Const., affords the government one fair opportunity
to convict those accused of crimes; and, the state do not have the
right to a dress rehearsal in order to discover a defendant's
trial tactics, strategy , defense witness's testimonies and other
concerns expressed by rules of discovery and evidence designed to
protect against unwarranted disclosure.;

    Therefore, when the state stands silently by and allow sub-
stantive violations to occur, over objections- the state may not
claim that it ws denied its due process right to try the accused
again; nor dose the accused waive a plea in bar against retrial
by seeking a direct.

    Under these circumstances, the double jeopardy clause is not
a mere "technicality." It is an intergral part of the framework
of procedural protections which the constitution establish for
the conduct of a criminal trial. **United States v. Jorn,** 91 S.Ct.
547,553-554(1970); **United States v. Dixon,** 509 U.S. 688,746,747
(19   ).

35

ALLEGATION

CONTENGENCY AGREEMENT
WAIVER


The State Of Alaska entered into an agreement with the Wit
-ness, E.A., with the understanding that, in return for her testi
-mony against petitioner, it would drop all charges (perjury and
assaults charges against police and corrections officers).    the
State never disclosed this information to petitioner; nor to  his
advisory attornys: Provost; James Hopper; and R. Cavanaugh.

Because E.A.'s testimony was crucial, i.e., material and rele
-vant to establish a fact of consequence in its proof that peti-
tioner possessed a 44.Cal. pistol, continously from April To Sept.
26th, 1990, the state's withholding of this information deprived
the jury of critical evidence in the evaluation of the witness's
credibility; the defendant was not convicted on all of the evidence;
and, one  can not have confidence in the integrity of the jury
verdict of conviction.



UNDISPUTED FACTS


On July 24th,1992, Petitioner filed for an application for
Post Conviction Relief, 4BE-92-268CI.

2. On March 3rd., and 4th, 1995, petitioner was granted  an
Evidentiary Hearing presided over by Judge Green.

36

3. On March 22nd. 1995, petitioner filed his **Brief Of Closing Argument, Ex.# 15, Appendix 15, p. 135.**

4. On March 28th, 1995, the trial court gave notice of its in -tent to dismiss in light of the Court Of Appeals' reversal  of A -4475/-S90-902Cr., unless petitioner could show cause why the issue should not be dismissed. **Ex.# 16,Appendix 16, p. 155.**

5. On April 11th, 1995, eptitoiner's **Brief Of Closing Argument** was fled. **Ex. # 17. See Appendix 15(B),** p. 154.

6. On May First,  1995, the trial court dismissed case 4BE-90 -268CI.;

7. And, in Sept. 1995, petitoner was retried in case 4BE-S90- 902Cr.

8. On April 10th, 1996, petitioner filed for an Application For Post Conviciton Relief, 4BE-96-67CI.**Ex. # 18.Appendix 18,p.157.**

**9.** On Nov.25th, 1996, petitioner filed an application for sum -mary judgment, Lodge Jan. 21st. 1997, requesting the court to ad -mit testimony adduced at the March 3rd. and 4th,1995 **Evidentiary Hearing** (-92-268CI) and the following exhibits: Q,U **and V,** pursuant to Alaska Eviden ce Rules 201,803(6) & (8). **Ex. # 19, Appendix 19** p. 162.

**10.** On March 28th, 1997, the court granted the state's order dismissing count iv, in  case -92-267CI., i.e. **None-Disclosure** due process claim; indicating:"Simmons' original application, at pp. 27, 31, 32 and 34 are confusing. No specific facts supports what- ever the claim may be.

11. The Court Of Appeals held that petitioner never raised this claim; that the issue was waived; and that any error in the purported none-disclosure of the **Agreement** prior to Simmons' first trial was rendered harmless by his obvious awareness of it before his re-trial ( Sept. 1995). Simmons knew of an **Agreement** because the witness was cross examine about its existence. <u>Ex.#4.</u> Appendex 4, p. 45.

### MEMORANDUM OF LAW
### CONTINGENCY AGREEMENT

JUDGE WOODS FINDING THAT PETITIONER FAILED
TO STATE A CLAIM UPON WHICH RELIEF COULD BE
GRANTED: AND FAILURE TO TAKE JUDICIAL NO-
TICE OF ITS RECORD OF THE MARCH THIRD AND
FOURTH, 1995,  EVIDENTIARY HEARING AND DIS-
MISSAL OF THE CASE WAS CLEARLY ERRONEOUS
AND AN ABUSE OF DISCRETION

After re-trial and upon application for Post Conviction Re -lief, petitioner claimed that the state manufactured a non-viable indictment, case 4BE-S91-131Cr. which threaten perjury prosecution against its rebuttal witness; entered into a contingency agreement with the witness and withheld this information from the defense in both cases,-S90-552Cr./-S90-902Cr.

Petitioner moved the court by **Motion For Summary Judgment,** <u>Ex. # 19,</u> (12/3/96, -96-67CI), to have admitted, by **Judicial Notice** the evidence previously admitted in the Green Court, and referenced the Woods' Court to that evidence and requested the court to rule on the evidence presented, on application for summary judgment.

38.

Contrary to the state and the court's ruling, an evidentia -ry hearing on the issue of non-disclosure, and admission into evidence, documents, affidavits and testimony of attorneys: R. Ca -vanaugh; James Hopper;  & Christ Provost, clearly indicates that petitioner stated a claim upon which relief could be granted.

Furthermore, the court's failure to take judicial notice of its  record was an abuse of discretion; A court may take judicial notice at any stage of th proceedings and may do so, whether reque -sted or not, evidence rule 201(c). MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); Kennedy v. Borough Of S. Coate svcille, 1999 U.S. Dist. Lexis 10018.

The court may notice a party that  failure to amend a complai nt to state a claim upon which relief can be granted shall result in dismissal. and a dismissal is appropriate where it appears, be -yond a doubt that the plaintiff can prove no  set of facts that would entitle it to relief. Red.R.Civ.P. 12(b)(6); Johnson v.know -les, 113 F.3d 1114,1117 (9th Cir.), cert. denied, 552 U.S. 9996, 139 L.Ed.2d 401, 118 S.Ct. 559 (1997).

The refusal of the court to take judicial notice of petition- n er's exhibits Q,U, & V,  on Motion For Summary Judgm en t, pur- suant to Alaska Rules Of Evidence 201, 803(6) & (8), Ex.# 19, su- pra., Lodge Jan. 21st. 1997, and its reference to petitioer's ori -ginal applicaiton, at pages 27, 31, 32, ans 34 as grounds to dis -miss the claimed Non-Disclosure, citing:"No specific facts supports

whatever the claim may be. those claims are therefore unsupported and will not be considered." **Ex. # 20, Appendix 20 p. 170.**, disre -gard the "amended application,":claiming that the state unconsti -tutionally failed to disclose its **Contingency Agreement** to the defense and that but for state action, the out come of the trial would have been different; and, that a claim upon which relief could have been granted was stated. **Ex. # 19, Appendix 19 ,162.**

    **Dismissal** was inappropriate and an abuse of discretion by Judge Green, See **Exs. 15()B), (C), 16, 16(B)** and **17;** and the state was estop in its 12(b)(6) motion asserting that petitioner has stated no claim upon which relief can be granted.

    Therefore, Judge Woods failure to find that petitioner stated a claim for which relief could be granted, with respects to the **Contingency Agreement,** in view of submission of all relevant docu -ments to Judge Woods that had been submitted before the Green Court, See **Exs. # 15-17(Brief Of Closing Arguments)** was clearly erroneous.

## ALLEGATION
## WAIVER

    The Appellate Court held that petitioner's failure to file a transcript of the indictment, alledging insufficient facts to establish the crime charged, constituted waiver of the issues on appeal, was clearly erroneous in view of the fact that

40.

counsel was ineffective.

### UNDISPUTED FACTS

1. On May 19th,1994, petitioner filed an opposition to the Appellate Court's remand and sought a **Stay Of Direct Appeal** (merit appeal) pending **PCR Proceedings** below: Case 4BE-92-268CI.

2. On June 8th,1994 Mr. Cavanaugh (petitioner's attorney at that time) represented that petitioner peremptory challenge claim raised below was dispositive of the **Merit Appeal**, because a favorable finding in the trial court below, based upon ineffective assistance of cousel would lead to a determination that a structural error in the proceedings occured and that Judge Curda was without jurisdiction to try the defendant and consequently, the Judgment was void.

3. On June 17th, 1994, petitioner's **Motion To Stay** was denied.

4. On July 21st., 1994, the Court denied **En Banc** consideration

5. On March 22nd. 1995, the Court reversed petitioner's conviction. **Ex. #2, Appendix 2, p. 9.**

6. On September 20th,1995, petitioner was reconvicted. and,

7. On April 10th, 1996, all claims before the Green Court, case 4BE-92-268CI., was re-submitted, in addition to the procedural barred claim, on dirct review.

8. On March 28th, 1997 Judge Woods dismissed the procedurally

defaulted claim, for the reason given in the Court Of Appeals Opinion. Ex. # 20 at p. 172.


### MEMORANDUM OF LAW

### WAIVER


### THE COURT OF APPEALS DETER[MINATION] THAT PETITIONER WAIVED HIS CLAIM THAT   THE STATE FAILED TO CHARGE A CRIME IS CLEARLY ERRONEOUS


The Court Of Appeals's determination that petitioner waived the claim: The Grandjury lack sufficient and credible information to charge a crime,  presumes automatic incompetence and prejudice to petitioner, because in this instance, Mr. Cavanaugh had actually briefted the issue,  but did not supply the transcript of the granjury hearing. Ex. # 21, Appendix 21, p. 174. United States v.Robinson, 967 F.2d 287 ,290 (9th Cir.1992)(generally, ineffective assistance of counsel claims are more properly raised by collateral attack on the conviction under 28 U.S.C. § 2255, United States v. Sc -haflander,743 F.2d at 717 (9th Cir.1984), cert.denied, 470 U.S. 1058, 84 L.Ed.2d 832, 105 S.Ct. 1772(1985). Such claims, however, may be reviewed on direct appeal in two intances: 1) when  the record on appeal is sufficiently developed to permit review and determination of the issue, United States v. Anderson, 850 F.2d 563

42.

565 (9th Cir. 1988), or 2) when the legal representation is so in-
adequate that it obviously denies a defendant his Sixth  Amendment
right to counsel, United States v.Rewald,889 F.2d 836 ,859 (9th Cir
1989), cert. denied. 112 L.Ed.2d 39, 111 S.Ct. 64 (1990). because
counsel's inadvertent omission constitutes "cause and prejudice",
it is sufficient to excuse petitioner's procedural default. **Coleman
v. Thompson**,501 U.S 711,   111 S.Ct. 2546, 115 L.Ed.2d 640 (1991);

This is so  because an accused indigent defendant's right  to
the effective assistance of counsel is mandated by the Sixth Amend
-ment to the United States Constitution. **Rewald**, supra, (cit. omit-
ed)., and whether counsel's omission was inadvertent or deliberate
the error must be imputed to the state. **Worley v. Thompson**, 2005
U.S. Dist.Lexis 28529, citing **Coleman**, at 753-54.

Additionally, it would be a miscarrage of justice to deny re-
view of a claim of actual innocence, where the allegation fails
to charge a crime of third degree assault and misconduct involving
weapons. here the witness confessed that she imagen a handgun;
never indicated a state of fear; and in general, with respects to
the reamining charges that allegedly took place on Sept. 26th,1990,
indicated that she wanted revenge and exaggerated. Cf. **Attorney
Cavanaugh's Brief, Ex.# 22, Appendix 22, p.195 , with Ex.# 21. p.174.**

Under these facts and circumstances, petitioner did not volun
-tarily, knowingly and intellegently waived his right to the effec
-tive assistance of counsel.

43.

**WHEREFORE,** Petitioner Respectfully requests This Court to grant His **Motion For Summary Judgment** and enter a final judgment in his favor on the pleadings on file and on the **Memorandum, Affidavit, and Exhibits** in support thereof, with costs to be assessed against the State Of Alaska.

Respectfully Submitted This

Day Of _____ 2006.

David Simmons, Pro Per

44.

DAVID SIMMONS
031806
CCA/FCC CORR. CTR.
P.O. BOX 6200
FLORENCE, AZ 85232


## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA


DAVID SIMMONS,
        Petitioner,

     v.                          Case No. F03-0013(RRB)

FRANK LUNA,                    MOTION FOR SUMMARY JUDGMENT
_____ Respondent. /

### AFFIDAVIT

I, David Simmons, Affiant, Herein Being Duly Sworn Under Oath, Do Say:

1. That the undisputed facts section and other factual as-sertions are true and correct based upon personal knowledge and information believed to be accurate;

2. And, that the foregoing statement is true under penalty of perjury.

                            5/2/06
                David Simmons, pro per


Subscribed And Sworn to before me This __2__ Day Of

__May__ 2006

NOTARY PUBLIC: _____
             Name

                    45.

"OFFICIAL SEAL"
Jaci A. Matlock
Notary Public-Arizona
Pinal County
My Commission Expires 3/31/2007

DAVID SIMMONS
031806
CCA/FCC CORR. CTR.
P.O. BOX 6200
FLORENCE, AZ 85232

### IN THE UNITED STATES DISTRICT  COURT

### FOR THE DISTRICT OF ALASKA

DAVID SIMMONS
      Petitioner,

    v.                              Case No. F03-0013CV(RRB)

FRANK LUNA,                      ORDER ON PETITION FOR WRIT
      Respondent.             HABEAS CORPUS
_____

      Petitioner, David Simmons, filed a verified petition in
This Court on 05/15/03 for **Writ Of Habeas Corpus.** The Court issued
an initial writ to respondent, D. Kossler, who made a return   to
the petition on 06/23/03.

    On 02/20/04 Judge Beistline ordered dismissal of petitioner's
claim #1 as time barred In Re: 4BE-S90-552Cr.

    Having considered the evidence and legal exposition as to the
remaining claims, it appears to This Court that David Simmons  is
being unlawfully detained by respondent and that This Court has the
jurisdiction to remedy this illegal and unlawful detention by means

46.

of a **Writ Of Habeas Corpus**. **THEREFORE,**

     **IT IS ORDERED THAT:**

The petition  is **GRANTED:**

     The Clerk will issue a **Writ Of Habeas Corpus** commanding respondent to **Release And Discharge** DAVID SIMMONS from custody **FORTHWITH.**

Dated:_____

Signature_____
          United States Dist. Judge

47.

RECEIVED

MAY 1 0 2006

CLERK, U.S. DISTRICT COURT
FAIRBANKS, ALASKA

DAVID SIMMONS
031806
CCA/FCC CORR. CTR.
P.O. BOX 6200
FLORENCE, AZ 85232

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

DAVID SIMMONS,
          Petitioner,

                         Case No. F03-0013CI. (RRB)

        v.

FRANK LUNA,                    CERTIFICATE OF SERVICE
          Respondent. /

                  MOTION FOR SUMMARY JUDGMENT

     I, David Simmons, Petitioner, Herein, Being Duly Sworn,

Under Oath, Do Say:

   1. That I have placed in the LC Unit Mail Box a copy of the

atached Motion To:    Special Prosecution And Appeals Attorney:

                      Kenneth M. Rosenstein
                      310 K. Street, Suite 308
                      Anchorage, Alaska 99501

   This 2nd Day Of May     2006. And, that the fore-

going statement is true under penalty of perjury.

                         David Simmons, Pro Per.

                              1.