Pg. 46

David Simmons
CCA/Central Arizona Detention
Center, P.O.BOX 6200
Florence, AZ 85232

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

## FOURTH JUDICAL DISTSTRICT AT BETHEL

DAVID SIMMONS,
    Plaintiff,

    v.

STATE OF ALASKA,
    Respondent. /
4BE-S90-902Cr.

        4BE-96-67CIV.

    MOTION FOR SUMMARY JUDGMENT

        Plaintiff DAVID SIMMONS, pro per, hereby moves for
partial summary judgment on his application for post-conviction
relief, pursuant to Alaska R.Crim.P. 35.1(f)(3). Mr. Simmons as
-serts there are no genuine issues of material fact to be resol
-ved at hearing, and that he is entitled to judgment as a matt-
er of law. This motion is supported by the record in Case Nos.
4BE-S90-552Cr., 4BE-S90-902Cr. and Exhibits on Application for
post-conviction relief.

        Dated this 28 day of Sep. 1998.

                          David Simmons, pro per

        (1)

Pg. 47

David Simmons
CCA/Central Arizona Detention
Center, P.O. BOX 6200
Florence, AZ 85232

### IN THE SUPERIOR COURT FOR THE SSTATE OF ALASKA

### FOURTH JUDICIAL DISTRICT AT BETHEL

DAVID SIMMONS,
     **Plaintiff,**
     Pla
  **v.**

STATE OF ALASKA,
     **Resp{}ondent.** ]/
<u>4BE-S90-902Cr.</u>

### <u>MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff, David Simmons has filed an application for post
-conviction relief under Alaska R.Cr. P. 35.1 He now moves for par
-tial summary judgment.

Criminal Rule 35.1(f)(3) provides as follows:

> (3) The court amy grant a motion by either party
> disposition of the application when it appears
> from the pleadings, deposiitons, answers to inter
> -rogatories, and admissions and agreements of
> fact, together with any affidavits submitted, that
> there is no genuine issue of material fact and the
> moving party is entitled to judgment as a matter
> of law.

See, also, **STATE v.JONES, 759 P.2d 558,566 (Alaska App. 1988).**

Mr. Simmons moves for partial summary judgment on his claim
that the constitutinoal provisions against double jeopary[1] were vi
-olated by his conviction for misconduct involving weapons in the

---

[1]Under Alaska Const. Art. 1, §9, "No person shall be put in jeopar
-dy twice for the same offense.

947

Pg. 48

first degree. The facts are established in the trial record in case Nos. 4BE-S90-552Cr., 4BE-S90-902Cr. and on Application for post-conviction relief, and in **SIMMONS v. STATE,899 P.2d 931 ( Ct.App. 1995).** Mr. Simmons is entitled to judgment, as a matter of law, on these facts. See **JENNINGS v. STATE,**566 P.2d 1304, 1309 (Alaska 1977).

Mr. Simmons was arrested on weapons misconduct charges A. S. 11.61.200(2)(1)(a class c felony), case 4BE-S-90-552Cr.; sub-sequently, in Sept. 1990, the state charged Mr. Simmons a "third time with weapons misconduct, and, "third degree assalt". AS. 11. 41.220(a)(1)(a class c felony); and, in late Sept. 1990, for Bur -glary and second degree assalt. AS. 11.46.300(a)(1), and AS.11. 41.210(a)(1), in case 4BE-S90-902Cr.

On Nov. 1st., 1990, the Grandjury returned a two (2) count indictment in case 4BE-S90-552Cr. stemming from the July arrest.

On Nov. 1st., 1990, E.A. testified before the Grandjury however, she recanted her police statements[1].

In Case -S90-552Cr. Mr. Simmons was convicted on two counts of misconduct involving weapons, Nov. 1991; and, in case -S90-902 Cr., convicted in Jan. 1992.

In Case -S90-902Cr. the court of appeals issued its opinion on March 22nd., 1995; and in Case -S90-552Cr. in July of 1995.

---

[1]E.A.' recantation was the subject of a motion to dismiss for in-sufficient evidence.

(3)

949

Pg. 49

At trial, a witness, designated in the opinion as "M.J.,"
testified that Mr. Simmons received a handgun in the mail in April
of 1990. She saw him, she said, fire the gun at a local firing ran
-ge. He continued to possess it, she testified, in their Bethel
home. Although M.J. could not recall when she last saw the gun, she
recalled seeing it at least once after Mr. Simmons fired it in April.
**SIMMONS**, 899 P.2d 934.

Mr. Simmons testified that he possessed the handgun only
long enough to sell it to a friend, one Jose Manuel "Manny" Herrera.
Id. at 934. In rebuttal, the state called another witness, E.A., to
testify that in September of 1990 Mr. Simmons threatened her with a
pistol delivered to him, at his request, by Herrera. Id. at 935. It
was the same gun, the state contended. E.A.'s testimony established
that:

> even if Simmons had in fact transferred
> physical possession of the gun to Herrera
> at some time, Simmons had never relinquis
> -ed constructive possession of the gun, since it
> it had always been at his beck and call.

Id. This was the case, the state argued, from April through Septem
-ber of 1990.

In the second case, Mr. Simmons was charged with one count
of first degree burglary, one count of second degree assault, one
of third degree assault, and yet another count of weapons misconduct
this time for allegedly possessing the gun in September. He was con-
victed at trial and again appealed. The court of appeals reversed
and remanded for a new trial. See **SIMMONS v. STATE, Memorandum Opinion
and Judgment No. 3099** (March 22, 1995.)

(4)

949

Pg. 50

## ARGUMENT

I.  THE WEAPONS CONVICTION IN THIS CASE VIOLATED DOUBLE
JEOPARDY.

A. Being a felon-in-possession is a continuing offense;the state ma
state may not obtain multiple convictions by simply dividing a single
crime intwo a series of momentary possessiions.

It is a "well-settled proposition in felon-in-possession

cases that the element of possession implies ocntinuity:"SIMMONS,

899 P.2d at 935 (citations omitted).

> It is also well settled that a continuing course of conduct
> statutorily defined as a single crime cannot properly be
> charged as multiple crimes occurring at discreet moments in
> time. "The Double Jeopardy Clause is not such a ffagile gu-
> arantee that prosecutors can avoid its limitations by the
> simple expedient of dividing a single crime into a series
> of temporal or spatial units."

SIMMONS, 899 P.2d at 935-36(citations omitted).

Therefore, when a defendant is charged with multiple counts

alleging possession of the same weapon on different occassions

the state must prove, beyond a reasonable doubt, that the de-

fendant's possession was not continuous. Id. In these two ca

ses, however, three separate counts were charged from the same per-

iod of continuous possession. Only one conviction may stand. The fe

-lon-in-possession count in this case was the second such conviction

. Clearly, it must be vacated and dismissed with prejudice.

"The state nevertheless argues that Simmons' double jeopardy ar

-gument should be rejected because, in the present case, evidence

was presented at trial indicating that Simmons' possession of the

.44 magnum pistol on the two occasions charged---in April and in

July of 1990-- was interrupted by Simmons' sale of the weapon to

Herrera. The state's argument suffers from two shortcomings. First,

(5)

950

the claim of interrupted possession advanced by the state on appeal is at odds with the theory of prosecution it pursued below. Below, Simmons raised his double jeopardy argument in the form of a pre-trial motion to dismiss one of the two counts with which he was char-ged. In response, the state argued that Simmons motion was prema-ture -- that "eh proper remedy is merger after a determination of guilt." At trial, even though evidence was presented indicating thatt the .44 magunm had at times been in Herrera's possession, the state took the position that transfer of actual possession had no effect on Simmons' constructive possession." Id. at 936.

The prosecutor argued in closing that, even though Herrera may have had physical possession of the gun at times in the interim, the gun always remained in Mr.Simmons' constructive possession:

> The conduct of Mr.Simmons <u>throughout this time period</u> is consistent with someone who owned, possessed and had dominion asnd control over a handgun. He had it sent to him in March, it got to him in April, he used it in April. He used it in July. He apparently misplaced it and was look-ing for it in July, or late June. And then he tried to get rid of it, when he found out that it ... he might get in trouble for it. He got rid of it, in the sense that someone else was holding on to it. He got rid of it in the sense that he gave it, or sold it to Mannie [sic] Herrera. But it was still available to him, he still had control over it, because all he had to do was pick up the phone, and ask him to bring it over. And use [it] for whatever purposes he wanted to use it. <u>And that happened in September.</u>

Id. at 937(emphasis added).

It was, the prosecutor argued, a "single, uninterrupted cour-se of illegal possession." Id. And again:

> It's our theory, and my contention, that Mr.Sim-mons received the gun in April. He maintained po-ssession of it all the way up unti--<u>at least until September,</u> when he used to assault.[E.A.]

Id. at 938(emphasis added).

(6)

9.51

The state's theory of the case-- how it was presented to the jury-- is a key factor in defining the offense for double jeopardy purposes. In **ATKINSON v. STATE**, 869 P.2d 486 (Ct.App. 1994), the defendant was charged with two counts of misconduct involving a con -trolled substance in the fourth degree: One count charged possess- ion of marijuana with the intent to deliver; the other possession of a pound or more of the drug. Id. at 490. The court of appeals noted that

> Arguably double jeopardy might not have pre- cluded separate convictions if it were clear that Atkinson's conviction on Count I was ba -sed on his manufacture of the marijuana ra- ther than on his possession of it, since dif- ferent criminal acts might then have been found. However, neither the jury instructions nor the state's argument at trial limited the jury to convicting based on the theory of manufacture. Since the record is ambiguous on the issue, the ambiguity must be resolved in Atkson's favor.

Id. at 495 n.6 (emphasis added).

The case is clearer here. The record is not ambiguous; rather , it is indisputable that the state's theory in the first trial was that Mr. Simmons possessed the weapon continuously, if constructive -ly, from April through September. Double jeopardy precluded a se- cond trial of the same issue, whether or not the state could esta- blish a break between July and September the second time. Mr.Sim- mons' weapons conviction in this case clearly violated double jeo- pardy. The conviction must be vacated.

B. <u>COUNT III OF THE INDICTMENT IN CASE 4BE-S90-902Cr. was BARRED FROM FURTHER PROSECUTION ON GROUNDS OF JEOPARDY AND STATUE OF LIMITATIONS.</u>

In BREGGS V. STATE DEPARTMENT OF PUBLIC SAFETY, 732 P.2d 10

952

78,1082 (Alaska 1987). stated:  79, 1082

> For purposes of issue preclusion, "final
> judgement" includes "any prior adjudica-
> tion of an issue in another action that
> is determined to be sufficiently firm to
> be accorded conclusive effect."

And ·

> : Factors supporting a conclusion that a
> decision is final for this purpose are "
> that the parties were fully heard, that
> the court supported its decision with a
> reasoned opinion; that the decision was
> subject to appeal or was in fact reviewed
> on appeal.

RESTATMENT ( SECOND) OF JUDGMENT § 13 **Comments 8(1982), id.** Accord,

**Borg-WARNER v. AVCO,** 850 P.2d 628 (Alaska 1993); **STATE v. WALKER,**

887 P.2d 971 at 974 (Ak.App. 1994); **PRUITT v STATE** DEPARTMENT **OF PU**

_**BLIC SAFETY,** 825 P.2d 887 at 891 & n 2 (Alaska 1992); **PALFY v.FIRST**

**BANK OF VALDEZ,** 471 P.2d 379, 384 (Alaska 1970) and 1 BJ. Moore, Fed.

Prac. § 0.405 [2] at 631 (2nd.ed. 1965). Mr. Simmons incorporate p.

26 on **APPLICATION FOR POST CONVICTION RELIEF** and reference this court

thereto.

For purposes of rejudicata both **SIMMONS v.STATE** 899 P.2d  931

(Ak.App. 1995) and **Atkinson,** supra, are on point as applied to count

III of the indictment in case -S90-902Cr. The court of appeals noted

in case -S90-552Cr. "that neither the jury instruction nor the state'

s argument at trial limited the jury to convicting" based on the the

-ory of <u>interruption</u> and <u>assault third"</u>. had the state shown "interru

-ption" it certainly could have tried Mr. Simmons in a three count

indictment charging two counts of misconduct involving weapons and,

"third degree assault."

Even though the prosecutor made the argument that Mr. Simmons

assaulted E.A. with a .44 cal. handgun, indentified by the witness,
it  requested the jury to find Mr. Simmons guilty on both counts of
weapons misconduct, "under a theory of continuous possession" and
not "interruption", neverthelss, the jury convicted Mr.Simmons on bo
-th counts. on appeal, the court of appeals remanded with orders to
vacate one of Mr. Simmons convictions.

Here, Mr. Simmons' case is more egregious than **Harris**, see below.
Mr. Simmons tried, convicted and completed service of the entier sen-
tence permitted  by law, before, subsequently being retried in case
902Cr. for the same offence, as a predicate offence giving rise to
third assault. counts III & IV in case 4BE-S90-902Cr. at the time of
his second trial.

The fact that plaintiff served the full time, is another reason
that the misconduct weapons charge was time barred from further prose
-cution. the state's continuous prosecution of these counts violated
Mr. Simmons' right to be free from multiple prosecution, conviction
and punishment.

The prior conviction in case -S90-552Cr. included the period of
time indicated in the allegation of the indictment in case -S90-902Cr.
charging weapons misconduct as a predicate offence to third degree as-
sault- in instances where all charges are combined at a <u>single</u> <u>trial</u>
the protections against successive prosecutions is not involved. **Uni**
**ted States v. Halper**, 490 U.S. 435, 450, 109 S.Ct. 1892, 1903, 104 Ed
2d 487(1989); **Brown v. Ohio**, 432 U.S. 161,165, 97 S.Ct. 2221,2225, 53
L.Ed.2d 187(1977); "the policy underlying the doctrine of resjudicata
is the objective of judicial finality."

The court of appeals' affirmance in case -S90-552Cr."terminated
jeopardy" with respects to the alleged criminal act and any other of-

Pg. 55

fense arising therefrom, that could have been constitutionally pro-
secuted during the "same preceeding, but was not. under the doctrine
of "judicial finality" the state was given a "fair opportunity" to
prosecute the allegations of violations at "a single trial" under any
theory it chose; the fact that the state chose to seek convictions on
multiple counts of possession of a dangerous weapon, under a statue
that definds possession as "a continuing course of conduct" and not an
act, Ct.App.Opn. Case 4972, No. 1419(721/95) at p. 7, **Ex. S,** on **Appli**
**-cation for Post-Conviction Relief,** incorporated herein and this court
is reference thereto- rather than seek to prove third degree assault
arising from the allegation possession during the same proceeding, was
a choice whose responsibility and consequences must be born by the state.

If the court fo appeals has ruled that the state cannot avoid the
double jeopardy limitations "by simple expedient of dividing a single
crime into a series of temporal or spartial units", at p.7 supra; it
logically follows that crimes consisting of different statutory viola-
tion occurring in the course of conduct of a single criminal episode
can legitimately be prosecuted "at a single trial and cumulative puni
-shments imposed, if the legislature has so intended. **Todd v. State,**
884 P.2d 668 (Ak.App. 1994).

However, the state may not prosecute two violations occurring du
-ring a single criminal episode by dividing and trying each charge se
-parately before different juries because 1) it denies the defendant
of the right to have a particular jury decide the case; 2) under the
facts of this case where the charge of misconduct involving weapons
is a predicate offense to third degree assault occurring in the cour-
se of a single criminal episode, where an element of third degree as-
sault has already been tried before a different jury, must necessarily

(10)

be retried in order to convict on third degree assault; 3) the juries may reach different verdicts, i.e. on the weapons misconduct charge the jury may very well acquit the defendant; 4) the jury in the second trial may either find the defendant guilty on a weapons misconduct charge and not assault (in which case it disagrees with the first jury); or find the defendant guilty on both counts. the defendant now stand convicted twice for the same offense. i.e. weapons misconduct and, third degree assault; moreover, the conviction on weapons misconduct impeachs the acquital by the first jury of the weapons misconduct. if the defendant is not convicted in either case, he still runs the risk of harm of being convicted twice for the same offense after one jury has already acquited.

While in this case both juries found the defendant guility of the weapons misconduct charges and the third degree assault, the defendant remains convicted twice for the same weapons misconduct charge and deprive of a vested right to have a single jury decide his case. as shown below, this result is unacceptable under principles of jeopardy.

In **Harris v. Oklahoma,** 97 S.Ct. 2912, 53 L.Ed.2d 1054(1977), a case in which the defendant was tried and convicted for felony murder, then later tried adn convicted for armed robbery, the Supreme Court summarily reversed **Harris** armed robbery conviction, issuing "a three paragraph per curiam opinion in an unargued case." the court cited **Ex Parte Nielson,** 9 S.Ct. 672, 676, 33 L.Ed. 118 (1889) for the rule that **Harris** could not be subjected to successive prosecution.

In **Grady v. Corbin,** 110 S.Ct. 2084, 2093, 109 L.Ed.2d 548(1990), the court held, "the Double Jeopardy Clause [of the 5th Amend. to the U.S. Const.] bars any subsequent prosecution in which the government

(11)

Pg. 57

to  establish an essential element of an offense charged in that
prosecution, will prove conduct that constitutes an offense for which
the defendant has already been prosecuted.

   **Grady v. Corbin**, involved an accident in which one of the occu-
pants of the other vehicle was killed. the defendant pleaded guilty
to the two traffic offenses with which he was charged. two months
later, the state prosecuted the defendant on homicide and assault with
charges arising from the accident. although the traffic offense were
not lesser included offenses of the homicide and assault charges, the
Supreme Court observed that, in such a circumstance, the failure to
slow offense might be viewed as a "spicies of lesser included offense."
110 S.Ct. at 2092-2093.

   **Ashe v. Swenson**, 90 S.Ct. 1189, 97 L.Ed.(cit.omit); involved a
   1195-96(1970)
defendant who was charged and acquited of the robbery of one of 6 men
..... 6 weeks later, **Ashe** was convicted for the robber y of one of the
other men (poker players in the basement of a home)- applying the doc-
trine of collateral estoppel the court reversed **Ashe'** conviction,
holding that his acquital in the first trial precluded the state from
charging him for the second offense. id. at 90 S.Ct. at 1195-96.
**Ashe** held that:

>             "When an issue of ultimate fact has
>       once been determined by a valid and fi
>       -nal judgement the issue cannot again
>       be litigated between the same parties
>       in any future lawsuit."

Id. at 1194.

   The court specifically noted that "mutuality" was not an ingre-
dient of the collateral estoppel rule imposed by the 5th & 14th Amends.
upon the state. id.

957

Cf. **McFarland v. American Sugar Ref. Co.**, 36 S.Ct. 498, 60 L.Ed. 2d 899 (1961). "it is not within the provence of the legislature to declare an individual presumptively guilty of a crime."

And in one of Alaska's own cases, **State v. Williams**, 730 P.2d 806, (Alaska 1987), the defendant was charged with tampering with evidence after having been acquited of murder-- at the time of **Williams** trial, the state possessed overwhelming evidence that **Williams** had tampered with evidence (the victim's body)- the defendant argued that the new charge grew out of the "same conduct" as the former murder indictment and that the time limit to try him on the new charge had expired.

On appeal the court of appeals issued a per curiam opinion with three separate concurrences and affirmed the superior court's dismissal of the indictment for tampering with evidence on grounds of double jeopardy. the State Supreme Court affirmed the court of appeals's decision concluding that the tampering with evidence char-ge after **Williams** acquital woiuld violate the double jeopardy clause of the Alaska constitution. at 807 Id.

In **United States v. Dixon**, 113 S.Ct. 2849, 125 L.Ed.2d 556(1993) two defendants were charged with contempt - **Dixon** was charged with violating his bail release terms by possessing cocaine with intent to distribute; the other defendant (**Foster**) were charged with viola-ting a restraining order- to prove the contempt, the government introduced evidence to prove the underlying crimes that led to thier contempt convictions. thereafter the government sought to prosecute the underlying crimes, the Supreme Court ruled that **Dixon** drug pro-secution and one of the charges brought against **foster** violated the federal double jeopardy clause.

Pg. 59

## UNDER PRINCIPLES OF JEOPARDY AND STATUE OF LIMITATION THE LAW REQUIRE VACATING THE VERDICT AND JUDGEMENT ON ALL COUNTS IN CASE 4BE-S90-902Cr. and dismissal with prejudice.

As discussed in the § on judicial finality, the jury ver-dict operated to preclude a trial of the weapons misconduct char-ge in case -90-902Cr. . Were this not the law, the policy concerns underlying jeopardy would be impotent to prevent judicial and pro-secutoral abuses of power. **Brown v. Ohio,**

In this case, the authorities arrested Mr.Simmons on two se-parate occassions for misconduct involving weapons, the same hand-gun. July 1990, and in September, 1990. under these facts, the de-fendant's speedy tsrial rights and the statue of limitation were undermined by the state's dsecision to move forward in tshe prose-cution of the same offense in different proceedings; the state de-cision to trial Mr. Simmons on triple counts in different indict-ments further undermined the defendant's right to assert his spee-dy ltrial right or to make a claim of prosecutoral delay, or   a future claim of a statue of limitation violation on counts III & IV of the indictment, case -902Cr. and conflicts with the rule of law that a direct appeal on the merits "waive all none jurisdic-tional defects." **DeSacia v. State,** 469 P.2d 369,379, n.25(Alaska 1970).

In the instant case, the state was aware that the counts in case -552Cr. were the same as that in case -902Cr. and inspite of its theory of "continuous possession" in case 552Cr., moved for-

(14)

959

Pg. 60

ward to seek another conviction of the same offense and third de-
gree assault, in a different proceeding, for what should have been
only one indictment leaving it to the defendant to move for seve-
rance of counts III & IV from counts I & II. in this case the pro
-secutor was reckless in that an error of law was being committed
likely to result in a reversal because jeopardy plainly proscribed
successive prosecution for the same offense after a conviction, and
the  risk of harm to the defendant was unreasonable and denied Mr.
Simmons due process.

Similarly, at the time of retrial in the underlying criminal
case Mr. Simmons requested leave to file pre trial motions and as-
serted a plea in bar, to which the state objected indicating it
would be prejudiced. the  court sustained the objection but indica-
ted that the double jeopardy concerns would be heard post verdict.

AThe state was aware of the court of appeals' rejection of its
argument of interrupted possession raised for the first time on  ap
-peal, pointing out that such an argument was inconsistent under
the law of the case it pursued belwo in the trial court- yet, it re
-peated this theory knowing the risk of harm to the defendant exer-
cise of his constitutional and other rights were unreasonable.; and
that his retrial as in the first trial, in joining the third degree
assault and weapons misconduct charges to the remaining counts in
case 902Cr. would prejudice the defendant.

This court also rejected the state's "interruption theory", but
held that because the defendant had an allocution hearing after the
jury had returned a guilty verdict, introduction of his prior con-
viction was not out weighed by its prejudicial impact and that Mr.
Simmons suffered no harm., although the court recognized that E.A

960

Pg. 61

testimony in -S90-552Cr. was crucial under the state's theory.

## STATUTE OF LIMITATION

At the time of Mr. Simmons retrial in case -S90-902Cr. the state was time barred from further prosecution of the weapons misconduct and third degree assault counts, in addition jeopardy barred the remaining counts because of prosecutorial misconduct.

As previously indicated Mr. Simmons' arrest occurred in July of 1990; the court of appeals affirmance "terminated jeopardy"; and, the defendant had completed his full term of the maximum time allowed by law, i.e. five (5) years., thus the state was absolutely barred from retrying either violations under the statute of limi -tations and principles of jeopardy with respects to third degree assault, in case -S90-902Cr.

**THE PROSECUTOR DELIBERATELY INJECTED IMPERMISSABLE PREJUDICIAL INFORMATION IN TO THE CASE OF 4BE-S90-902Cr. BY JOINING COUNTS III & IV TO COUNTS I & II AND UN-DER PRINCIPLE OB JEOPARDY FURTHER PROSE-CUTION WAS BARRED.**

On appeal the court of appeals did not consider all the points raised but reviewed plaintiff's conviction under the confron -tation clause to the 6th Amend, Art. 1,§ 7 of the U.S. and Alaska Consts.; although the issue of joinder was raised but not consider -ed.

On retrial plaintiff sought to file pre trial motions to ad-dress numerous double jeopardy and limitations claims, the state objected without a proffer- however, this court sustained the state -'s objection, but noted plaintiff's double jeopardy claims would not be #

961

Pg. 62

not be waived and would entertain a post verdict motion as to those claims.

Plaintiff did not accept the court's invitation, however, instead, attack his convictions pursuant to Cr.R. 35.1 as to these claims, the court noted plaintiff's claim no. 5, withstood the state's motion to dismiss- IV, on **App. For Conviction Relief**, -96 67Civ.

While the prosecutor is free to strike hard blows, it is not at liberty to strike  foul ones. **Berger v. United States,** 55 S.Ct. 629, 633, 79 L.Ed. 1314(1935); because the prosecutor is under a constitutional obligation to provide a defendant a fair trial be -fore an impartial jury empaneled to determine the issues solely on the basis of the evidence introduced at trial rather than on the basis of bias or prejudice; a prosecutor who deliberately injects prejudicial information into the trial calculated to mislead the jury and to produce a wrong conviction, denies the defendant due process under the 6th and 14th, Amends., Art. 1, 7 & 11 of the U.S and Alaska Consts., and so undermind the fundamental fairness of the trial as to cast serious doubt upon the reliability of the jud -gement of conviction.

A defendant who has been charged wiht "triple charges" of the same offense under a theory of "constructive possession" might be- lieve that it is hopeless to demand an inmmediate trial on the issues because his speedy trial right would not avail him in light of having to fact a repeat of the same charge (whether he is ac- quited or found guilty), in a different proceeding.

Even if the charge had been dismissed on a rule 5 motion by

962

Pg. 63

the state, and the defendant later indicted charging the same
offense and others, the defendant's speedy trial rights remain
impaired because of the improper joinder, which, by the very na
-ture of the identical charge and the count arising therefrom, ne
-cessarily must be viewed as a compelling circumstance to force
the defendant unwillingly to forego that right in at least one
of the multi counts indictments. that the risk of harm to the de-
fendant was unreasonable because the prosecutor knew or reasonably
should have known that it was impermissible under the double jeo-
pardy clause to retry these counts.

The convictions on counts I & II were irrevocably tainted by
the felon-in-possession count, for the simple reason that but for
the weapons misconduct charge, the jury would not have known that'
Mr. Simmons had a felony record. Evidence that the defendant has a
criminal record is obviously prejudicial. **Oksoktaruk v. State** 611
P.2d 521, 524 (Alaska 19980). "The law has recognized when a jury
may be prejudiced against a defendant." **State v. McLaughlin,** 860
P.2d 1270,1280 (Alaska App. 1993)(Coats, J.,dissenting). In most
cases, "evidence of prior convictions would have no evidentiary re
-levance except to establish the defendant's general propensity to
commit crimes-- an impermissible, and therefore illegitimate, pur
-pose under Alaska Rule of Evidence 404(b)(1)." Id. at 1273. There
is an "obvious danger of prejudice" when prior convictions are ad-
mitted. Id. at 1274.

The **McLaughlin** court held, nonetheless, that in felon-inp-poss
-ession cases the state may present evidence of a defendant's prior

(18)

963

Pg. 64

felony conviction despite an offer to stipulate. Whatever the pre

-judice, the court held, the jury has a right to determine every

element of the offense. Id.at 1277.

The same rationale does not apply here. In this case, joinder

of the weapons charge was illegitmate and the evidence gratuitous.

The jury had no right to be informed of Mr. Simmons' prior convic

-tion when the weapons charge was unlawful at the threshold.

In **Elerson v. State,** 732 P.2d 192, 195 (Alaska App. 1987),

the court of appeals held it error to deny a motion to sever a fe

-lon in-possession charge from other joined counts. the "potential

for prejudice," the court, "stems from the admission into evidence

of [the defendant's] prior felony conviction, " though the defendant

stipulated to the prior felony and the details of the offense were

not admitted.

> Thus, in considering Elerson's guilt on the theft
> by receiving charges, the jury was aware of his prior
> conviciton. Since the prior conviction would not have
> been admissible against Elerson in a separate trial onm
> the theft charges, we conclude that it was error to de
> -ny severance of those charges.

Id.

The Supreme court took a different approach in **Mead v. State**

445 P.2d 229 (Alaska 1968). The **Mead** court found the danger of pre

-judice outweighed by the "valid governmental interest in the  con

-venience of trying at the same time different crimes against the

the same person." Id. at 234.

Here, in contrast to both cases, there was no "valid govern-

mental interest" in joining the felon-in-possession charge and there

by admitting evidence of Mr. Simmons' prior conviction. The weapon

charge was unlawful. The prejudice inherent in any mention of the

964

Pg. 65

conviction, however perfunctory, was offset by no legitimate in-
terest. Cf.also, **Wortham v. State,** 689 P.2d 1133, 1139(Ct.App.1984)
(denial of untimely severance motion not error). the jury convicted
Mr.Simmons of the burglary and assaults knowing he was a convicted
felon. Mr. Simmons was obviously prejudice.

Moreover, the prosecutor had an affirmative duty to insure that
the ends of public justice would be served by not submiting its
proof, when, if successful in obtaining a conviction, it would be
stripped of that success on appeal; since the failure to do so did
not deprive the state of its "one complete opportunity to convict
the defendant fairly, **Arizona v. Washington,** 98 S.Ct. 824,832, 59 L.
Ed.2d 717 (1978), it was not denied its notice and opportunity to be
heard. **United State v. Jorn,** 91 S.Ct. at 557-558 (plur. opn.)(1971).

As the U.S. Supreme Court teaches, subjecting a defendant to
further proceedings to allow the prosecution the opportunity to am
-iliorate trial deficiencies, evidentiary or procedural, that could
have been otherwise timely corrected. **Swisher v. Brady,** 98 S.Ct. 26
99, 2706-07, 57 L.Ed.2d 705(1978); **Ashe v. Swenson,** 90 S.Ct. at 1195
-96(collateral estoppel)(1970) will not be condone, because the pro
-secution can not allege its  own inaccuracy or neglect, as a rea-
son for a second trial. 16 S.Ct. 1194-95 (1896).

A trial would circumvent and contravene the underlying policy
of the double jeopardy clause and impermissibly reward the prosecu
-tor for its neglect, by permitting the state to "gain an advantage
from what it learned at the first trial about the strenghts of the
defendant's case and the weaknesses of its own," **United State  v. Di
Francesco,** 101 S.Ct. 426, 432, 66 L.Ed.2d 328(1980) of which it
would not otherwise have been entitled and encourage governmental

965

overreaching that tahe double jeopardy clause is suppose to pre-

vent. **Ohio v. Johnson,** 104 S.Ct. 2536, 2542, 81 L.Ed.2d 425(1984).

it would further undermind the constitutional impetus favoring

finality of judgements. **United State v. Difrancesco,** supra, **Arizona**

**v. Washington,** supra; **Hughes v. State,** 668 P.2d 842, 847 (Ak.App.

1983); **Muller v. State,** 478 P.2d 822, 827 n 15(Ak.1971); **Pritchard**

**v. State,** 673 P.2d 201 (Ak.App. 1983). To reward the prosecution

under the facts of this case, would substantially subvert a multi

-plicity of traditional double jeopardy protections; rather, the

purpose of double jeopardy is subserved by refusing to permit ano-

ther trial.

Moreover, it is absurd for the state to argue, that Mr. Simmons

' direct appeal "waived his double jeopardy claims" when, in fact

the state knew that it was trying an defendant for multiple counts

of the same charge in different indictments and that the double jeo

-pardy problem would be obvious. Similarly, at the time of retrial,

having the court of appeals opinion in case -S90-552Cr. in hand, it

knew or should have known, that it was impermissible to retry counts

III & IV, not only because count III required the same element (mis

-conduct) to establish third degree assault, as plaintiff has demon

-strated above, but, also because the statute of limitations are

jurisdictional. **State v. Fogel** 492 P.2d 742, 744 (Ariz.App. 1972):

> "Conditioning an appeal of one offense
> on a coerced surrender of a valid plea of
> former jeopardy on another offense exacts
> a forefeiture in plan confict with the con
> -stititutional bar against double jeopardy."

**Green v. United States,** 78 S.Ct. 221, 225-227, 2 L.Ed.2d 199(1957).

for all these reasons it is manifest that Mr. Simmons' prosecution

was vindictive and denied Mr. Simmons due process under the 5th, 6th

966

Pg. 67

and 14th Amends., Art. 1, §§§ 7,9 and 11 of the U.S. and Alaska Consts.


## CONCLUSION


The court of appeals' interpretation of the application of the principles of jeopardy as applied to the facts in case 552Cr. warranted rejection of the state's "interruption theory" raised on appeal for the first time, because it found not only that the "interruption theory" was different from that pursued below in the trial court , but also because the theory was inconsistent and con -tradictory to, the "rule of law defining possession as "a contin -uing course of conduct" and the state could not, logically nor legally claim "interruption" and 'continuity" simultaneously.

The court of appeals rejected the state's successive prosecu- tion in case -S90-552Cr. for the same offense "during a single trial ", it should be quite apparent, that the state can not retry this case under any theory , because the double jeopardy clause is an intergral part of the framework of procedural protections which the constitution establish for the conduct of a criminal trial. **United States v. Jorn**, (cit. omit) supra. here, the prosecutor disregarded the court of appeals decision and clearly failed to perform a mani- fest duty in reckless disregard of the court of appeals rejection of its "interruption theory", and the constitutional rights of the defendant. If this was not the law, under principles of jeopardy, and statutes of limitations, the rules of evidence would be skewed

(22)

967

Pg. 68

and "individuals constitutional rights would be placed in a se-
condary position to be effecuated only if it accorded with govern
mental expediency." **Barker v. Fairbanks,** 471 P.2d at 394(Cit. Omit)
citing **State v. Gonzales,** 825 P.2d 920 at 923 (Ct.App. 1992). Mr.
Simmons' prosecution was plainly vindictive.

    Under the law and facts of this case Mr. Simmons is
entitled to judgement in his favor, and his convictions must be
vacated and dismissed with prejudice.

    Respectfully submitted this 28

day of Sept 1998.

David Simmons, pro per

968

David Simmons
CCA/Central Ariz. Detention
Center, P.O. BOX 6200
Florence, Az 85232

Pg. 69

## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### FOURTH JUDICIAL DISTRICT AT BETHEL

**DAVID SIMMONS,**
     **Plaintiff,**

                      **4BE-96-67CIV.**

    **v.**

**STATE OF ALASKA,**
     **Respondent./**
4BE-S90-902Cr.

### AFFIDAVIT OF DAVID SIMMOS SUPPORTING MOTION FOR SUMMARY JUDGMENT

**STATE OF ALASKA**     )
                 **ss.**  )
**FOURTH JUDICIAL DISTRICT)**

     **I DAVID SIMMONS** hereby states tshe following, sworn under oath:

    1. I am representing myself in this action for post-conviction relief, with the assistance of advisory counsel.

    2. The facts presented in the accompanying motion for summary judgment are teken from the trial record in 4BE-S90-552Cr., 4B-E-S90-902Cr. and Exhibits on Application for post-conviction re-lief.

    3. I have personal knowledge of the underlying facts assert the facts as presented in the accompanying motion and memorandum are true and correct.

        The foregoing is true to the best of my knowledge and belief.

969

Pg. 70

David Simmons, pro per

**SUBSCRIBED AND SWORN** BEFORE ME THIS _28_ Day of _Sept_ 1998.

at CCA/ Florence, Az.

**NOTARY PUBLIC FOR THE STATE
OF ARIZONA, Pinal Co.
My Commision expires_____.**

My Commission Expires Jan 23, 1999

( 2 )

970

pg. 71

David Simmons
CCA/Central Arizona Detention
Center, P.O. BOX 6200
Florence, AZ 85232


## IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

### FOURTH JUDICIAL DISTRICT AT BETHEL


David Simmons,              4BE-96-67CIV.
      Plaintiff,
             ORDER GRANTING SUMMARY JUDGMENT
   v,

State Of Alaska,
---     Respondent.  /
4BE-S90-902Cr.


     This court having considered the defendant's motion for partial summary judgment, and any opposition from the Defendant, finds good cause to grant the requested relief.

    IT IS THEREFORE ORDERED that the motion is GRANTED. The verdict and judgment in State v. David Simmons, Case 4BE-S90-902Cr. is hereby vacated and dismissed with prejudice.


    Dated this_____day of _____1998.



                  By:_____
                       Mark I. Wood
                       Superior Court Judge, pro tem.

971