IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

DAVID SIMMONS, )
 )
    Applicant, )
 )
vs. )
 )
STATE OF ALASKA, )
 )
    Respondent. )
_____)

CASE NO. 4BE-96-67 CI

FILED In the Trial Courts
State of Alaska, Fourth District

MAR 15 1999

By _____ Deputy

## MEMORANDUM DECISION

This case comes before the court on cross-motions for summary judgment regarding Simmons' third claim for post-conviction relief in this proceeding. All other claims have been previously dismissed. Simmons asserts in his third claim for post-conviction relief that under the state and federal constitutional protections against double jeopardy that the Court of Appeals' decision affirming his convictions for felon-in-possession of a handgun in 4BE-S90-552CR precluded the state from prosecuting him for subsequently possessing the same handgun in Count IV of 4BE-S90-902CR.

Simmons v. State
4BE-96-67 CI
Memorandum Decision

1

**Statement of Facts**

The facts pertaining to this issue are not reasonably in dispute and the case is ripe for summary judgment.[1] In 1990 Simmons was charged by two separate indictments for three acts involving the same handgun. In 4BE-S90-552CR he was charged for two separate acts of possessing the same handgun as a convicted felon: once in April of 1990 and once in July of 1990. In 4BE-S90-902CR he was charged in Count IV with possessing the same handgun as a felon in September of 1990.

During the trial of 4BE-S90-552CR Simmons claimed that he had received the handgun in the mail and possessed it only long enough to dispose of it by selling it to Manny Herrera. On rebuttal and over Simmons' objection the state introduced evidence that Simmons possessed and used the same handgun to assault E.A. in September of 1990. The evidence showed that Simmons asked Manny Herrera for the handgun and Herrera delivered it to him. The state persuasively argued to the jury that Simmons had continuous, constructive possession of the handgun from April to September of 1990.[2] The jury convicted Simmons of both counts of felon-in-possession of a handgun. Holding that when a state charges an individual with multiple counts of felon-in-possession of a handgun on different occasions, the state has the burden of proving beyond a reasonable doubt that the defendant's possession was not

---

[1] Jones v. State, 759 P.2d 558, 565-566 (Alaska App. 1988)

[2] Simmons v. State, 899 P.2d 931, 936-7 (Alaska App. 1995)

Simmons v. State
4BE-96-67 CI
Memorandum Decision

2

Exc. 108
Exc. 269

910

continuous, the Court of Appeals merged the convictions since the state had argued and submitted proof that Simmons' possession of the firearm was continuous from April to September of 1990.[3]

The second trial, 4BE-S90-902CR had to be done twice for reasons unrelated to this post conviction relief claim. At the re-trial of 4BE-S90-902CR the state took special pains to avoid its constructive possession argument as to Count IV (the felon-in-possession of a handgun count). The state subpoenaed Manny Herrera and made him available for trial. Simmons elicited testimony from Herrera (which the state did not contradict in any way) that Simmons sold the handgun to Herrera in the summer of 1990 and relinquished control of the gun at that time. The state reaffirmed that fact in its examination of Herrera. It was therefore undisputed that Simmons did not have continuous possession and control of the firearm in the weeks prior to the assault on E.A..

In 4BE-S90-902CR the state submitted a jury instruction defining possession as actual possession without reference to the theory of constructive possession. The state in its argument conceded to the jury that he had to obtain the gun from Herrera before he could use it to assault E.A. and that he actually possessed it during the assault of E.A. in September 1990. Count IV, the felon-in-possession charge, was bifurcated from the other charges. Evidence of Simmons' felony convictions were

---

[3] Id.

Simmons v. State
4BE-96-67 CI
Memorandum Decision

EXC. 109

3   EXC. 270

presented after the verdicts on the other charges and deliberations on Count IV were held after the other verdicts were returned.

**Discussion**

The federal and state constitutional protections against double jeopardy protect an individual against double punishment for the same offense and multiple prosecutions for the same offense.[4] Simmons claim does not fairly fall within either aspect of double jeopardy. Simmons was never in jeopardy for the September 1990 possession in 4BE-S90-552CR. That possession charge arose subsequently and was prosecuted separately so it was not an unlawful successive prosecution for the same offense. Nor was the sentence which he received for Count IV of 4BE-S90-902CR a double punishment for the same offense. At the second trial the prosecutor conceded Simmons dispossession of the handgun in the summer of 1990 and argued and proved actual possession of the handgun in September of 1990 thereby clearly meeting its burden to disprove Simmons' continuous possession beyond a reasonable doubt.[5]

But that does not end the inquiry. Simmons' advisory counsel raises a collateral estoppel issue which is a subset of double jeopardy analysis. Citing <u>Deman v. State</u>,[6] Mr. Sidell argues in Simmons' behalf that the use by the state of evidence that Simmons possessed the same handgun in September in the first

---

[4]<u>Todd v. State</u>, 884 P.2d 668, 672 (Alaska App. 1984)

[5]<u>Simmons v. State</u>, <u>supra</u> at 936.

[6]677 P.2d 903, 906 (Alaska App. 1984)

Simmons v. State
4BE-96-67 CI
Memorandum Decision
4

pp. 268., Vol. IV (B), App. Rec.

trial (4BE-S90-552CR) in order to argue that Simmons had continuous, constructive possession of the handgun from April to September of 1990 precludes the state from asserting in the second trial (4BE-S90-902CR) that his possession was not continuous, but interrupted and that he only actually possessed it in September after a period of dispossession. Mr. Siddell argues that since the issue was litigated and decided by the jury the doctrine of collateral estoppel or issue preclusion bars the defendant's conviction of Count IV in the second trial. Having litigated and asserted that Simmons' possession of the handgun was continuous from April-September of 1990, the state cannot now allege and prove a separate possession of the handgun for the same September event litigated in the prior trial.

In <u>Deman v. State</u> the Court of Appeals reiterated the analysis for collateral estoppel as enunciated in <u>United States v. Hernandez</u>:[7]

> The collateral estoppel analysis involves a three-step process: (1) an identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.[8]

---

[7] 572 P.2d 218, 220 (9th Cir. 1978)

[8] <u>Id.</u>

**Simmons v. State**
**4BE-96-67 CI**
**Memorandum Decision**

Applying the analysis to case at bar the court first examines the issues in question in the two cases. In the first trial, Simmons was charged with being a felon-in-possession of the same handgun on two separate occasions beginning in April of 1990. Simmons raised the defense of "fleeting possession": that he received the handgun in the mail and only possessed it long enough to sell it to Manny Herrera. To rebut that allegation the state submitted the evidence that in September of 1990 Simmons actually possessed that handgun to assault E.A. and that he obtained it by calling up Herrera to bring it to him. From that evidence the state argued that Simmons had constructive possession of the handgun continually from April to September 1990.[9] In the second case, only the possession in September was in issue. The state used essentially the same evidence to establish Simmons' actual possession of the handgun. The court finds that the issues in both actions are nearly identical and sufficiently material to satisfy the first prong of the collateral estoppel analysis.

The second step of the analysis requires the court to look at the record to determine if the issues were litigated. At issue in both trials was the nature of Simmons' possession of the handgun. In the first trial the state presented the evidence of the September incident to establish that even if the handgun was temporarily out of Simmons' possession, he maintained control of the use and possession of the gun to the extent that he had

---

[9] Simmons v. State, supra at 936, 937.

Simmons v. State
4BE-96-67 CI
Memorandum Decision

Exc. 112

6

Exc. 273

constructive control of it at all times pertinent to the case. In the second trial the state presented the September incident to meet its burden of proof as to the elements of Count IV. The record reveals that the issue was actually litigated in both cases, thus satisfying the second prong.

The third step of the analysis requires a determination from the record as to whether the issue was necessarily decided in the first case. Here the waters muddy. It would be easy to assert that the jury necessarily bought the state's constructive, uninterrupted possession argument and that formed the basis for the convictions in the first trial. But as pointed out by the Court of Appeals in Simmons v. State,[10] the jury in the first case was given instructions defining both actual and constructive possession. Although the state argued that Simmons' possession was constructive and uninterrupted, and essentially invited the jury to convict Simmons of both counts of felon-in-possession of a handgun based upon that argument, it is uncertain from the record whether the jury based its verdicts on the state's arguments of Simmons' constructive, uninterrupted possession of the handgun from April through September of 1990. As the Court of Appeals stated:

> Second, and more fundamentally, although the evidence presented at trial might theoretically have supported a finding of interrupted possession, the jury was never required to consider or decide the issue. Because the instructions did not apprise the jury of the need to find that Simmons'

---

[10] Id.

Simmons v. State
4BE-96-67 CI
Memorandum Decision

Exc. 113

7

Exc. 274

915

>     possession of the .44 magnum pistol had been
>     interrupted at some point between the first
>     alleged offense and the second, th jury's
>     verdicts left the issue unresolved . . ."[11]

In Simmons v. State the Court of Appeals found that ambiguity to work in Simmons favor in determining whether the two separate convictions for felon-in-possession of a firearm should merge in 4BE-S90-552CR.[12] But, since the third prong of the collateral estoppel analysis requires that the issue in question be "necessarily" decided in the first trial, the Court of Appeals finding that the verdicts in 4BE-S90-552CR left the issue "unresolved" is fatal to Simmons argument on issue preclusion.

The third prong of the collateral estoppel analysis has not been satisfied. Simmons' Motion for Summary Judgment must fail. The state's Motion for Summary Judgment is granted and claim #3 of Simmons' application for post-conviction relief is dismissed.

Dated this 15th of March, 1999.

MARK I. WOOD
Superior Court Judge
Pro Tempore

---

[11] Id. at 937

[12] Id.

Simmons v. State
4BE-96-67 CI
Memorandum Decision

8

EXC. 114



Exc. 275

916