Pg. 80

IN THE SUPREME COURT FOR THE STATE OF ALASKA

DAVID SIMMONS,                    )
                                  )            Ex. Q
          PETITIONER,             )
                                  )
     vs.                          )
                                  )
STATE OF ALASKA,                  )
                                  )
          RESPONDENT              )
_____)

Supreme Court No. _____
No. A-4363
Superior Court No. 4BE-S90-902 CR.

## CERTIFICATION

I certify that:

     /xx/ This document and its attachments do not contain information that is confidential under AS 12.61.110 or the name of a victim of a crime listed in AS 12.61.140

     /  / This document and its attachment do contain information
that may be placed in a court file under an exception listed in AS 12.61.130(b).  This information appears at _____.
This document and its attachments do not contain the name of a victim of a crime listed in AS 12.61.140.

### PETITION FOR DISCRETIONARY REVIEW OF APPELLATE DECISION
### [Appellate Rules 302(a), 303 & 304]

     COMES NOW DAVID SIMMONS, by and through his counsel,

Randall S. Cavanaugh, who hereby appeals that the decision of

the appellate court not allow the materials relating to E.A.

to be part of the record be reversed as it is not in

compliance with the laws concerning records on appeals and due

     A. Grounds for Review: Appellate Rule 304 (a) & (b).

### FACTS OF THE CASE AND COURSE OF PROCEEDINGS

     Simmons was charged in an indictment that was filed

on 11/1/90 with four counts.  He was charged with committing

the following crimes: Count I. Burglary in the first degree

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

PLAINTIFF
EXHIBIT NO. 1
ADMITTED ☐

Exc. 124                    459

(A.S. 11.46.300(a)(1); Count II. Assault in the Second degree (A.S. 11.41.210(a)(1); Count II. Assault in the third degree (A.S. 11.41.220(a)(1); and Count IV. Misconduct involving Weapons in the first degree (A.S. 11.61.200(a)(1). (R pp. 1-3) Simmons pled not guilty and the case eventually went to trial. Simmons was acting pro se with advisory counsel.

E.A. is the primary witness as to all counts as it was her residence that was entered and she was the sole alleged victim in the assaults. E.A. testified extensively as to the assaultive behavior. On cross examination, E.A. testified that the police insisted that she go to the hospital. She further stated that she had a conversation with the officers and that it was stated to her that if she didn't testified favorably at the grand jury that she could spend at least five years in jail. E.A. said she was afraid. (T.R. pp. 558-571).

Simmons questioned her as to the extent of the injuries. E.A. testified that she didn't require stitches and was at the hospital for an hour and a half. It was at this point that the police came to hospital and took her to the police station. E.A. testified that Officer Bilyue stated for her not to change anything. (T.R. pp. 576-577)

Simmons then attempted to question E.A. as to the incident on Nov. 20, 1990 and the materials contained in an affidavit. The district attorney objected and the court sustained it. E.A. testified that she told the grand jury that she received the injuries due to a fall. She testified as to

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 279-4119

Exc. 125

Pg. 82

her motivation about testifying against Simmons. (T.R. pp. 578-585)

E.A. then confirmed that she was coached in her statements and was provided a tape by a secretary at the district attorney's office. E.A. testified that she was testifying differently than in the grand jury because she had to. She stated that was told to by Sgt. Bilyeu and the D.A.'s office. E.A. testified that she was threatened to be put in jail if she spoke up for David (Simmons). E.A. then testified that she had charges brought up against her and the court sustained the state's objection. Simmons then questioned E.A. as to the September incident. She stated that Simmons admitted to speaking to Herrera. He asked if E.A. was under the influence of drugs at the time; the state objected and the court sustained it. (T.R. pp. 585-588)

E.A. under-cross examination testified that her back was to Simmons and she did not see him hit her. He asked if he could have fallen. She replied no; but then admitted that she didn't know if he stumbled and fell. E.A. confirmed that she was angry, upset and assumed that he struck her. It also confirmed that she was under a great deal of stress at the time due to her brother's death. She confirmed that she testified to the same before the grand jury. E.A. then testified that the police report was correct story. She was then asked if she lied before the grand jury; she replied yes and no. E.A. then said that she was saying things because the defendant told her to. She admitted she had been put under a

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 276-4119

Exc. 126

Pg. 83

lot of pressure through Simmons, the police and this went on for quite awhile. She said she was there to tell the truth. (T.R. pp. 593-603)

Simmons made prior application to bring up that the state had made a deal with E.A. to testify consistent with the police statements.   The court denied the application and took judicial notice that any cases against her have been dismissed so that anything about that was irrelevant. (T.R. pp. 604-605).   Simmons was unable to bring up the deal between the state and E.A.   The jury found Simmons guilty on all charges.

Simmons was given 30 years, the maximum on each count to run consecutive.   It noted that Simmons was sentenced to forty years when taking into account the case of 4BE-S90-552. (T.R. pp. 1248-1265).   Simmons appealed his case.

Simmons contends on appeal that the trial court erred in limiting his right to cross-examine E.A. on the issue of motivations and bias in violation of the constitutional rights as provided and guaranteed by both the state of Alaska and the federal constitutions.   Simmons asserts that E.A. was being forced to testify against him; this is supported by the criminal docket in Bethel, Alaska.   During the pendency of the action, E.A. had two cases that were pending until just before trial.   E.A. was charged in the case of State of Alaska v. E.A., 4BE-S91-74 Cr.   This case involved two counts of assault and one count of disorderly conduct.   One count involved an assault against an officer.   This case was dismissed by the district attorney's office. E.A. had yet a further case, State

KIRK RODINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

Pg.84

of Alaska v. E.A., 4BE-S91-136 Cr.    This case involved an allegation of perjury (a class B felony).  This case was also dismissed before trial. It is clear from the log notes that the cases against E.A. would be dismissed if she testified against Simmons. Simmons contends that he should have been able to bring out this information during the trial to show that there was corroboration as to the statement that E.A. was being forced to testify and she had both a motive and bias in her testimony.

Simmons contends that the court of appeals should allowed the supplementing of the record to allow it an accurate basis for reviewing whether or not the court improperly limited the cross-examination of E.A.  The record in State of Alaska v. E.A. 4BE-S91-136 CR clearly demonstrates that the court and the district attorney knew there was a deal. E.A. was indicted for perjury concerning her actions in relation to Simmons.  Specifically she was charged with perjury on February 28, 1991. (See motion to supplement record: case of State v. E.A., 4BE-S91-136 CR)

A review of the log notes clearly show that there was a deal between Ms. E.A. concerning her testimony against Simmons.  The district attorney continued E.A.'s matters as a part of the deal concerning her testimony against Simmons.  A review of the log notes also reflects that Judge Curda knew of this deal (thus there was a basis for his judicial notice in the trial).  The case was ultimately dismissed by the state of Alaska. (See motion to supplement record Exhibit A.)

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

Exc. 127

463

A defendant's right to cross-examine in a criminal case is secured by the confrontation clauses of the United States and Alaska Constitutions. U.S. Const. amend. VI; Alaska Const. art. I, section 11. <u>Davis v. Alaska</u>, 415 U.S. 308, 316 (1974) states and re-enforces the importance of this right. The trial court must be particularly solicitous toward cross-examination that is intended to reveal bias, prejudice, or motive to testify falsely. <u>See</u> <u>Evans v. State</u>, 550 P.2d 830 (Alaska 1976), <u>United States v. Abel</u>, 469 U.S. 45, 105 S.Ct. 465, 469, 83 L.2Ed. 450 (1980). This was most recently stressed by the court of appeal in the case of <u>Wood v. State</u>, (Opinion No. 1241, issued August 14, 1992). In that case the court of appeals confirmed that the right to cross-examine is fundamental. This was confirmed in the case of <u>Hawley v. State</u>, 614 P.2d 1349 at 1358 (Alaska 1980). It is an abuse of discretion if the jury does not receive information adequate to allow it to evaluate the bias and motives of a witness. <u>Stumpf v. State</u>, 749 P.2d 880, 901 (Alaska App. 1988).

Simmons was trying to show that E.A. was testifying against him under the threat of prosecution and there was a deal. It was already clear that she was angry at him and wanted revenge.(T.R. pp. 585) He was also trying to show that her perceptions of the events could have been flawed due to the influence of controlled substances. Simmons was also entitled to have the jury know what happened to E.A.'s charges, "including the role the state had played". <u>United States v. Masino</u>, 275 R.2d 129, 132-33, (3rd Cir. 1960).

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 276-4119

Pg. 86

United States v. Musgrove, 483 F.2d 327, 338 (5th Cir. 1973)
cert. denied 414 U.S. 1023, 94 S.Ct. 447, 38-L.Ed 2d 316.  The
jury had the right to know that E.A. had a powerful incentive
to testify the way she did in Mr. Simmons' trial.  Shakespeare
v. State, 827 P.2d 454 at 458 (Alaska App. 1992).  Denial of
the materials from E.A.'s case

On the failure to permit examination of a witness'
bias, the court in Hutchings v. State, 518 P.2d 767 (Alaska
1974) reversed the trial court's ruling sustaining the state's
"irrelevancy objection" because the undercover agent had been
subsequently discharged from the police force and was at the
time seeking reinstatement.  Similarly, E.A. testified when
there was an undisclosed agreement (the trial judge's actions
prevented the jury to know the scope of the deal).  The
state's dismissal of the charges just before trial when there
was a deal was indicative that the state was trying to keep
E.A. in line and try to keep her from being impeached via
Evidence Rule 609.  In this way the state was not playing fair
and the judge knew the circumstances. The appellate court
should have this information as part of the record when
considering the limitations imposed upon Simmons' cross-
examination of E.A.

Simmons contends that under the circumstances, that the
trial court's error in precluding his cross-examination of E.A. as
to her motivations and whether or not her perceptions were
influenced was not harmless error beyond a reasonable doubt. Thus
the conviction must be reversed and the case remanded (thus he

KIRK ROHNSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 276-1659
FAX (907) 276-4119

Exc. 129                    465

Pg. 87

filed his appeal).

Simmons filed a motion to supplement the appellate record with the materials from E.A.'s files. (See attachment A). This would allow the court of appeals to fully review the actions of the trial judge in light of the knowledge known to trial court. The state opposed the supplementing of the record (it is clear that it views the material as harmful to its contention that the trial was proper and constitutional). The appellate court then ruled against Simmons stating that it had to be shown that the court knew of the materials (See attachment C). Simmons responded by emphasizing that Judge Curda was the one who knew of the deals in prior hearings and that he signed off on the misdemeanor complaint.(See attachment B). The court of appeals ruled against Mr. Simmons. (See attachment C). The effect of the ruling is that the record in Simmons case would not contain highly relevant material of E.A.'s charges and deal with the state that was before the same judge.

B.    Simmons contends that the material contained in E.A.'s files were properly before the trial court (thus part of the record) because Judge Curda took judicial notice of status of her cases pursuant to Alaska Evidence Rule 201. The court does not specifically state that the basis, but the inference would be probably be 201 (b)(2) since the files of E.A. were in the Bethel court house and that he had reviewed them personally.

C.    The court of appeal's ruling in denying the supplementing of the record with E.A.'s file is a significant ruling as it an important interpretation as to the scope of judicial notice made during a trial and its effect upon the

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

Exc.   130                            466

Pg. 88

appellate record.   Alaska Appellate Rule 304 (c) and (d).

The practical effect is that the court of appeals will not consider the status of cases where it has been clearly shown in the log notes that the trial judge had actual notice of the status of the case of a witness and makes a ruling on that case; but the trial court deems the material as being dismissed and irrelevant based on his knowledge of the case.   There is no case law on point as to whether or not a judicial notice as to an aspect of a case thereby impleads by implication the entire file for the purpose of review on the appellate level as to the decision of the trial court in matters involving cross-examination were correct.

The case as the potential of affecting others as it is practice of trial courts to make a decision in an expeditious manner during the course of trial to prevent undue delay in bringing a close to matters. To prevent a defendant from being prejudiced (in effect have the same type of ruling), an attorney or defendant will have to go the laborious process of having the file brought and having a copy of said record admitted as part of the record. (Thereby wiping out the various time savings expressly created by the policy and effect of "judicial notice evidence rule").   Thus this type of ruling may be repeated in other cases and the court of appeal should know what the scope of the record is with certainty.

In this case Mr. Simmons contends that the entire files of E.A. is a part of the record for the purpose of appellate review for the following reasons.  First, there was actual and personal knowledge by the court that E.A. was the subject of criminal

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 276-4119

Exc. 131

proceedings and the deal.   This is clear from the fact that E.A. (as it shown by the log notes) was before the judge for a felony matter and he was told that she had a misdemeanor case (in which he signed as the judicial officer).   Her felony case was travelling with Simmons' case and it was mentioned her case that there were delays in her case because his trials had not started.   Second, the Bethel district attorney's office was the same party in the case of E.A. as the case involving Simmons.

### CONCLUSION

The court of appeal was overly cautious and restrictive in considering the scope of what constitutes judicial notice under evidence rule 201 and how it should be viewed in what is or is not part of the record.   Therefore the order of the appellate court denying the supplementing of the record with the materials from the cases of E.A. should be vacated and it should be ordered that the materials from E.A.'s cases shall be included as part of the record in the appeal.

SUBMITTED at Anchorage, Alaska on this ⟨20⟩ day of September, 1993.

_____
Randall S. Cavanaugh
Co-Counsel for Petitioner

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

Exc. 132

Pg. 90

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was forwarded to the office of Special Prosecutions and Appeals in Anchorage, Alaska on the 20 day of September, 1993.

BY: _____
Randall S. Cavanaugh
Attorney for Petitioner

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 276-4119

Exc. 133

IN THE COURT OF APPEALS FOR THE STATE OF ALASKA

DAVID SIMMONS,                    )
          Appellant,              )
                                  )
     vs.                          )
                                  )
STATE OF ALASKA,                  )
                                  )
          Appellee                )
_____)

No. A-4475
Trial Ct. No. 4BE-S90-902 Cr.

I CERTIFY:

     / XX /    This document and its attachments do not
contain  information that is confidential under AS 12.61.140
or the name of a victim of a crime listed in AS 12.61.140.

     /    /    This document or an attachment contains
information that may be placed in a court file under an
exception listed in AS 12.61.130(b). This information appears
at _____. This document and its attachments do not contain
the name of a victim of crime listed in AS 12.61.140.

<u>MOTION TO SUPPLEMENT RECORD</u>
[Appellate Rule 215 (h)]

     Comes Now Randall S. Cavanaugh, who hereby requests that

the court accept the following materials in the support of Mr.

Simmons' appellate record.  This motion is supported by the

attached affidavit of counsel.

A. Case <u>State of Alaska v. E.A.</u>, 4BE-S91-136 Cr.

     1. indictment: dated 2-28-91

     2. Log notes from May 17, 1991

     3. Log notes from June 14, 1991

     4. Log notes September, 1991

     5. Log notes 11-1-91

     6. Log notes 12-18-91

     7. Notice of dismissal: date 11-25-91

KIRK HOBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 276-4119

(Exhibit: A)    Exc. 134    470

Pg. 92

B. Case <u>State of Alaska v. E.A.</u>, 4BE-S91-074 Cr.

    1. misdemeanor complaint: dated 2-10-91

    2. Log notes from May 15, 1991

    3. Log notes from July 12, 1991

    4. Log notes from September 9, 1991

    5. Log Notes November 13, 1991

    6. Log notes November 15, 1991

    7. Log notes November 21, 1991

    8. Log notes November 22, 1991

    9. Notice of dismissal: date November 25, 1991

Signed and dated this _16_ day of August, 1993.

Randall S. Cavanaugh

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

Exc. 135

471

Pg. 93

RANDALL S. CAVANAUGH
ATTORNEY AT LAW
900 W. 5TH AVENUE, STE. 730
ANCHORAGE, ALASKA 99501
(907) 279-1659

IN THE COURT OF APPEALS FOR THE STATE OF ALASKA

DAVID SIMMONS,                    )
            Appellant,            )
                                  )
     vs.                          )
                                  )
STATE OF ALASKA,                  )
                                  )
            Appellee              )
_____)

No. A-4475

### AFFIDAVIT IN SUPPORT OF SUPPLEMENT RECORD

COMES NOW RANDALL S. CAVANAUGH, attorney at law, who hereby states and affirms the following under the penalty of perjury:

1. The brief in the case has been submitted in this matter. In the brief there are references to the cases involving the state's primary witness: E.A. Mr. Simmons wanted to cross-examine E.A. concerning the state make a deal with her. The court denied the the request and stated that it was taking judical notice that the case were dismissed.

2. I was intending to have the tapes transcribed; however, I had to seek approval from the office of Public Advocacy for this expenditure. Mr. McGee stated that it was not approved. He stated I should first submit the log notes in the E.A. matters to see if the court needed more information and that court may submit an order to the trial court to have the matters transcribed.

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 279-4119

Exc. 136                                      472

Pg. 94

3. I have included only the log notes that contain references to the fact there was deal concerning E.A. testifying against Mr. Simmons. I spoke to Mr. Dayan, counsel for E.A, after receiving the materials. He verified that in the case 4BE-S91-136 that E.A. had to testify against Mr. Simmons in exchange for the perjury charge to be dropped.

4. This motion to supplement the record is not meant to prejudice or delay the State of Alaska. The purpose to explain the overall situation involving the state's primary witness: E.A.

Signed this 16th day of August, 1993.

Randall S. Cavanaugh

SWORN AND SUBSCRIBED before me this 16th day of August, 1993.

BY:

NOTARY PUBLIC AND FOR THE
STATE OF ALASKA
My commission expires: 6/3/97

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
600 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

Exc. 137

472

Pg. 95

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing documents were sent on the _16_ day of August, 1993 to the following individual(s):

MS. HORA, ESQ
OFFICE OF SPECIAL PROSECUTIONS AND APPEALS
310 K STREET, STE 300
ANCHORAGE, ALASKA 99501

Document sent by messenger service:

motion to supplement record
affidavit of counsel
attachments

mailed to:

David Simmons
Spring Creek Correctional Facility
P.O. Box 2109
Seward, Alaska 99664

by: _____

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 276-4119

Exc. 138

474

P9.96

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

STATE OF ALASKA,                    )
                                    )
            Plaintiff,              )
                                    )
      vs.                           )
                                    )        FILED IN OPEN COURT
                                    )        DATE 3-1-91
ELAINE ALOYSIUS                     )        BY
                                    )           Deputy Clerk
            Defendant.              )
_____)

Case No. 4BE-S91-136   CR

INDICTMENT

PERJURY
AS 11.56.200(a)

THE GRAND JURY CHARGES:

      That on or about the 26th day of February, 1991, at or near Bethel, in the Fourth Judicial District, State of Alaska, ELAINE ALOYSIUS, did unlawfully and knowingly make a false sworn statement.

      All of which is a class B felony offense being contrary to and in violation of AS 11.56.200 and against the peace and dignity of the State of Alaska.

DATED   at   Bethel,   Alaska   this   28   day   of
February         , 19 91.

A TRUE BILL

_Susan Rapoza_
Grand Jury Foreperson

_Steve Wallace_
Steve Wallace
Assistant District Attorney

INDICTMENT - ELAINE ALOYSIUS

Exc. -139                    475

Pg. 97

1

2

3    Witnesses examined before the Grand Jury:
     John Hodges
4    John Bilyeu
     ~~Ben Henson~~ Sarah Brink SBW

5

6    DEFENDANT INFORMATION:
     DOB: _____
7    RES: _____

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Exc. 140*

INDICTMENT - ELAINE ALOYSIUS

476

DISTRICT ATTORNEY, STATE OF ALASKA
P.O. BOX 735
BETHEL, ALASKA 99559
(907) 543-2055

Pg. 98

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

STATE OF ALASKA,                  )
                                  )
            Plaintiff,            )
                                  )
v.                                )
                                  )
ELAINE ALOYSIUS,                  )
                                  )
            Defendant.            )
_____  )

Case No.  4BE-S91-74 Cr.
          136

CERTIFICATION

I certify that:

___  This document and its attachments do not contain information that is confidential under AS
     12.61.110 or the name of a victim of a crime listed in AS 12.61.140.

___  This document or an attachment contains confidential information that may be placed in a court
     file under an exception listed in AS 12.61.130(b).   This information appears at
     _____.  This document and its attachments do not contain the name of a victim
     of a crime listed in AS 12.61.140.

## NOTICE OF DISMISSAL

            Pursuant to Criminal Rule 43(a) the above-entitled

case is DISMISSED.

            DATED this 25th day of November, 1991, at Bethel,

Alaska.

                        CHARLES E. COLE
                        ATTORNEY GENERAL


                  By:   _____
                        Bruce G. Ward
                        Assistant District Attorney

Charge:  CT I:  Perjury

Date of Offense:  02/10/91

I hereby certify that a copy of the
foregoing was mailed/delivered to:
Davan & Hahn on 11-25-91 .
_____

I certify that on  1-31-92
copies of this form were sent to:
CLERK. _____

4KCC, PS, Medica, BPD

488

Exc. 152

DISTRICT ATTORNEY, STATE OF ALASKA
P.O. BOX 755
BETHEL, ALASKA 99559
(907) 543-2055

## In the District Court of the State of Alaska

Fourth        Judicial District,        Bethel        Alaska

| | |
|---|---|
| State of Alaska | Misdemeanor |
| **Plaintiff** | **Criminal Complaint** |
| vs | No. ___ Cr. ___ |
| Elaine Aloysius | Ct. I: Assault in the Fourth Degree |
| DOB: 8/30/1957 | Ct.II: Assault in the Fourth Degree |
| O/L: 0594842 | CtIII: Disorderly Conduct |
| **Defendant** | Police Case #91-0748 |

Complainant, _____ Officer Richard Kammeyer

personally appearing before me and being duly sworn, states that on or about the _____ 10th _____ day of

Febuary _____ 19 91 . at or near _____ Bethel _____ in the _____ Fourth _____ Judicial

District, State of Alaska, **Elaine Aloysius committed the crime of assault in the fourth degree,** when she recklessly caused physical injury to Officer Kevin I. Short of the Bethel Police Department.

All of which is a Class A misdemeanor offense being contrary to and in violation of AS 11.41.230(a)(1) and against the peace and dignity of the State of Alaska.

#### Ct. II
Elaine Aloysius committed the crime of assault in the fourth degree when she recklessly caused physical injury to Correctional Sergeant Carmen A. Campbell of Y.K.C.C..

#### Ct. III
Elaine Aloysius committed the crime of disorderly conduct when she was in a public place, where a crime had occurred, she refused an lawful order of a police officer to disperse.

All of which is a Class B misdemeanor offense being contrary to and in violation of AS 11.61.110(a)(3) and against the peace and dignity of the State of Alaska.

This complaint is based upon the observations and investigation of Officer Kevin Short of the Bethel Police Department, who was assisting other Officers during a D.W.I. investigation on the State Highway, near Y.K.C.C.. The defendant was a passenger in the vehicle under D.W.I.. investigation and she was highly uncooperative by yelling out obscenities at the Officers. Officer Short ordered the defendant to leave the crime scene when she refused and then kicking the patrol unit's passenger door twice. The defendant was arrested accordingly and during the remand at Y.K.C.C., she became very combative and kicked Officer Short in the right leg and grabbed the Officer's genitals causing pain. The defendant further kicked Correctional Sargeant Campbell in the right thigh with her knee. Correctional Sargeant Campbell said it caused him pain to his right leg.

(SIGNATURE OF COMPLAINANT)

Sworn to and subscribed before me this _____ day of _____, 19 __

Exc. 153

489

(SEAL)

In the District Court of the State of Alaska

Fourth Judicial District,    Bethel        Alaska

State of Alaska

                                    Plaintiff

                vs
Elaine Aloysius
DOB:  8/30/1957
O/L:  0594842

                                    Defendant

                                            Misdemeanor
                                            Criminal Complaint

                                            No. _____ Cr.
                                            Ct. I: Assault in the Fourth Degree
                                            Ct.II: Assault in the Fourth Degree
                                            CtIII: Disorderly Conduct
                                            Police Case #91-0748

Complainant, _____ Officer Richard Kammeyer _____

personally appearing before me and being duly sworn, states that on or about the _____ 10th _____ day of

Febuary _____, 19 91 _____, at or near _____ Bethel _____, in the _____ Fourth _____ Judicial

District, State of Alaska. _____


Alcohol involvement was apparent in these assaults and the act of disorderly conduct.

The  complainant has reviewed this complaint and finds it to be true and factual to the
best of his knowledge.

Elaine Aloysius
Gen. Del.
Bethel, Alaska 99559

                                Page 2 of 2


                                _____
                                        (SIGNATURE OF COMPLAINANT)

                                                                490
Sworn to and subscribed before me this _____ 10 _____ day of _____ Feb _____, 19 91

(SEAL)

Pgs. 101

IN THE DISTRICT COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

STATE OF ALASKA,          )
                          )
        Plaintiff,        )
                          )
v.                        )
                          )
ELAINE ALOYSIUS,          )
                          )
        Defendant.        )
_____)
Case No.  4BE-S91-74  Cr.

### CERTIFICATION

I certify that:

_BW_    This document and its attachments do not contain information that is confidential under AS 12.61.110 or the name of a victim of a crime listed in AS 12.61.140.

____    This document or an attachment contains confidential information that may be placed in a court file under an exception listed in AS 12.61.130(b).  This information appears at _____.  This document and its attachments do not contain the name of a victim of a crime listed in AS 12.61.140.

### NOTICE OF DISMISSAL

        Pursuant to Criminal Rule 43(a) the above-entitled

case is DISMISSED.

        DATED this 25th day of November, 1991, at Bethel,

Alaska.

                          CHARLES E. COLE
                          ATTORNEY GENERAL


                   By: _____
                          Bruce G. Ward
                          Assistant District Attorney

Charge:  CT I:   Assault in the 4th Degree
         CT II:  Assault in the 4th Degree
         CT III: Disorderly Conduct
Date of Offense:  02/10/91

I hereby certify that a copy of the
foregoing was mailed/delivered to:
ANGSTMAN'S LAW OFFICE on 11.25.91 .
_____

DISTRICT ATTORNEY, STATE OF ALASKA
P.O. BOX 755
BETHEL, ALASKA 99559
(907) 543-2055

491

Exc. 155

Pg. 102

IN THE DISTRICT/~~SUPERIOR~~ COURT FOR THE STATE OF ALASKA
AT _Bethel_

(✓) STATE OF ALASKA )
( ) )
)
Plaintiff, )
)
vs. )
)
_Elaine Aloyius_ )
)    CASE NO. _4BF-S91-74_  CR
Defendant. )
DOB: _8/30/57_ )    ORDER OF DISMISSAL

Name of
Defendant: _Elaine Aloysius_          Date of
Offense: _2-10-91_
Crime Charged: _Ct I: II Assault 4th_
_Ct III Disorderly Conduct_

IT IS ORDERED that this case is dismissed pursuant to:

[✓]  Rule 43(a) - Dismissal By Prosecuting Attorney

[ ]  Rule 43(b) - Dismissal By Court

[ ]  Rule 43(c) - Dismissal in Furtherance of Justice

[ ]  Other_____

for the following reason(s):_____

_____

_____

IT IS FURTHER ORDERED that the defendant be released from
custody, any bond executed on behalf of the defendant be
exonerated, and any cash or other security posted as bail be
refunded to the depositors.

_11-22-91_
Date

Judge

_C. R. McMahon, Magistrate_
Type or Print Judge's Name

I certify that on _12-4-91_
a copy of this order was sent to:
PS, Media, RepD, DA, AZO
Clerk _____

_Exc. 156_                    492

Pg. 103

IN THE COURT OF APPEALS FOR THE STATE OF ALASKA

DAVID SIMMONS,          )
                        )
          Appellant,    )
                        )
    vs.                 )
                        )
STATE OF ALASKA,        )
                        )
          Appellee.     )
_____)

No. A-4475
    4BE-S90-902 Cr

### REPLY TO COURT'S ORDER ON APPELLANT'S
### MOTION TO SUPPLEMENT RECORD
[Appellate Rule 210 (h)]

Comes Now Randall S. Cavanaugh, Esq. and David Simmons who hereby requested that the record be supplemented with the cases of E.A. The court in the August 26th order stated it would deny the materials as part of the record unless Mr. Simmons is able to establish that material was before the trial judge.

Mr. Simmons requested in a prior application to bring up the situation between the state of Alaska and E.A. The court denied the application stating that the cases had been dismissed and he was taking judicial notice of it (T.R. pp. 604-605). He used the term in the purual and made no inquiry regarding the cases (therfore it must be inferred he knew of them). Therefore the cases were in fact before the court under Evidence Rule 601 (judge had personal knowledge of the cases as it shown henceforth).

1. Further, an examination of the materials filed with court of appeals will disclosed the following as to case 4BE-S91-136 Cr. At all revelant hearing Judge Curda was on the bench

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 270-1659
FAX (907) 278-4119

Exc. 157
( Attachment B)

493

Pg. 104

when the deal that E.A. would testify against Mr. Simmons and charges were brought up.

a. the log notes on May 17, 1991 has the case before Judge Curda. At log note 3317 the case is identified. The district attorney indicates at 3378 that there is a misdemeanor case and that it will be dismissed for testimony against Simmons

b. the log notes for 6-14-91 discloses that judge Curda was on the bench and states at Log nos. 3893-4103/003-080 that there was a deal and it concerned the Simmons trial.

c. the log notes for 9-91 discloses that judge Curda was on the bench and states at Log nos. 2577-2673(+) that there was a deal and it concerned the Simmons trial.

d. the log notes for 11-1-91 discloses that judge Curda was on the bench and states at Log nos. 2740-2931 that there was a deal and it concerned the Simmons trial and testimony. This case was specifically stated at log no. 2740.

e. the log notes for 12-18-91 discloses that judge Curda was on the bench and states at Log nos. 3229 that there was a deal and it concerned the Simmons trial.

2. Further, an examination of the materials will disclosed the following as to case 4BE-S91-74 Cr.

a. Judge Curda signed off the complaint on the case.

b. the same district attorney's office was involved in the negotiations as to E.A.

c. The alternative, if the material was not properly before Judge Curda (and the district attorney did not disclose

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 274-4119

Exc. 158-                                        494

it...when it was brought up), is that the court made its ruling precluding Mr. Simmons from cross-examining E.A. about the deal without an adequate record or foundation (i.e. it was pre-mature and therefore the court must view what the impact of such a decision had upon Mr. Simmon's case.)

### CONCLUSION

The court of appeals should consider the material that trial court took judicial notice of the status of E.A.'s case of in the deciding the prior application of bringing up the material. Mr. Simmon's believes that court, as presiding judge for Bethel, knew the status of the case (including the misdemeanor case).

If the court deems that the cases were not properly brought up for the purpose of cross-examination, in light of Mr. Simmon's raising the issue it ruled up on it, then the court must consider the material to see if the trial court abused its discretion in denying the material or acted prematurely as to the issue. Then the court must view to see if the error was "harmless". Mr. Simmons contends it was not harmless since it directly affected the case.

Therefore, the court of appeals should include the requested supplemental materials as part of the record.

Signed and dated this ___ day of August, 1993.

Randall S. Cavanaugh, Esq.

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 276-4119

Exc. 159

Pg. 106

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the
foregoing documents were sent on the
_30_ day of AUGUST, 1993 to the following
individual(s):

MS. HORA, ESQ
OFFICE OF SPECIAL PROSECUTIONS AND APPEALS
310 K STREET, STE 300
ANCHORAGE, ALASKA 99501

Document sent by messenger service:

REPLY TO COURT'S ORDER

mailed to David Simmons

by:

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
900 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

Exc. 160

496