```
 1                IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

 2                         FOURTH JUDICIAL DISTRICT

 3     _____
                                       )
 4     STATE OF ALASKA,                )
                                       )
 5              Plaintiff,             )
                                       )
 6          vs.                        )
                                       )
 7     DAVID SIMMONS,                  )
                                       )
 8              Defendant.             )
                                       )
 9     _____

10     No. 4BE-S90-902 CR

11                               VOLUME I

12                       TRANSCRIPT OF ARRAIGNMENT

13              BEFORE THE HONORABLE DALE O. CURDA
                         Superior Court Judge
14
                                                Bethel, Alaska
15                                              November 2, 1990

16     APPEARANCES:

17        FOR THE PLAINTIFF:          STEPHEN WALLACE
                                      Assistant District Attorney
18                                    P.O. Box 755
                                      Bethel, Alaska
19
          FOR THE DEFENDANT:          ELIZABETH BRENNAN
20                                    Assistant Public Defender
                                      P.O. Box 10
21                                    Bethel, Alaska

22

23                                Disclaimer
                    Transcripts Prepared for the Alaska Court System
24     The Alaska Court System accepted this transcript based on a five percent random sample that was at least 99.95 percent accurate or without review because the
       transcriber's work consistently exceeds court system standards (that is, at least 99.95 percent accurate). Because it is possible that this transcript may contain some
25     errors, the court system encourages parties to listen to the tapes of critical portions of the proceedings.
```

EXHIBIT A

VERBATIM TRANSCRIPTS
(907) 333-0734

## Page 2

```
                    P R O C E E D I N G S
    4BE-Chambers I
    Unknown Log Number
        THE CLERK: Back on record.
        THE COURT: We're back on record in Mr. Simmons' case,
    4BE-S90-902. Miss Brennan is here with Mr. Simmons. This is a
    case that originally started out as 4BE-S90-797. It was
    dismissed because of a lack of a preliminary hearing. Mr.
    Sim -- on that case the court had appointed the public defender
    agency to represent Mr. Simmons. Mr. Simmons, I know it's the
    same case, but technically speaking, we have to deal with it
    anew on the 902 case, which is basically the same case as in the
    797 case. Do you still want the public defender agency
    representing you on that case?
        MR. SIMMONS: Your Honor, for purposes of the bail hearing
    I'm going to ask the court to recognize my right to address it
    as far as the bail hearing goes, as co-counsel. To the limited
    extent of.....
        THE COURT: Okay. All right.
        MR. SIMMONS: Yeah, to the limited extent of this
    arraignment.
        THE COURT: All right. Well, I'll go ahead and appoint the
    public defender agency to represent Mr. Simmons in 902 C-R.
    And, Miss Brennan, do you want me to read the indictment
    and.....
```

## Page 3

```
        MS. BRENNAN: No, Your Honor (indiscernible - simultaneous
    speech).....
        MR. SIMMONS: Excuse me, Your Honor. Does this mean that
    you are not ruling in my favor?
        THE COURT: For what?
        MR. SIMMONS: To recognize my.....
        THE COURT: This is.....
        MR. SIMMONS: .....my limited right (indiscernible -
    simultaneous speech).....
        THE COURT: You said for bail.
        MR. SIMMONS: No, for the arraignment here.
        THE COURT: Oh, I misunderstood you.
        MR. SIMMONS: This is an arraignment.
        THE COURT: Yeah, this is an arraignment.
        MR. SIMMONS: Right.
        THE COURT: Okay.
        MR. SIMMONS: And naturally bail would be set at an
    arraignment.
        THE COURT: I understand. But I thought.....
        MR. SIMMONS: Right.
        THE COURT: We're just.....
        MR. SIMMONS: No, I meant.....
        THE COURT: .....dealing with -- I'm just doing the
    preliminaries here first.
        MR. SIMMONS: Yeah, that's what I'm talking about.
```

## Page 4

```
        THE COURT: If you want to address the bail, you can.
    Okay. That's fine.
        MR. SIMMONS: I'm thinking about the preliminary itself.
        THE COURT: Well, the next step is to know if I need to
    read this, and I need to advise you of your rights on.....
        MR. SIMMONS: But this is what I'm saying. I'm going to
    move the court to on its own motion to excuse you from this
    proceeding.
        THE COURT: Okay. You want to -- you want.....
        MR. SIMMONS: And if you don't.....
        THE COURT: You want me to be preempted on it.
        MR. SIMMONS: No, I'm asking you on your own motion.....
        THE COURT: You want me to recuse myself?
        MR. SIMMONS: I'm asking you to (indiscernible) excuse
    yourself.
        THE COURT: Okay. All right.
        MR. SIMMONS: Because of the impropriety as you've already
    been X'd on the other cases.....
        THE COURT: Okay.
        MR. SIMMONS: .....and therefore there's impropriety for
    you to sit now.
        THE COURT: Okay. Well, there's nothing discretionary
    though about what I'm going to do now. Okay.
        MR. SIMMONS: I understand that. If not, then I would ask
    for cause that you do so.
```

## Page 5

```
        THE COURT: Okay. But what I'm saying is now -- now is
    just a matter of you saying whether you want this read to you,
    whether you want to be advised of your rights in entering a
    plea, which will probably be not guilty.....
        MR. SIMMONS: I'm asking that this arraignment be adjourned
    based upon your motion -- the court's motion to recuse itself
    without exercising my preempt or even establishing cause.....
        THE COURT: Okay.
        MR. SIMMONS: .....(indiscernible - simultaneous speech)
    because of the impropriety you have been X'd (indiscernible -
    simultaneous speech).....
        THE COURT: On another case.
        MR. SIMMONS: On the other cases.
        THE COURT: On a different case. Okay.
        MR. SIMMONS: So why would you be here now?
        THE COURT: Okay. Well, I'm going to deny your motion at
    this point because.....
        MR. SIMMONS: Then I would -- then I would preempt you.
        THE COURT: Okay. Well -- I haven't been assigned -- no
    one's been assigned to the case at this point so there's no
    (indiscernible - simultaneous speech) to preempt.
        MR. SIMMONS: (Indiscernible) Your Honor. You're here.
        THE COURT: I know I'm here, but I'm -- it's just a matter
    -- these are preliminary matters. There's no discretion.....
        MR. SIMMONS: I understand that.
```

Exr. 333

### Page 6

1  THE COURT: .....whatsoever involved at this point.
2  MR. SIMMONS: I understand that. I'm saying that if you're
3  here, there's a judge here and.....
4  THE COURT: Right.
5  MR. SIMMONS: .....if I don't want to appear before you, I
6  have the right to preempt you whether it's discretionary or what
7  have you. If you're forcing me to exercise that right, then
8  I'll do that, but I would rather that you.....
9  THE COURT: Yeah, I heard -- I understood you.
10 MR. SIMMONS: .....(indiscernible - simultaneous speech)
11 remove yourself rather than force me to do that.
12 THE COURT: I understand. And I.....
13 MR. SIMMONS: Because it wouldn't make sense for me to
14 (indiscernible) cause because it's apparent that you don't want
15 to remove yourself from the arraignment. Now the fact that I
16 have within 48 hours to be arraigned it is not imperative that
17 it be done today.
18 THE COURT: Well, it is imperative if you want to have -- I
19 mean I don't know the availability of any judge to do it.
20 MR. SIMMONS: Well, I'm sure that we can -- I mean I'm
21 sitting in jail on bail already. I mean in jail already.
22 THE COURT: Right.
23 MR. SIMMONS: Okay. So there's no.....
24 THE COURT: Okay.
25 MR. SIMMONS: .....great hurry that I be arraigned if in

### Page 7

1  fact you are going to remain on the bench.
2  THE COURT: Okay. Miss Brennan, when is the -- or Mr.
3  Simmons, when is the next court date as far as the bail review
4  in front of Judge.....
5  MS. BRENNAN: 9:00 o'clock on Tuesday.
6  THE COURT: On Tuesday. Do you have any objection to
7  continuing the arraignment of this to 9:00 o'clock on Tuesday?
8  MS. BRENNAN: At this point, no.
9  MR. SIMMONS: I don't have any objection.
10 THE COURT: Okay. Mr. Wallace?
11 MR. SIMMONS: Thank you.
12 THE COURT: If he doesn't -- you know, we expedited this to
13 get him before -- for an arraignment as soon as we could, and if
14 he doesn't want to be arraigned in front of me, I -- you know --
15 since he's got to -- he's going to be brought back anyway on
16 Tuesday at 9:00.....
17 MR. SIMMONS: I don't think the state, Your Honor, can
18 actually say anything about it.
19 THE COURT: Well, they can say.....
20 MR. WALLACE: Well, Your Honor, the -- I believe the law is
21 on this particular point that it is an administrative matter
22 right now and you're not.....
23 THE COURT: Right. I understand that.
24 MR. WALLACE: .....precluded from acting on it, but you
25 know.....

### Page 8

1  THE COURT: Well, what I'm going to do at this point -- I'm
2  going to go ahead and enter not guilty pleas for Mr. Simmons on
3  this. If he wants further advisal by Judge Savell, then he can
4  deal with that on Tuesday at 9:00 o'clock. But I'll enter the
5  not guilty pleas for him.
6  MS. BRENNAN: Thank you, Your Honor.
7  THE COURT: Okay.
8  MR. WALLACE: And you appointed Miss Brennan (indiscernible
9  - simultaneous speech).....
10 THE COURT: And I appointed -- yes.
11 MR. WALLACE: Right. Right. (Pause) That's at 9:15?
12 THE COURT: I don't know when it's set.
13 MS. BRENNAN: 9:00 o'clock.
14 MR. WALLACE: 9:00 o'clock.
15 THE COURT: 9:00 o'clock. Okay. Actually -- I've gone
16 ahead and entered a not guilty plea for him. If Mr. -- I'm
17 going to assign myself to the case at this point. If Mr.
18 Simmons wants to deal with me and challenge me on the case,
19 that's fine. And he can deal with that in front of Judge
20 Savell. But at this point, in filing the appropriate paperwork,
21 at this point I'm assigning myself to the case. I've entered a
22 not guilty plea for him. His next court date will be next
23 Tuesday at 9:00 o'clock for a continued arraignment in front of
24 Judge Savell. At that point if I'm off the case, I'm off the
25 case. Otherwise we'll deal with it and set it for the

### Page 9

1  appropriate trial dates. But as of today I'm assigned.
2  MR. SIMMONS: Your Honor, then for the record I'm objecting
3  to everything that you do.
4  THE COURT: Okay. I understand.
5  MR. SIMMONS: Okay. No personal offense or anything like
6  that.
7  THE COURT: I understand.
8  MR. SIMMONS: It's a matter of (indiscernible -
9  simultaneous speech).....
10 THE COURT: Okay. Understood.
11 MR. SIMMONS: .....exercising my rights.
12 THE COURT: Understood. Okay. Anything further in Mr.
13 Simmons' case, Miss Brennan?
14 MS. BRENNAN: Not at this time I don't think, Your Honor.
15 THE COURT: Okay.
16 MR. WALLACE: No, Your Honor.
17 THE COURT: All right.
18 (Other matters  )
19 THE COURT: We're back on record in Mr. Simmons' case. He
20 requested while we were off record that I clarify my ruling.
21 First of all my understanding is Mr. Simmons made a motion not
22 to be arraigned and for me to remove myself from -- for cause on
23 this case.
24 MR. SIMMONS: Yes.
25 THE COURT: Correct? Okay. I denied the motion for me to

Multi-Page

Page 10

1 remove myself for cause, and since I'm ___ acting in an
2 administrative capacity in this, whatever Mr. Simmons'
3 objections were, I went ahead and I entered a not guilty plea
4 for him in all the counts. There are four counts. I went ahead
5 and I appointed the public defender agency to represent him in
6 the case, and I assigned myself as the trial judge in this case.
7 I continued the arraignment in front of Judge Savell on Tuesday
8 when he -- Mr. Simmons has to come anyway to court on some other
9 matters.
10     MR. SIMMONS: So, continue the arraignment, Your Honor, is
11 the court actually saying that this arraignment has been
12 partially (indiscernible) aside the fact that I have a preempt.
13 Before the court answers that question I'd like to have a
14 further clarification and have the court recognize my limited
15 exercise of co-counsel status for purposes of having this
16 particular -- or moving this objection in front of the court.
17     THE COURT: Yeah. I don't have any problem with you acting
18 as co-counsel at this point, and you did, and you articulated
19 what your objections were. I asked you initially about having a
20 lawyer, and you said you wanted one. I went ahead and appointed
21 one for you, which is an administrative -- actually that's more
22 discretionary than entering the not guilty plea for you. I mean
23 that's an administrative type thing.
24     MR. SIMMONS: (Indiscernible - simultaneous speech) reason
25 for my moving the court to recognize co-counsel status is

Page 11

1 because there -- a deterioration is affecting -- or a breakdown
2 in communication client (indiscernible) influence here. And
3 this is why I am moving the court in the manner in which I am
4 moving it. And the effect basically is what I'm looking for in
5 your ruling. In your imposition as judge in this hearing and
6 entering a not guilty plea when I'm asking the court to continue
7 the arraignment, what is the effect -- what is the legal effect
8 even in this (indiscernible) capacity is your decision? Is this
9 affecting any status in bail or the former bail that I have, or
10 is.....
11     THE COURT: It's not affecting the former bail. I didn't
12 deal.....
13     MR. SIMMONS: (Indiscernible - simultaneous speech) bail on
14 the present allegation or counts of the indictment and therefore
15 blocking bail on (indiscernible - simultaneous speech).....
16     THE COURT: I didn't do anything to bail on this case.
17     MR. SIMMONS: .....on the prior counts. But I'm saying has
18 it blocked anything?
19     THE COURT: Has what? My entering a not guilty plea for
20 you blocked anything? That's all I've done. Well, actually
21 I've done two things. I've appointed counsel for you, and I've
22 entered a not guilty plea for you. That's it. There's nothing
23 there that prejudices you whatsoever. In fact all the things
24 protect your rights.
25     MR. SIMMONS: This is what I'd like (indiscernible -

Page 12

1 simultaneous speech,
2     THE COURT: Okay. Everything I've done today protects your
3 rights.
4     MR. SIMMONS: .....and -- and.....
5     THE COURT: There's nothing at all that prejudices them.
6 Is that clarified?
7     MR. SIMMONS: I'm very pleased that the court has
8 considered those rights.
9     THE COURT: Okay.
10     MR. SIMMONS: Thank you.
11     THE COURT: All right. We'll go off record then and if,
12 Miss Brennan, you could chat with Miss Chaliak (ph), please.
13     (Off record)
14             END OF REQUESTED PORTION

45

```
 1                    TRANSCRIBER'S CERTIFICATE

 2       I, Lois Goodman, hereby certify that the foregoing pages

 3   numbered 2 through 12 are a true, accurate, and complete

 4   transcript of proceedings in Case No. 4BE-S90-902 CR, State of

 5   Alaska versus David Simmons, transcribed by me from a copy of

 6   the electronic sound recording to the best of my knowledge and

 7   ability.

 8

 9

10   December 31, 1997                    _____
     Date                                 Lois Goodman, Transcriber
11

12

13

...

25
```

Exc. 336

46