Nov. 13, 1990
-902/02

PP38-49

Pg. #1
120

Exhibit #13

A-2602

2515

P R O C E E D I N G S

THE COURT: This is State versus David Simmons. Before-- before I list the case numbers the log notes will probably have to go into both files, but there's a proliferation of confusion because of case numbers and it's just going to compound itself.

This-- today's case, today's proceeding is a proceeding in 4BE-S90-902 criminal. It's a hearing upon a judgment of forfeiture announced in open court on November 8th. This court was hearing that matter because there had been a motion for disqualification for cause. It had been withdrawn, it was going to be refiled, and the case was either going to be -- the case has to go back to Judge Curda because the motion for disqualification that wasn't-- that's anticipated has to be decided by him. But I ordered the bail forfeiture and that's why this hearing came in. It was before me.

On the record in 90-- in both cases but in addressing 902 on Thursday Ms. Brennan said that the motion for disqualification would be filed that day, and I just looked and it's not in 902, it's in 552 and it bears both case numbers; but that's wrong because 552, a peremptory challenge

AURORA COURT REPORTING

38

PP. 126, Vol. IV (13), App Rec.   Ex. # D 1-4


Pg. 121

1  was exercised as to Judge Curda. It isn't his case anymore.
2       MS. BRENNAN: Your Honor?
3       THE COURT: Yes.
4       MS. BRENNAN: The reason why I did that is because I
5  thought that on Tuesday, the day that I had-- another attorney
6  was covering the case for me, that the peremptory motion was
7  withdrawn and that we were treating both of the cases anew
8  with the motion for cause.
9       THE COURT: Well, I don't know how that-- okay, that's a
10 false belief. The pre-empt was exercised in open court by you
11 on October 29th.
12      MS. BRENNAN: Right; I understand, Your Honor.
13      THE COURT: All right. So I'm not casting blame, I'm
14 just trying to hopefully say these things now and everyone
15 leaves here with a clear record and a clear understanding.
16 Case 552, Judge Curda was peremptorily challenged. The motion
17 to dismiss is pending, and the trial date was vacated. And it
18 has to be reassigned.
19      And we're not doing anything else with it today. Do you
20 concur now with this hopefully clarifying background, Ms.
21 Brennan?
22      MS. BRENNAN: Pretty much, Your Honor, the re-- what I
23 misjudged what happened in court the day that I was in Emonik
24 was that -- that the public defender who was sitting in for me
25 stated that we would be withdrawing our peremptory challenge

pp.127, Vol. IV (B), App Rec.   Ex. #D


Pg. ~~#9~~
122

1  and that we were just going to file a motion for cause in both
2  cases, and -- so that's what I understood the status of the
3  case to be.
4      THE COURT:  Actually what was said is the motion for
5  cause had been advanced orally.....
6      MS. BRENNAN:  Uh-huh. (affirmative)
7      THE COURT:  .....in 902 and it went like this.  We move
8  to disqualify you for cause and the cause is we peremptorily
9  challenged you in 552.  And I said I'm ready to review that.
10 Do you want me to?  And Mr. Moody said, no.  We withdraw that
11 motion to disqualify for cause.  We will be filing a new one
12 based on appearance of impropriety.  Now the record-- you
13 know, the record is the record and if I'm wrong-- you'll have
14 a chance to review the tapes and bring that to my attention.
15 But this was all introductory so that we know why we're here.
16     Having said all that, I don't believe we're here for any
17 reason in 552.  We're here in 902, and I just-- because only
18 one copy was filed bearing both numbers I just physically
19 moved the motion recuse to 902.  If you think it's due in both
20 cases you could file a pleading with the court to try getting
21 that before the court.
22     MS. BRENNAN:  Thank you, Your Honor.
23     THE COURT:  What we're here for is I knew I'd be in town.
24 I forfeited the $5,000.00 bail and rather than making a
25 request-- making the defendant file a request I recognized an

```
 1        MS. BRENNAN:  Not at this time, Your Honor.  I'm -- I
 2  must say I'm just a little bit confused about the case being
 3  assigned to 552, because I thought that if I withdrew my
 4  peremptory challenge I could begin a new.
 5        THE COURT:  I thought we had been through this.  The
 6  peremptory challenge was exercised on October 28th or 9th.
 7        MS. BRENNAN:  Correct.
 8        THE COURT:  At that moment Judge Curda was off.
 9        MS. BRENNAN:  Right.
10        THE COURT:  Now you're saying I want to use that, I want
11  to disqualify him for cause.  Please undo my pre-empt.  It
12  isn't-- I don't know of any authority that let's it be
13  withdrawn as a matter of right.  Maybe there is, but Judge
14  Curda-- but the new judge is going to decide that.  You see?
15        MS. BRENNAN:  All right, thank you, Your Honor.
16        THE COURT:  You signed in writing on that day.....
17        MS. BRENNAN:  I understand what I did.
18        THE COURT:  It's another thing, too, that Judge Greene is
19  going to decide that and I .....
20        MS. BRENNAN:  I-- okay, I understand, thank you.
21        THE COURT:  .....won't bind her.  Thank you.
22        MR. WALLACE:  Your Honor, just for the record the next
23  hearing in this case then, absent anything else happening,
24  with the motion is -- the omnibus hearing is still scheduled
25  for 12-18 and the calendar call the 19th?
```

```
 1  there was a hearing.....
 2      THE COURT:  Are you talking about your request for clari-
 3  fication?
 4      MR. WALLACE:  No, Your Honor.
 5      THE COURT:  Something new?
 6      MR. WALLACE:  No, Your Honor, I'm going to go back in time
 7  a little bit with the case file, because what happened with
 8  this case, is that procedurally, in 552, the defendant filed --
 9  preemptorily challenged through the public defender,
10  Judge Curda.  He was preempted.  The case was assigned to you
11  and it came to you along with another case.  I'll stop at that
12  point, but.....
13      THE COURT:  Stop right there.
14      MR. WALLACE:  The next -- procedurally in this case, in
15  552, was withdrawn a motion for cause challenge of Judge Curda
16  was.....
17      THE COURT:  It was not withdrawn.  That's the big mistake
18  I made it absolutely clear on the record, when Ms. Brennan
19  said, oh, we withdraw our preempt and move to disqualify for
20  cause, I said I -- and I remember saying this quite clearly.
21  said, I am aware of no authority for withdrawal of a preempt.
22  It will not be withdrawn unless someone moves to have it with-
23  drawn, oppositions filed, motions ruled upon, upon the weight
24  of the arguments.  The preempt was used in this case.  Is that
25  the source of your confusion?
```



Pg. ~~125~~ /125

```
 1  position is in this case, Your Honor.
 2      THE COURT:  You're being diplomatic.  Let's talk, what's
 3  the problem?
 4      MR. WALLACE:  Your Honor, my recollection is just slightly
 5  different, and that was that Ms. Brennan said to the court, she
 6  didn't wish to prejudice Mr. Simmons by not having filed the
 7  motion for cause earlier, and that, my understanding was that
 8  it was relating back.  It may be that they've addressed both
 9  cases in the other file, when Judge Curda was still in.  And
10  he's got that motion under advisement, but if it's the court's
11   and this was a source of confusion and part of the thing that
12  compelled me to file the request for clarification on expedited
13  consideration.  That I didn't know who the judge was that was
14  assigned to the case, cause it seemed that Judge Curda was
15  still assigned until he ruled on the motion to disqualify.  But
16  if it's the court's position that Mr. Simmons has not withdrawn
17  his preempt, that it's been exercised, and that his motion to
18  challenge for cause is only in the 90-902 case, then I have
19  nothing further I have to say at this point, so I can go ahead
20  and sit down.
21      THE COURT:  That's right.  A preemptory challenge is some-
22  thing, if timely, of automatic execution and operation.  It
23  works like a spring-loaded platform to jettison the assigned
24  judge from the case.  If one says, gee, I don't want to use
25  that, after the fact, I really wanted to disqualify for cause
```

Exc. 67



1  unless something undoes what's been done, and that is unless a
2  judge is asked to and agrees that the preempt is withdrawn, the
3  status quo remains. And in this case, back in -- October 13th
4  rings in my -- I see here a bunch of pleadings in November 23rd
5  and November 19th, and because I wasn't served with chambers
6  copies of them, I'm only aware of what you filed. Ms. Brennan,
7  you probably weren't serving me in Fairbanks, were you?
8      MS. BRENNAN: No, Your Honor.
9      THE COURT: All right. Mr. Haas'll fill you in on that.
10 Just the practice. See, I'm aware of nothing that's been --
11 that was filed and not brought to my attention, but if the
12 concern is what's been said and done on the record, I'll say it
13 again to make it real, real clear.
14     Judge Curda was stripped of the authority to act upon the
15 exercise of a preemptory challenge. That challenge was exer-
16 cised. The case was then assigned to Judge Savell, it's before
17 Judge Savell now and the question before the court is withdraw-
18 al. I've approved withdrawal. The public defender's relieved
19 as counsel.
20     The question of pro se representation as opposed to co-
21 counsel status, I recognize that -- it's my recollection that
22 in our last court appearance in this case, back in early Novem-
23 ber, Mr. Simmons requested co-counsel status. It may not be
24 his wish any more. I'm willing to address co-counsel status,
25 but nothing else.