*[Handwritten annotations: "Ex. C", "Nov. 6th 1990", "S90-902/02", "PreEmpt", "Exhibit #14", "PP. 12-19"]*

```
 1  0748
 2       (Court reconvened at 11:25 a.m.)
 3       THE CLERK:  Superior Court is now in session.
 4       THE COURT:  This is State versus Simmons, 4FA-S90-552
 5  Criminal, 4FA--- if I said 4FA it's 4BE-- 4BE-S90-552, 4BE-
 6  S90-902 Criminal.  Mr. Wallace, assistant district attorney,
 7  Mr. Moody, assistant public defender, Mr. Simmons is present,
 8  not in custody.  This matter is being reconvened pursuant to
 9  earlier proceedings this morning.  Counsel were placed on
10  notice we would consider bail questions, Rule 45
11  considerations, continuation of arraignment in 552; review of
12  denial of disqualification for cause, not necessarily in that
13  order.
14       Before the court does continue the arraignment in
15  552.....
16       MR. WALLACE:  I'm sorry, Your Honor, that would be 902.
17
18       MR. MOODY:  902.
19       MR. WALLACE:  552 is the pending case with the motion to
20  dismiss.
21       THE COURT:  All right, 902.  As I look at the file, in
22  552 Judge Curda has been disqualified peremptorily.  But in
23  902 oral motion was made on the 2nd at the time of arraignment
24  for the court to recuse itself.  The grounds, according to the
25  log notes are that disqualification for cause is warranted
```

AURORA COURT REPORTING

12

387



1  because Judge Curda had been peremptorily disqualified in the
2  other case. Am I incorrect in that understanding?
3      MR. MOODY: Your Honor, that may have been the initial
4  reason. Ms. Brennan intends to file or intended to file a
5  motion for cause based on question-- or an appearance of bias
6  based on Judge Curda's position with the district attorney's
7  office during the pendency of Mr. Simmons' appeal.
8      The charge in 902 is felon in possession, and the felony
9  charge that underlies the felon in possession charge was
10 pending when Curda was district attorney here in Bethel, or
11 the appeal was pending. And what.....
12     THE COURT: That's a motion that hasn't been yet?
13     MR. MOODY: No, that one has not been filed yet.
14     THE COURT: Right now-- right now the court has the oral
15 motion. Do I take your comment to be that that's withdrawn?
16 In other words, the disqualification for cause grounded solely
17 upon peremptoral disquali-- peremptory disqualification in
18 that other case.
19     MR. MOODY: Yes, that is withdrawn. We would like to
20 prepare-- have time to prepare a motion for cause against
21 Judge Curda in all three cases based on what I've just told --
22 what I've just represented to you as the cause in 902.
23     THE COURT: Well, let's not lose control. I only have
24 two cases.
25     MR. MOODY: Okay.

AURORA COURT REPORTING

Exc. 57

13



Pg. 129

| | |
|---|---|
| 1 | THE COURT: There are only two cases before me for |
| 2 | consideration, and Ms. Brennan disqual-- filed a |
| 3 | disqualification-- a peremptory disqualification in 552. In |
| 4 | order to move to disqualify the judge for cause you'd have to |
| 5 | first get the peremptory disqualification withdrawn, because |
| 6 | he's not on the case now, he's been peremptorily disqualified. |
| 7 | And if he's not assigned to the case you can't move to |
| 8 | disqualify him. So there's nothing before me as far as ..... |
| 9 | MR. MOODY: Okay. |
| 10 | THE COURT: .....judicial assignment in 552. This case |
| 11 | will probably be assigned to Judge Greene. My Bethel duties |
| 12 | are said to end in December and Judge Greene will be taking |
| 13 | over for-- taking over the handling of Superior Court matters |
| 14 | where Judge Curda is unable to do so out of Fairbanks |
| 15 | commencing in January. That's how it is right now. |
| 16 | If the motion is withdrawn as orally advanced in 902 and |
| 17 | there's going to be some other kind of motion..... |
| 18 | MR. MOODY: Uh-huh. (affirmative) |
| 19 | THE COURT: .....the dictates of the rules in timeliness |
| 20 | and your own professional concerns will govern when that's |
| 21 | done. So 902 remains Judge Curda's case and I'll continue the |
| 22 | arraignment because you're here before me, unless you want to |
| 23 | go before the assigned judge. You may-- you know, I don't |
| 24 | know if he'll entertain an oral motion ..... |
| 25 | MR. WALLACE: Your Honor, is the court finding that Judge |



Pg. 130

1  Curda has been pre-empted in 902?

2  THE COURT: No, in 552, there's a written-- notice of

3  change of judge, signed by Elizabeth Brennan. So he's been--

4  he's been disqualified peremptorily, and there's been no such

5  action in 902, and it makes sense that if you think there's

6  cause for disqualification you don't use your pre-empt.

7  MR. MOODY: Okay. Now he's going to -- he's going to

8  continue.....

9  (whispered conversation of defense counsel/client)

10  THE COURT: But now there's no motion.

11  MR. MOODY: Well, no, he's not going to continue-- he's

12  not postponing the arraignment, he wants to finish-- Your

13  Honor?

14  THE COURT: Mr. Moody, one alternative that I might

15  suggest, because .....

16  MR. MOODY: Uh-huh. (affirmative)

17  THE COURT: .....it may matter to your decision. Under

18  22.20.020(c).....

19  MR. MOODY: Uh-huh. (affirmative)

20  THE COURT: .....when a judge refuses to disqualify his

21  or herself and denies a motion requesting that

22  disqualification the question must be reviewed and it is

23  determined by another judge assigned for that purpose by the

24  presiding judge of the next higher level of courts or by the

25  Supreme Court. I don't know if Judge Curda will handle it,

AURORA COURT REPORTING

Exc. 59

15



Pg. 131

1 but I'm here now.

2     MR. MOODY: Uh-huh. (affirmative)

3     THE COURT: And I'll be here the rest of the week, and
4 I'll be here next Tuesday. When I'm not here it's hard to get
5 .....

6     MR. MOODY: Uh-huh. (affirmative)

7     THE COURT: .....things heard by a Fairbanks judge,
8 although they can be done telephonically. You may wish to see
9 if Judge Curda has time and bring matters before him, if he'll
10 permit you to bring the motion in this fashion.....

11     MR. MOODY: Uh-huh. (affirmative)

12     THE COURT: .....or you may say, well, we're going to
13 file it in writing and there are things that have to be heard
14 now and we want you to do it, Judge Savell.

15     MR. MOODY: You're going to be here through the rest of
16 the week?

17     THE COURT: That's the way it's looking.

18     MR. MOODY: Okay.

19     THE COURT: See if Judge Curda-- you know, we put aside
20 for the moment bail considerations.

21     MR. MOODY: Right.

22     THE COURT: If Judge Curda can hear whatever is needed to
23 rule upon the motion while I'm here I can be assigned to
24 review it and you can get things procedurally in order in
25 relative-- with relative speed.

AURORA COURT REPORTING

16

EXC. 60



Pg. 132

1   MR. MOODY: Okay. I mean I think that's the route we'll
2   want to take, is to get it all wrapped up this week,
3   procedurally. My problem at this point is since I wasn't here
4   at any of the present-- any of the past hearings or I haven't
5   -- I didn't represent Mr. Simmons before this morning, I'm
6   pulling this thing together right now, and I don't want to do
7   anything -- I mean I discussed what was going on with Ms.
8   Brennan over the phone before I came back to court, and I
9   don't want to do anything that would prejudice Mr. Simmons'
10  rights to challenge a judge.
11      THE COURT: Let me see-- we'll go off the record for a
12  moment.
13      MR. MOODY: Thank you.
14      (Off Record)
15  1155
16      THE CLERK: All rise. Court is back in session.
17      THE COURT: Be seated, please. 'In part, because of the
18  important rights involved, in part because of the concern
19  counsel raises about adequacy of preparation, newly -- new
20  involvement on Mr. Moody's part, in part so that a record can
21  be appropriately developed, any motion for disqualification
22  for cause must be filed in writing and will then be filed in
23  due course with an evidentiary hearing.
24      The defendant should not delay. Nor, however, should the
25  defendant be forced to continue in proceedings where he has

AURORA COURT REPORTING

Exc. 61

17

392

1  challenged the impartiality of the judge and where his rights
2  have not yet been determined.  This court, without prejudice
3  to any party, will therefore handle the matters that are
4  presently before it in case 902, so that Judge Curda won't
5  have to decide things until his continued presence in the case
6  is determined.
7     That being that, we've taken care of -- there's no
8  peremptory-- there's no disqualification for cause presently
9  before the court, there's nothing for me to review.  We must
10 continue and conclude the arraignment in 902, we must clarify
11 or address items of bail in both cases, and Rule 45; those are
12 the three charges before us.
13    I suppose the arraignment should be continued first.  On
14 November 2nd the public defender was appointed, the
15 arraignment was said to be continued.  The court entered a
16 not-guilty plea.  Mr. Moody, do you want that plea to continue
17 in place?
18    MR. MOODY:  Yes.
19    THE COURT:  The not-guilty plea is ratified and
20 reaffirmed as to all four counts.  Is David Simmons, S-i-m-m-
21 o-n-s, your true name, sir?
22    MR. SIMMONS:  Yes, sir, Your Honor.
23    THE COURT:  And your date of birth is August 1, 1946?
24    MR. SIMMONS:  Yes.
25    THE COURT:  Your residence is 21 Qwethluk Lane, Bethel?

AURORA COURT REPORTING

393    18

Exc. 62

Pg. 134

1    MR. SIMMONS: Yes.

2    THE COURT: All right. In order to set the case for
3 trial the court has to consider the Rule 45 implications. Two
4 of these counts-- those said to have been committed on
5 September 26th, that's Count I and Count II, were the subject
6 of case number 9-- strike that. Case number 797. Rule 45
7 appears to have commenced on September 26th. Are we in
8 agreement on that? Mr. Wallace?

9    MR. WALLACE: That would be my understanding, Your Honor.

10   THE COURT: Because there's a felony criminal complaint
11 in the file and it's dated the 26th.....

12   MR. WALLACE: He was arrested that day, Your Honor.

13   THE COURT: So now the Counts III and IV allege
14 activities on September 24th, does either counsel know of any
15 event that would cause Rule 45 to have commenced operation
16 before November 2?

17   MR. WALLACE: No, Your Honor.

18   (whispered conversation of defense counsel/client)

19   MR. MOODY: That day was November 2nd?

20   THE COURT: Yes.

21   (whispered conversation of defense counsel/client)

22   (whispered conversation of court/clerk)

23   THE COURT: Mr. Moody?

24   MR. MOODY: That's correct, November 2nd for Count III
25 and IV.

AURORA COURT REPORTING

Exc. 63

394   19