Pg. 135

Pg. 135

135

Ex. V

Ex Copy

Exhibit #15

David Simmons
P.O. BOX 5001
Seward, Alaska 99664

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT

BETHEL

DAVID SIMMONS,
      Plaintiff,

v.

STATE OF ALASKA,
      Respondent./
4BE-92-268Civ.

BRIEF
OF
CLOSING ARGUMENT

By: David Simmons, pro per

Filed_____ 1995 in the
SUPERIOR COURT
FOR THE STATE OF ALASKA

By:_____
   Clerk of court
   Superior Court

Exc. 230

566

Pg. 136



David Simmons
P.O. BOX 5001
Seward, Alaska 99664

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

DAVID SIMMONS,
    Plaintiff,

v.

STATE OF ALASKA,
    Respondent./
4BE-92-268Civ.

CERTIFICATION

I certify That:

/ x / This document and its attachments do not contain information that is confidential under AS 12.61.110 or the name of a victim of a crime listed in AS 12.61.140.

/   / This document and its attachment do contain information that may be placed in a court file under an exception listed in AS 12.61.130(b). This information appears at____ This document and its attachments do not contain a name of a victim of a crime listed in AS 12.61.140.

March 22nd, 1995

DAVID SIMMONS, PRO PER

Exc. 231

567

# TABLE OF CONTENTS

TABLE OF AUTHORITIES.................................................. i

RULES OF STATUTES.................................................... ii

ARGUMENT............................................................. 1

CONCLUSIONS.......................................................... 11

# TABLE OF AUTHORITIES
## CASE LAW

Atchak v. State, ......................................................... 10
640 P.2d 135 (Ak.App. 1982)

Brower v. State,......................................................... 9
728 P.2d 645 (Ak.App. 1986)

In Re:Winship,.......................................................... 7
397 U.S. 385, 364, 90 S.Ct. 1068, 25 L.Ed. 368.

Johnson v. Zerbst,...................................................... 7
304 U.S. 458, 58 S.Ct. 109, 82 L.Ed. 1416(138).

Strickland v. Washington,............................................... 4
104 S.Ct. 2052, 466 U.S. 668, 80 L.Ed. 674(1984).

United States v. Orrico,................................................ 9
599 F.2d 113 (6th, Cir. 1979).

Van Hatten v. State,.................................................... 9
666 P.2d 1047(1983).

## OTHER AUTHORITIES

Queen Caroline Her Trial & It's Rule,........................ 2
U.L. Review, 165, 198(1976).

3 Wigmore Ev. § 770,........................................ 2
at 151-162 (Chadbourn rev. (1970).

## RULES AND STATUTES

Criminal Rule 7(e)......................................... 7

Criminal Rule 8(a)......................................... 7

Criminal Rule 16........................................... 7

Criminal Rule 35.1......................................... 8

Evidence Rule 104(b)....................................... 7

Evidence Rule 404(b)....................................... 8

Evidence Rule 607.......................................... 5

Evidence Rule 613.......................................... 5

A.S. 11.56.230............................................. 9

A.S. 11.56.210............................................. 9

A.S. 11.56.200............................................. 9

## SPECIFIC CONSTITUTINOAL PROVISIONS, RULES AND STATUTES RELIED UPON

United States Constitution, Fourteenth Amendment provides in pertinent part:

Citizensip rights not to be abridged by states. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United states and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citiz -ens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

Pg. 139 

Alaska Constitution, Art. I, § 7 provides:

> Due Process. No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and executive investigations shall not be infringed.

Alaska Constitution, Art. I, § 11 provides:

> Rights Of Accused. In all criminal prosecutions, the accused shall have the right to a speedy and public trial, by an impartial jury of twelve, except that the legislature may provide for a jury of not more than twelve nor less than six in courts not of record. The accused is entitled to be informed of the nature and cause of accusation; to be released on bail, except for capital offenses when sthe proof is evident or the presumption great; to be confronted with the witnesses against him; to have compulsory process for obtaining itnesses his favor, and to have the assistance of counsel for his defense.

Alaska Rule Of Evidence 104 provides in pertinent part:
   Preliminary Questions

> (a) Questions of admissibility generally. Preliminary questions concerning the qualification of a person to be a witness, the existence of a privilege, or the admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b). In making its detgermination it is not bound by the rules of evidence except those with respect to priviledges
>
> (b) Relevancy conditioned on fact. When the relevancy of evidence depends upon the fulfilment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfilment of the condition.

Alaska Rule Of Evidence 404 provides:

CHARACTER EVIDENCE NOT ADMISSIBLE TO PROVE CONDUCT-EXCEPTION - OTHER CRIMES.

> (a) Character evidence gerally. Evidence of a person's charac-ter or a trait of his character is not admissible for the purpos(e) of proving that he acted in conformity therewith on a particular occasion, except:
>
>    (1) Character of accused. Evidence of a relevant trait of his character offered by an accused, or by the prosecution to rebut the same;
>
>    (b) Character of victim. Evidence of a relevant trait of character of a victim of crime offered by an accused, or by the prosection to rebut the same, or evdience of a character trait

iii

Enr. 234

570

of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor, subject to the following procedure:

    (i) when a party seeks to admit the evidence for any purpose, he must apply for an order of the court at any time before or during the trial or preliminary hearing.

    (ii) The court shall conduct a hearing outside the presence of the jury in order to determine whethr the probative value of the evidecen is outweighed by the danger of unfair prejudice, confusion of the issues, or unwarranted invasion of the rpivacy of the victim. The hering may be conduct <u>in camera</u> where there is a danger of unwarranted invasion of the privacy of the victim.

    (iii) The court shall order what evidence may be intro-duced and the nature of the questions which shall be permitted.

    (iv) In prosecution for the crime of rape and assault witn intent to commit rape, evidenmce of the victim's conduct occurring more than oen year before the date of the offense charged is presumed to be inadmissible under this urel, in the abasencer of a persuasive shwing to the contrary.

    (3) <u>Character Of Witness.</u> Evidence of the character of a witness, as provided in Rules 607, 608 and 609.

 (b) <u>Other Crimes, Wrongs, or Acts.</u>

    (1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, indentity, or absence of mistake or accident.

    (2) In a prosecution for a crime invloving a physical or sexual assault or abuse of az minor, evidence of other acts by the defendant toward the same or another child is admissible to show a common scheme or plan if admission of the evidence is not precluded by another rule of evidence and if the prior offenses

    (i) are not too remote in time;

    (ii) are similar to the offense charged; and

    (iii) were committed upon persons similar to the prosecuting witness.

Evidence Rule 607 states in pertinent part:

Who May Impeach or Support.



   (a) Subject to the limitation imposed by these rules, the credibility of a witness may be attacked by any party, including the party calling him.

   (b) Evidence proffered by any party to support the credibility of a witness may be admitted to meet an attack on the witness' credibility.

Evidence Rule 613 states in pertinent part:

   Prior Inconsistent Statements—Bias and Interest of Witness.

   (a) General Rule. Prior statements of a witness inconsistent with his testimony at a trial, hearing or depositon, and evidence of a bial or interest on the part of a witness are admissible for the purpose of impeaching the credibility of a witness.

   (b) Foundation Requirement. Before extrinsic evidence of a prior contradictory statement or of bias or interest may be admitted, the examineer shall lay a foundation for impeachment by affording the witness the opportunity, while testifying, to explain or deny any prior statement, or to admit, deny, or explain any bias or interest, except as provided in subdivision (b)(1) of this rule.

      (1) The court shall permit witnesses to be recalled for the purpose of laying a foundation for impeachment if staisfied that failure to lay a foundation earlier was not intentional, or if intentional was for good cause; even if no foundation is laid, an inconsistent statement may be admitted in the interest of justice.

      (2) In examining a witness concerning a prior statement made by him, whether written or not, the statement need not be shown nor its contents discxlosed to him at that time, but on request the same shall be shown or disclosed to opposing counsel.
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX
XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX

Sec. 11.56.210 Unsworn falsification. (a) a person commits the crime of unsworn falsification if, with the intent to mislead a public servant in the performance of a duty, the person submits a false written or recorded statement which the person does not believe to be true
   (1) in an application for a benefit; or

   (2) on a form bearing notice, authorized by law, that false statements made in it are punishable.
   (b)Unsworn falsification is a class A misdemeanor. ($ 6 ch 166 SLA 1978).

Sec. 11.56.230. Perjury by inconsistent statements. (a) A person

v.

commits the crime of perjury by inconsistent statemenwts if
  (1) in the course of one or more official proceedings the person makes two or more sworn statgements which are irreconcilably inconsistent to the degree that one of them is necessarily false;
  (2) the person does not believe one of the statements to be true at the time the statement is made; and
  (3) each statement is made within the jurisdiction of this state and within the period of the statute of limitations for the crime charged.
  (b) In a prosecution under this section, it is not necessary for the state to prove which statement was false but only that one or the other was false and not believed by the defendant to be true at the time the defendant made the statement. Proof of the irreconsilable inconsistent statements is prima facie evidence that one or the other of the statements was false.
  (c) Perjury by inconsistent statements is a class C felone. (§ 6 ch 166 SLA 1978).


Sec. 11.56.200. Perjury. (a) A person commits the crime of perjury if the perons makes a false sworn statement which the person does not believe to be true.
  (b) In a prosecution under this seciton, it is not a defense that
  (1) the statement was inadmissible under the rules of evidence; or
  (2) the oath or affirmation was taken or administered in an irregular manner.
  (c) Perjury is a class B felony. (§ 6 ch 166 SLA 1978).

Pg. 143   Ex. V

The state contends it disclosed respondent's exhibit #A ( Contingency Agreement) to the defendant sometime during a period in which a plea discussion and offer was made, but before the trial of case 4BE-S90-552Cr. such a disclosure would have injected exhibit #A into the case by virture of being probative of the witness' lack of credibility and state misconduct. (Tr. 604-606 [4BE-S90-902Cr.]).

Respondent's exhibit #A, discloses that attorney Catharine Connolly had provided E.A. with a copy of the statements made on sept 26th, 1990, in order to properly prepare the witness to testify consistent with those statements in compliance with the terms of the agreement.

The witness had received the statement 6 to 8 months before the trial of case 4BE-S90-552Cr. Exhibit #A. Also See, (Tr. 600 [4BE-S90-902Cr.]).

To the extent a witness who has been provided a transcript of statements made exceeding one year prior to trial, but 6 to 8 months in advance of the actual trial, calls into question whet[her] the witness is testifying from memory of events at the time the statements were made (Sept. 26th, 1990) or whether the wit[ness] is testifying from recall of her former verbalization by virture of being provided a transcript 6 to 8 months before actuazl trial of the case.

Disclosure of this fact would also call into question the witness availability and the defendant' confrontation rights and further raise the specter that it is counsel who is testi-

(1)

Exc. 238

574

fying and not the witness. Queen caaroline Her trial and it's rule, 6 Cap. U.L.Review, 165, 198(1976); Also see 3 Wigmore, Ev. § 770 at 161-62(Chadbourn Rev. 1970).

The state' misconduct arise from its creation of a criminal status for the witness to justify introduction of an illegally seized tape and inadmissible hearsay testimony through the arresting officers to reach the matter involving plaintiff's arrest ith respects to two (2) counts of misconduct involving weapons, for which no evidence was discovered, as shown below.

On feb. 22nd., 1991, E.A. filed an affidavit with the court, plaintiff's exhibit #3, refuting officer Bilyeu' representation before magistrate Mcmahon to obtain a search warrant to seized Mr. Herrera's handgun. In connection with exhibit #3, on cross-examination of Ben Herren, Mar. 4th, 1995, evidence was elicited that there was not enough evidence at a probable cause level to arrest or charge the witness with botlegging. also see (Tr. 516-534[4BE-S90-902Cr.]). Plaintiff elicited further evidence that the state was aware that E.A. had recanted the Sept. 26th, 1990 statements before the Nov. 1st., 1990 grandjury; and that he directed steven Wallace to institute grandjury proceedings against the witness.(Tr. 416, 454; 463-466[4BE-S90-552Cr.]) and (Tr. 508-512, 526-536;721-32 [4BE-S90-902Cr.]): The state' concerns with E.A.'S refutation of officer Bilyeu' affidavit before magistrate McMahon indicates the state's awarness of the serious threat to its case against the defendant in 4BE-S90-552Cr. i.e., The Misconduct Involving Weapons charges.

In view of the state's awarness of the witness recantation and that the affidavit (exhibit #3) did not differ in context

nothing new had been presented to compel the state to take the belated action it took against its witness to force that witness to stick to the Sept. 26th, 1990 statements. Cf. (Tr. 416;505-515[4BE-S90-552Cr.]) and (Tr. 558, 571; 576-577, 587, 600, 604-605 [4BE-S90-902Cr.]), Plaintiff' exhibit #8 (4BEAGJ-510).

In reference to the state's previous mentioning that it had disclosed its agreement with E.A. to the defendant, had this claim been true, it would not have objected to cross-examination of the witness as to the existence of any agreement. in fact, Ben Herren represented to the court, that there was no agreement. (Tr. 604-605[4BE-S90-902Cr.]) and argued that no authority existed to permit cross-examination of the witness on an agreement which had been dismissed.

In Plaintiff' case in chief, evidence was elicited from attorneys James Hooper and Cavanaugh that no such disclosure was ever made and that the state was under court order to provide not only discovery to the defendant, but to advisory counsels as well. In this regards, we note Judge Green signed an order on Feb. 4th, 1991, directing the state to make available to attor -ney Chris Povost, (attorney Cavanaugh, advisory predecessor to the defendant), all discovery, independent of that provided to the defendant. a copy of this order was forwarded to D.A./O.P.A. and Simmons.

The court served its function in protecting the constitutional rights of the acccused in ordering the state to provide discovery to the defendant's advisory counsels, even though he is representing himself- while the constitution guarantees the appointment of counsel, the mandate is to the "effective

(3)

576

assistance of counsel- 'not simply the appointment of one who happens to be a lawyer. Strickland v. Washington, 104 S.Ct. 2052, 466 U.S. 668, 80 L.Ed. 674(1984).

Moreover, the record in case 4BE-S90-552Cr. indicates that the defendant filed a Motion In Limine, (R. pp. 173-179 [July 23rd., 1991]) requesting an order precluding E.A. as a rebuttal witness in the above cited case (Tr. 780-781) for the following reasons:

(1) The witness had no personal knowledge with respects to the state's allegation that the defendant had possession of a handgun during the relevant time periods. (2) That the witness was a co-indictee (plaintiff' exhibit #8) (3) That the defendant had not waived his presumption of innocence to the indictment, case 4BE-S90-902Cr. (4) that the witness' testimony would prejudice the defendant's case (5) That the Rules Of Evidence would not permit otherwise, irrelevant evidence. (Tr. 1008-1009/1012-1016[4BE-S90-552Cr.]) (6) and that the witness would have priviledge.

The state never responded to the defendant's motion nor ever made it known that the witness would be testifying pursuant to an agreement with the state. During the 4BE-S90-902Cr. case, the state promptly asserted that no deal existed. (Tr. 604-606).

District Attorney, Ben Herren indicated to the court on Mar. 4th, 1995, that he believed E.A. was an important witness. (Tr. 968-969/ 1007-1010, 1012 [4BE-S90-552Cr.]). the importance of E.A.'S testimony, as Herren indicated, provided a foundation for the admission into evidence Mr. Herrera's .44 Caliber handgun in case 4BE-S90-552Cr. . E.A. testified that on or about Sept. 3rd. or 4th, 1990, Mr. Simmons pointed a handgun at her person

(4)   577

and that Mr. Herrera brough the weapon to the defendant and that he maintained constructive control over the weapon. (Tr. 780-781/1007-1012 [4BE-S90-552Cr.]). However, Mr. Simmns was and has been convicted for two (2) counts of possession. See the State' **Opposition To Supplemental Renewed Motion To Dismiss** (R. pp.165-172 [4BE-S90-552Cr.]).

Although E.A. could not identify the handgun, police officer Bilyeu testified that a brosure and .44 caliber casings were discovered at the Simmons' residence matching the handgun. the importance of E.A. as a witness with respects to the charged indictment against the defendant is severly undermind when viewing the state's inconsistent theory- it charged Mr. Simmons with two (2) counts of possession ( a handgun) and then argued continous possession.

The Rules Of Evidence would not permit E.A. to contradict Mr. Herrera's assertion that he never returned the handgun after its purchase,to Mr. Simmons. a party may not introduce extraneous evidence to contradict the witnesss on a collateral matter. Ev.R. 607 and 613.

In additional reason would have been to have similar words uttered from the witness mouth while on the stand during trial (if the case goes bad for the state) for the purpose of having the witness explain away the inconsistent testimony (grandjury recantation, exhibit #7 and affidavit, exhibit #3) if the witness was able, while accuring an additional benefit of prejudicing the jury against the defendant through propensity type evidence. this issue shall be address below.

On Mar. 4th, 1995, plaintiff elicited testimony from Mr

(5)

Exc. 242

578

Pg. 148    Pg. ~~145~~

Herrera, who having known E.A. for over a decade, that the Nov. 1st., 1990 (during) grandjury proceedings, the witness demeanor had not changed after her testimony had not changed after her testimony, and that in response to the witness' question, he indicated she should be truthful; therefore, the explanation offered by the witness during the trial of case 4BE-S90-902Cr. with respects to her grandjury testimony, related to an out of court incident occurring at Mr. Herrera's residence and not before the Nov. 1st., 1990 grandjury. See, (Tr. 610-615 [4BE-S90-902Cr.]). furthermore, E.A. was impeached with her grandjury testimony in case 4BE-S90-552Cr. without explanation. Compare (Tr. 1018 [4BE-S90-552Cr.]).

Plaintiff asserts that exhibit #3 is a false indictment obtained by state action to manufacture an artificial status against the witness to compel that witness to testify consistent with her Sept. 26th, 1990 statements.

An analysis of certain legal principles are necessary:

The witness made certain statements on Sept. 26th, 1990. On Nov. 1st., 1990, the prior statements were recanted under oath, exhibit #  , the state were aware shortly thereafter and before any arrests the witness suffered, involving assaults against police and corrections officers. exhibit #2; no charges were insstituted against the witness for making a false statement.

On Feb. 28th, 1991, the witness was charged with purjury, exhibit #8; while the state was aware that the witness had recanted, exhibit #4, nothing was stated in the affidavit (subject of the indictment) exhibit #3, in context, differed in meaning

579

(6)   Ex. 243

than what was testified to before the Nov. 1st., 1990 grandjury exhibit #4.

Exhibit #3 made explicit what exhibit #4 implied., prompting the state to take measures to suppress the exercise of a legimate of the accused to have made available any relevant and mater-ial evidence as to his innocence or guilt. Sixth and fourthteenth Amendments; Art. 1 §§ 7 & 11 Ak. Const.; Crim.R. 16; here, the affidavit, exhibit # 3 contradicted the officer's sworn affidavit to obtain the search warran to seize Mr. Herrera's handgun. (Tr. 720; 887-891; 996-1004 [4BE-S90-552Cr.]) compare (Tr. 501; 1021 [4BE-S90-552Cr.](E.A. denied statements attributed to her by officer Bilyeu)), and the "importance of the witness", as Herren asserted on Mar. 4th, 1995, was totally irrelevant for the following reasons:

(1) The witness could not identify Mr. Herrera' handgun as the alledge weapon claimed by the witness to have been deliver-ed to the defendant on or about Sept. 3rd., or 4th, 1990; (2) The court did not permit the state to amend its indictment. Crim. R. 7(e); (3) The witness lack of personal knowledge as to the charged indictment against the defendant was irrelevant as to any fact of consequence at issue (Tr. 1012-1015 [4BE-S90-552Cr.]) ;(4) a lesser standard, Ev.R. 104(b) may not be applied, to supplant the higher standard of beyond a reasonable doubt, to a subsequent offense for which the defendant had been charged but not convicted. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 109, 82 L.Ed. 1416(1938) (presumption against waiver); In Re:Winship, 397 U.S. 385, 364, 90 S.Ct. 1068, 25 L.Ed. 368(1970); and (5) The allegation is not cross-admissible, -Crim.R. (3)(a), Ev.R.

(7)                                                          580

Pg. ~~151~~
150

404(b).

Moreover, the state was aware that Mr. Herrera had testified before the Nov. 1st., 1990, grandjury, plaintiff's exhibit #4; and in other proceedings (Tr. 597-599 [4BE-S90-552Cr.]) claiming purchase of the .44 caliber handgun for $200.00 and never having returned the weapon to Mr. Simmons (Tr. 971-975[4BE-S90-552Cr.]).

In revisiting Respondent's claim through the testimony of Ben Herrera, that a memorandum was forward to the defendant disclosing a contingency agreement, in declining Judge Hanson' invitation to present further objections, the defendant rested on its <u>Motion In Limine</u> enclosing specific objections to E.A. being offered as a witness. (Tr. 780-781; 1008-1009/1012-1016 [4BE-S90-552Cr.) had the defendant been made aware of any contingency agreement, this claim:"That the state offered false testimony to obtain a tinted conviction," would not have been stated as a basis for relief pursuant to Crim.R. 35.1.

The implication the state has suggested by the testimony of Herren to this court, when the evidence clearly shows the contrary, require dismissal of his convictions which are address below.

When the state takes actions charging a crime, (in this case exhibit #8), having knowledge of information which did not differ in kind from a witness' testimony before a grandjury four (4) months earlier; having made a calculated decision not to prosecute the witness for false statements of any kind; doing so only because the witness submitted, thereafter, an affidavit refuting the lie imputed to her by a police officer (because he has a personal interest in the case), the action taken consti-

(8)                   581
      Exc. 245

tutes, selective prosecution, vindictiveness and misconduct. the charge of purjury was a non-viable claim for the following reason:

(1) The witness recantation constituted an inconsistent statement which may be used as affecting credibility and not as substantive evidence of the defendant's guilt. See Van Hatten v. State, 666 P.2d 1047(Ak.App. 1983). for the sufficiency of such evidence alone to sustain a conviction, see, United States v. Orrico, 599 F.2d 113(6th. Cir. 1979); Also, Brower v. State, 728 P.2d 645 (Alaska App. 1986).

(2)The basis of the crime exhibit #3 is consistent with exhibit #4 and would not constitute new evidence for the charged indictment exhibit #3.

(3) A.S. 11.56.230 Perjury by inconsistent statements, is consistent with testimony introduced through Ben Herren as to the elements of the offense of perjury.

(4) An unsworn out of court statement inconsistent with two (2) sworn consistent statements, under oath, in the same proceedings dose not constitute perjury but rather the making of an unsworn falsifification. A.S. 11.56.210 or otherwise A.S.11.56.800 (making a false report).A.S.   11.56.200(a)(false sworn statement)

(5) threatening the witness with five (5) years for perjury was misleading;

(6) Herren' directive to assistant D.A. Wallace to indict the witness for perjury was in retaliation for the witnes' refusal to deny the facts stated in exhibit #3.

(7) The state has no valid interest in suppressing a defendant's exercize of his legitimate statutory or constit-

582

(9)

Exr. 246

tional rights to challange an unlawful seizure by charging the witness with perjury to suppress favorable evidence for the defense.

(8) The witness criminal status was artificially created to establish a compelling justification for the introduction of a prior out of court inconsistent statement and hearsay testimonies of the police officers involved in the case, when the state had knowledge of information explaning the out of court statement.

(9) The state introduced an illegally seized tapted statements for which there was no search warrant and falsely interpreted the statements to mislead the grandjury to believe that the defendant had in fact communicated the written contents of the affidvit submitted on Feb. 22nd., 1991; that the tapeted statements were evidence of tampering and the affidavit was proof without establishing a rational connection to believe that it was more probable than not that the witness was aware of the existence of the illegally seized tape.

(10) The state knew that the indictments 4BE-S91-131/ 136Cr. were non-viable claims for which it never intended to prosecute against either the witness or the defendant nor in any event, could secure convictions. Atchak v. State, 640 P.2d 135 (Ak.App. 1982).

## CONCLUSION

Mr. Simmons ask this court to find the claim(s) to be more prabable than not true, that (1) the state did not

provide discovery and that Mr. Simmons was denied due process. (2) that non-disclosure of the contingency agreement was relevant and material to the defense case, as affecting the credibility of the witness and state conduct, (3) and that the triers of facts were entitled to hear this evidence.

That Respondent, State Of Alaska, has failed to prove that Mr. Simmons was mailed, recieved or signed for a copy of a contingency agreement during any portion of the year 1991.

That Respondent, State Of Alaska, has failed to show, beyond a reasonable doubt that the jury verdict were unaffected by the non-disclosure.

That this court finds that Mr. Simmons has met his burden by establishing that it is more probably true than not that plaintiff's exhibit #8 were non-viable claims;

That the witness was coerced into entering an agreement to testify against the defendant in return for dismissal of an invalid indictment, secured by state misconduct against its chief witness.

WHEREFORE, for the foregoing reasons, Plaintiff, David Simmons, humbly pray, that this court grant dismissal of all charges with prejudice.

Submitted This 22nd day of March, 1995.

David Simmons, pro per

(11)  Exc. 248  584

Pg. ~~154~~ 154  Rec'd 4/17/95

David Simmons,
    P.O. BOX 5001
Seward, Alaska 99664

Exhibit # 15(B)

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

DAVID SIMMONS,
        Plaintiff,

v.

STATE OF ALASKA,
        Respondent.
4BE-92-268Civ.

ORDER

FILED in the Trial Courts
State of Alaska, Fourth District
APR 11 1995
By _____ Clerk, Trial Courts
                          Deputy

I Certify That:

/ x /This document and the attachments do not contain information that is confidential under AS 12.61.110 or the name of a victim of a crime listed in AS 12.61.140.

/   / this document and its attachments do contain information that may be placed in a court file under an exception listed in AS 12.61.130(b). This information appears at ___. This document and its attachments do not contain a name of a victim of a crime listed in AS 12.61.140.

   Plaintiff, David Simmons' Application For Late Filed Brief Of Closing Arguments, IS HEREBY GRANTED.

   IT IS SO ORDERED This ___ day of ~~March~~ April 1995.

& pp. 332, Vol. I, App Rec

Signed:This _____ day of March/April 1995.

_____
Superior Court Judge, M. Green

I certify that on _____
copies of this form were sent to:
_____
CLERK: _____

Ex.#4, p.24