Exhibit #18

Pg. 157

FILED in the Trial Courts State of Alaska, Bethel Service Distr

APR 10 1996

CLERK TRIAL C... By _____ Deputy
DEPUTY

IN THE ~~DISTRICT~~/SUPERIOR COURT FOR THE STATE OF ~~ALASKA~~
AT BETHEL, ALASKA

In the Matter of the Application
for Post Conviction Relief Of:

DAVID SIMMONS
(Name of Applicant)

4BE-S90-902Cr.

| FOR COURT USE ONLY |
| CASE NO. 4BE-96-67 CI |

APPLICATION FOR POST CONVICTION
RELIEF (CRIMINAL RULE 35.1)

---

**CERTIFICATION**

I certify that this document and its attachments do not contain (1) the name of a victim of a sexual offense listed in AS 12.61.140 or (2) a residence or business address or telephone number of a victim of or witness to any offense unless it is an address used to identify the place of the crime or it is an address or telephone number in a transcript of a court proceeding and disclosure of the information was ordered by the court.

---

I, DAVID SIMMONS, hereby apply for relief under Criminal Rule 35.1.

**PART A**

(Please type or print neatly. Also, if possible, please attach a copy of your judgment of conviction.)

The conviction (sentence) from which I seek relief is as follows:

1. Full original case number: STATE OF ALASKA v. DAVID SIMMONS

   Case name: 4BE-S90-902Cr.
   (plaintiff) (defendant)

2. Court which imposed sentence: ☐ District Court   ☐ Superior Court
   Location: _____

3. Date shown in clerk's certificate of distribution on the judgment: CONVICTION 9/20/95

4. Date of sentencing and terms of sentence: NO SENTENCE IMPOSED AT THIS TIME.

5. Crime or crimes of which I was convicted: CT. I-Burg. 1, AS 11.46.300(a)(1);
CT. II 2nd. deg. AST. AS 11.41.210(a)(1); CT, III, AST. AS 11.41.2
20(a)(1); CT. IV, ~~MXX~~ MIW 1 deg. AS 11.61.200(a)(1)

586


Exhibit #18    Pg. 158

and was one that could have been corrected. Mr. Simmons' **Double Jeopardy Clause Argument**, at pp. 19-22 are incorporated herewith and this court is referred thereto.

On sept. 11th, 1995, this issue was again raised, Log 1315, 1696; this court ruled it would not take a double jeopardy motion at taht time, Log 1780, but would take it under advisement once in writing. Log 2286.

PREJUDICE

D.

Under Kotteakos v. United States, 328 U.S. 750, 66 S.Ct. 1239, 90 L.Ed. 1557 (1946), the Supreme Court stated:

> "If, when all is said and done, the conviction is sure that the error did not influence the jury, or had but slight effect, the verdict and judgement should stand, except perhaps where the departure is from a constitutional norm or a specific command of congress.
> But if one cannot say, with fair assuraances after pondering all that happen without stripping the erroneous action from the whole , that the judgment was not substantially swayed by the error, it is impossible to conclude that substantial rights were not affected.
>    the enquiry cannot be merely whether there was enough to support the results apart from the phase affected by the error. it is rather, even so, whether the error itself had substantial influence. if so, or if one is left in grave doubt, the conviction cannot stand." (emphasis mine).

It cannot be seriously argued by the state, that the preclu-sive effect did not "substantially sway the jury verdicts as to counts I & II; or "did not depart from a constitutional norm.." Kuzzruk v. State, 436 P.2d 962, 964 (Ak. 1968).

27

629

> Therefore, if the amount of bail or the conditions thereunder are disputed issues, the setting of bail should be immediately referred to another judicial officer. Furthermore, the defendant should be advised of his right to have bail heard by another judge."

**Gieffels v. State**, 552 P.2d 661 at 669-670 (Alaska 1976). And the inability to timely file pre-trial motions.[3]

The state's objection to the defendant filing of pre-trial motions on sept. 7th, 1995, "because it would be prejudice", can only be seen as a continuation of a denial of fundamental fairness. (1) to deny exposure of the state's discovery violation; (2) to deny dismissal of the indictment base upon insufficient evidence (Tr. 1018 [4BE-S90-552Cr.]), (Tr. 583-585); (3) to deny suppression of an unlawfully seized tape (introduced at the trial as evidence exhibiting a conscious criminal state of mind); (4) to deny exposure of prosecutorial misconduct with respects to false charges against its witness to compell perjurious testimony; (5) to deny exposure of police officer, Bilyeu's mis-representation tom magistrate McMahon to obtain a search warrant to seize Mr. Herrera' handgun.; two of these issues the court ruled the matters "irrelevant" ("contingency agreement"), and "harmless error" (denial of severance). the remaining issues were not ruled upon. for briefing of these issues the court is referred to App.' Dir. & Reply Briefs, A-4475.

The facts surrounding the circumstances of E.(A)V.'S false indictment for perjury maybe succinctly stated as follows:

(1) E.(A)V. filed her AFFIDAVIT OF CLARIFICATION on feb. 26th, 1991 (Tr. 571).

(2) the state received a copy (Tr. 961)

31                                                          633

(3) the state instructed police officer Bilyeu to interview E.(A)V. with respects to other "illegal activity". (Tr. 508-12; 526-33).

(4) the officer threaten the witness with five (5) years incar-ceration (Tr. 724; 796).

(5) E.(A)V. was charged with perjury Feb. 1991 (**Ex."Q"** ).

(6) the state offers a contingency agreement. (**Ex. "U"** 5).

(7) the state gives discovery of E.(A)V.'S sept. 26th,1990 police recorded statements to her attorney. (**Ex. "U"** 5).

(8) E.(A)V. recieves a copy of her statements from her attorney to prepare to give testimony in case 4BE-S90-552Cr. (Tr. 585-587), (**Ex. "U"** 5).

(9) E.(A)V. testify in case 4BE-S90-552Cr. to a "constructivel amended indictment" charging a different offense from that which the defendant had been indicted.

(10) the state knew that E.(A)V. had recanted during the Nov. 1st., 1990 grandjury, four (4) months "before" the perjury indictment against the witness. (Tr. 583-585).

(11) and the testimony before the Nov. 1st, 1990 grandjury , and the affidavit of clarification, correspond. (Tr. 973; 583-585) & (Tr. 1018 [4BE-S90-552Cr.]).

In regards to the facts listed above, the legal exposition has been expounded in the following documents: App.'........ Reply Brief, A-4475, pp. 15-24; Direct Appeal Brief, A-4972, pp. 20-27; Plaintiff's Brief Of Closing Arguments. -92-268CI; Plaintiff's Reply Motion, ( Petition For Review) -94-74CI.

32

634

to bolster the assertion of prejudice. that the state's attempt to legitimize its conduct through the Court Of Appeals' reversal, albeit for the wrong reason, further demonstrates the prosecution's disdain for the constitutional prohibition against placing an accused person twice in jeopardy for the same offense and evidence the length to which the prececutor will go to secure a conviction, even though the accused is innonent of the crimes charged.

That Mr. Simmons was fatally prejudiced is examplified by the state's introduction on rebuttal, the witness' out of court recorded statements through officer Hodges (in which the witness indicated that she never saw the handgun indentified by the witness at trial), as a "prior consistent statement." (Tr. 563 [lines ,15-17]).: "a witness who fails to speak at all of a matter asserted at trial under circumstances in which it would have been natural to do so, speaks "inconsistent." 3A Wigmore, Evidence § 1042, at 1056 (Chadburn rev. 1970). while it may be argued, that the state's impeachment of its own indentification of the evidence (handgun) it sought to introduce as more favorable to the defendant than prejudicial is problematic.

## CONCLUSION

The fact that the trial court committed reversible error when it proceeded to trial, and Mr. Simmons was successful in his appeal, assumes no waiver of his right to plead jeopardy in bar to a second prosecution. the judge was aware, that in not honoring Mr. Simmons peremption, he would "automatically err."

34

636