States v. Difrancisco, 449 U.S. 117, 101 S.Ct. 4 26, 66 L.Ed. 2d 328 (1980). As there are no issues in dispute as to whether plaintiff was tried before a Judge who was aware that the had been perempted and that the peremption was valid, it can not be disputed that the trial was invalid and plaintiff's re-trial violated the prohibition against successive trials for the same offense once in jeopardy and plaintiff is entitled to judgment as a matter of law.

## NON-DISCLOSURE OF CONTINGENCY AGREEMENT

The state's non-disclosure of it's contingency agreement with the prosecutor's chief witness violated the defendant's right to confront the evidence against him; and denied the defendant due process by with holding that evidence from the jury, who was entitled to hear this evidence going to the witness' credibility. Plaintiff established on March 3rd and 4th, 1995, by the preponderance of the evidence, that the state, did not disclose it's contingency agreement to the defendant no his attorneys. This issue has been briefed on application for post-conviction relief at pp. 29-36. Plaintiff adopts herein the defendant's argument and all exhibits relating to the state's non-disclosure; moreover, plaintiff incorporates part I supra, of his double jeopardy argument supporting his claim of entitlement to Summary Judgement as a matter of law. Pursuant to A.E.R. 201, 803(6)&(8), Mr. Simmons moves this court for admission of the testimony adduced at the March 3rd&4th evidenciary hearing at Bethel, 1995 and the following exhibits on application for post-conviction relief filed April 10, [23rd], 1996, as to this issue: Exhibit Q, U, & V.

pp. 47, Vol. IV (B), App. Rec. ● (4)

## AFFIDAVIT OF JAMES HOPPER, ESQ.

I, James Hopper, Esq., hereby states and affirms the following under the penalty of perjury:

1). I was the advisory counsel to Mr. David Simmons on the case of <u>State of Alaska v. David Simmons</u>, 4BE-S90-552 CR.

2). I filed a discovery motion on the case in order to gain discovery in compliance with the discovery rules.

3). I was advisory counsel for Mr. Simmons during the trial on this case. I had numerous discussions with the district attorney's office: specifically, with Ben Herron and Steve Wallace.

4). I was never informed that the State of Alaska had made an agreement with E.A., witness/victim, as to her having made a deal with the state that her felony charge of perjury and misdemeanor charges would be dismissed if she testified consistently with her previously given statement in her police report.

5). As an attorney that does criminal trials, I believe this was highly relevant material that should have been disclosed as it goes to the bias of the witness and motivation to testify favorably towards the state and against Mr. Simmons.

6). I spent extensive time preparing the case with Mr. Simmons. He never mentioned any deal being made with E.A. during the course of preparing for trial. Mr. Simmons would not have been able to check the court files in Bethel regarding this matter since he was incarcerated during this time period.

YOUR AFFIANT SAYETH FURTHER NAUGHT.

_____
James Hopper, Esq.

SWORN AND SUBSCRIBED to before me this 25 day of MARCH, 1994.

By: _____
Notary Public and for the State of Alaska
My Commission expires: 8/19/97

KIRK ROBINSON CAVANAUGH, P.C.
ATTORNEYS AT LAW
800 WEST FIFTH AVENUE, SUITE 730
ANCHORAGE, ALASKA 99501
TEL (907) 279-1659
FAX (907) 278-4119

This request is an on goning request and relates to material which may either now or in the future be in the possession or control of the district attorney or its agents.

DATED this 14th day of January 1991.

_____
Chris Provost

## ORDER

IT IS ORDERED that the above requested discovery be provided to Chris Provost within __10__ days even though such discovery may have already been copied to the defendant at YKCC.

Done at Bethel, Alaska this __4th__ day of __February__ 1991.

_____
Judge ~~Curda~~ Greene

I certify that on __2-5-91__ copies of this form were sent to _____ by Ams
DA, DPA, ~~Simmons~~

4

Clerk of the Trial Courts
By _____ Deputy

-3-

820



# STATE OF ALASKA

## DEPARTMENT OF LAW

CRIMINAL DIVISION/FOURTH JUDICIAL DISTRICT

OFFICE OF THE DISTRICT ATTORNEY

WALTER J. HICKEL, GOVERNOR

REPLY TO:

☒ P.O. BOX 755
BETHEL, ALASKA 99559-0755
PHONE: (907) 543-2055

☐ 604 BARNETTE ST., RM 247
STATE COURT & OFFICE BLDG.
FAIRBANKS, ALASKA 99701-4573
PHONE: (907) 452-1565

RECEIVED SEP 20 1991

Exhibit #19(D)

Yukon CC
Ex. Q3 D.S.

September 18, 1991

Randall Cavanaugh, Attorney at Law
745 W. 4th Ave., Suite 300
Anchorage, AK 99501

Re: State of Alaska v. David Simmons, 4BE-S91-131 Cr.

Dear Sir:

Enclosed please find pages 1 thru 35 of the police report and pages 1a, 2a, and 3a of APSIN in the referenced case.

Sincerely,

CHARLES E. COLE
ATTORNEY GENERAL

By: *Blanche Jacobs*
Blanche Jacobs
Paralegal Assistant

enclosure
cc: file

821

03-C27LH

printed on recycled paper by



**ANGSTMAN LAW OFFICE, INC.**
P O Box 758
Bethel, Alaska 99559

Myron Angstman
Douglas Dorland
Cathleen Connolly

(907) 543-2972

February 28, 1991

Officer John Bilyeu
Bethel Police Department
P.O. Box 500
Bethel, AK  99559

Dear Officer Bilyeu:

This is to inform you that our firm represents Elaine Aloysius in the case of State of Alaska v. Elaine Aloysius, 4BE-S91-74 CR. Further we represent her in her capacity as a witness or potential witness in any other pending civil or criminal matter. I hereby direct you to cease contacting my client, either personally, by telephone or in written form. If you wish to speak to Ms. Aloysius an appointment can be set up with my office and a member of our firm will be present during the interview.

If I learn from my client or any other source that you or any other member of the Bethel Police Department has contacted or attempted to contact my client, I will not hesitate to obtain a restraining order to protect my client from further harassment.

Yours truly,

*Cathleen Connolly*
Cathleen Connolly
Attorney at Law

CC/sr

xc:  Elaine Aloysius

822

# ANGSTMAN LAW OFFICE, INC.

P.O. Box 758
Bethel, Alaska 99559

Myron Angstman
Douglas Dorland
Cathleen Connolly

(907) 543-2972

May 16, 1991

Mr. Ben Herren
District Attorney
P.O. Box 755
Bethel, AK  99559

RE: Elaine Aloysius

Dear Ben:

This is to confirm the contents of Elaine Aloysius's agreement with the District Attorney's Office. Elaine has agreed to testify against David Simmons in any pending cases regarding his assaults on her and his possession of a firearm and his actions since he was arrested with regard to contacting her. She has reviewed her statement to Officer Hodges and she can testify truthfully to that information. She has informed me that she does have an independent recollection of what occurred.

In return, the District Attorney's Office will dismiss all pending charges against Elaine including three counts in 4BE-S91-74 and felony perjury count. Additionally, the State will not file any charges against her arising out of a bootlegging investigation being conducted by the Bethel Police Department and/or the Alaska State Troopers.

Elaine will agree to waive her Rule 45 rights on the pending cases until after her testimony against Mr. Simmons. At that point, it is our understanding that the DA's office will file the appropriate dismissals with the court. I would like to be provided with a trial date for Mr. Simmons in all the cases he has pending where Elaine would be necessary as a witness. I think it would be in the District Attorney's best interest to conform with Elaine prior to her being a witness, particularly with regard to events which occurred after her initial contact with the police and her statement to Officer Hodges. I think it would clarify information for the District Attorney's Office. I would like to be present during those interviews. Please provide me with notice if any are set up.

I have spoken with Allen Dayan, Elaine's attorney in the felony/perjury case. It is my understanding that he agrees with me that this resolution of the pending cases against Elaine is in Elaine's best interest and he will be contacting the District

823

Attorney's Office independently to confirm his understanding of our agreement. If you have any questions regarding any of this please do not hesitate to contact me.

Yours truly,

*Cathleen Connolly*

Cathleen Connolly
Attorney at Law

CC/sr

xc: Elaine Aloysius
    Allen Dayan

824