Exhibit #20

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

FOURTH JUDICIAL DISTRICT AT BETHEL

DAVID SIMMONS,            )
                          )
        Appellant,        )
                          )
vs.                       )
                          )
STATE OF ALASKA,          )
                          )
        Appellee.         )
_____  )

Case No. 4BE-96-67 Civil

FILED in the Trial Courts
State of Alaska, Bethel Service District

MAR 26 1997

By.........................Deputy

## ORDER ON STATE'S MOTION TO DISMISS
## APPLICATION FOR POST-CONVICTION RELIEF

On February 23, 1996, David Simmons, pro se, filed an Application
for Post-Conviction Relief under Criminal Rule 35.1 of his criminal
conviction in 4BE-S90-902. On May 10, 1996, the State of Alaska moved
to dismiss Simmons' application. On November 12, 1996, this court gave
notice of its intent to dismiss the application on the grounds that the
application failed to state a prima facie claim for post conviction
relief as argued in the State's Motion to Dismiss.

Simmons proceeded to file an amended application in the form of
a Motion for Summary Judgment on December 3, 1996, which was opposed
by the state on January 17, 1997. Simmons responded again on February
10, 1997.

The court is treating Simmons' Motion for Summary Judgment as an
amended application. The state correctly notes under Jones v. State,
759 P.2d 558, 565 (Alaska App. 1988) at this stage of the proceedings
the court must determine whether defendant's application demonstrates
a prima facie case for relief.

EXHIBIT  B

11

Simmons alleges several claims for post-conviction relief:

1.    That his attorney who initially represented him at his November 2, 1990 arraignment, was ineffective for failing to take an expedited appeal of Judge Curda's failure to accept Simmons oral peremptory challenge request;

2.    That retrial in 4BE-S90-902 following the first conviction, being reversed on other grounds, violates Simmons' right against double jeopardy guaranteed by the Constitutions of both the United States and Alaska where the trial judge refused to accept or acknowledge Simmons' valid peremptory challenge of the judge before the first trial and where the prosecutor knowingly allowed the unlawful peremption to stand;

3.    That the Court of Appeals' affirmance of the defendant's conviction in case 4BE-S90-552 gave preclusive effect to Count IV in case 4BE-S90-902 Cr;

4.    That the original trial judge erred in failing to dismiss the indictment on the grounds of sufficiency of evidence; and

5.    That Simmons' speedy trial rights under Criminal Rule 45 and the state and federal constitutions were violated.

The court concurs with the state that pages 27, 31, 32, 33 and 34 of Simmons original application are confusing.  The court cannot divine about which Simmons is arguing and there are no specific facts alleged to support whatever the claims may be.  Those claims are therefore unsupported and will not be considered.

Claims 1, 2 and 5 center on Simmons' major factual contention that Judge Curda failed to acknowledge Simmons' exercise of a

Simmons vs. SOA
4BE-96-67 Civil
Page 2

12

peremptory challenge of Judge Curda on November 2, 1990.  Assuming the propriety of the peremptory challenge, Simmons argues that his attorney was ineffective in withdrawing the peremptory challenge and then in not filing an expedited appeal of its denial.  Also, Simmons' assumption as to the validity of his November 2, 1990 oral peremptory challenge is at the heart of his double jeopardy and speedy trial claims.

In support of his position with respect to the exercise of a peremptory challenge against Judge Curda on November 2, 1990, at Simmons' arraignment, Simmons has filed partial transcripts of hearings in 4BE-S90-902 dated November 6, 1990, November 8, 1990, July 3, 1991; the log notes of the November 2, 1990 arraignment hearing; and a generalized affidavit from Mr. Simmons dated November 25, 1996, affirming as facts everything asserted in his application for post-conviction relief.

Notably missing is the transcript of the November 2, 1990 hearing.  Given the factual importance of what actually transpired at the hearing the court is unwilling to decide the issue without knowing what was said at that pivotal hearing.  Therefore, the court is ordering the clerk of the court to prepare a transcript of the November 2, 1990 arraignment of David Simmons before Judge Dale Curda.  It should be noted in preparing the transcript from tape number 4BE-Chambers that Mr. Simmons' hearing in 4BE-S90-902 is found on pages 1, 2 and 4 and that it is interrupted by proceedings involving Clyde Stern and Alenka Chaleak.  The parties shall have ten days after the clerk distributes the transcript of the November 2, 1990 arraignment to supplement their briefing on claims 1, 2 and 5 in light of the specific

Simmons vs. SOA
4BE-96-67 Civil
Page 3

13

Pg. 172                    Pg.

information on the transcript.

The court finds that claim number 3 in which Simmons argues that his conviction for Count IV (felon-in-possession of a firearm) is barred by either double jeopardy or issue preclusion as a result of the Court of Appeals decision affirming his conviction for felon-in-possession in 4BE-S90-552 survives the State's Motion to Dismiss. The record and argument presented by Simmons adequately states a prima facie case for relief. However, it is not ripe for summary judgment as the state chose to respond on procedural grounds and not on the merits.

While the court is in sympathy with the state's procedural arguments, given Mr. Simmons' pro se status, considerations of fundamental fairness sway the court to consider the merits of the issue. While Mr. Simmons should have raised the matter by motion in the criminal proceedings as invited by the court, he orally preserved the issue on the record of the criminal proceeding and he has now reduced it to writing. Since it implicates the constitutional issue of double jeopardy, it is a proper consideration for post-conviction relief.

The state shall have 45 days to answer claim 3 after the court has ruled on the viability of claims 1, 2 and 5. The reason for the delayed answer is to keep the timetable for the resolution of any pending claims the same insofar as it is possible.

Claim 4 is dismissed by this order. Simmons raised this claim on appeal with the Court of Appeals following the original trial of 4BE-S90-902 Cr. The Court of Appeals rejected the argument with this

Simmons vs. SOA
4BE-96-67 Civil
Page 4

14

Pg. 173          Pg. 1820

language:

> Simmons contends that Judge Curda erred in failing to dismiss the indictment. However, Simmons has not designated the grand jury transcripts as part of the record on appeal. He has consequently waived this argument.

> Nor did Mr. Simmons raise the issue before the re-trial. Mr.

Simmons has presented no reason under Criminal Rule 35.1(a) to justify

the consideration of this issue. It is therefore waived. <u>See</u> AS

12.72.020(a)(2). Claim 4 is hereby dismissed.

<u>Conclusion</u>

Claims 1, 2 and 5 raised by Simmons require the court to examine

the tape or transcript of Simmons' arraignment of November 2, 1990

before Judge Curda before ruling on the viability of those claims.

The clerk of court has been directed to prepare a transcript of this

proceeding and the parties are allowed ten days following distribution

of that transcript to supplement their briefing. Claim 3 shall remain

as part of this post-conviction relief proceeding. The state shall

have 45 days from the court's order regarding the viability of claims

1, 2 and 5 to file its answer to claim 3. Claim 4 is hereby dismissed

from consideration in this proceeding.

Dated this 25th day of March, 1997.

Mark I. Wood
Superior Court Judge
Pro tempore

i certify that on 3-28-97
copies of this form were sent to: Sidell
CLERK: _____ Simmons
DAO

15