PG. 195   Exhibit 22

### 3. <u>Did the trial court err when it failed to sever counts I and II from counts III and IV?</u>

The trial court's decision to deny severance can be overturned only for an abuse of discretion, <u>Maynard v. State</u>, 652 P.2d 489, 491 (Alaska App. 1982) and where there has been a showing of prejudice. <u>Montes v. State</u>, 669 P.2d 961, (Alaska App. 1983) <u>Abdulbaqui v. State</u>, 728 p.2d 1211, 1218-19 (Alaska App. 1986)

Simmons moved to have these counts I & II and counts III & IV severed from each other. (R. p. 119). Rule 8(a) now allows joinder of similar offenses if the government can demonstrate before trial that evidence of each offense will likely be cross-admissible. The intent was to "permit multiple offenses to be joined at trial when evidence of one is admissible to prove the other" 1988 House Journal at 2332. <u>Sharp v. Alaska</u>, Opinion 1233 at 13, (issued July 17, 1992)

In determining whether or not the trial court erred in not granting the requested severance, we must look at several areas of law. First, the court must view whether or not the original joinder was proper under Criminal Rule 8. Second, the court must then determine if the joinder is prejudicial under Criminal Rule 14.

Criminal Rule 8(a) allows the joinder of offenses (1) are of the same or similar character and it can be determined before trial that it is likely that evidence of one charges offense would be admissible to prove another charges offense, (2) are based on the same act or transaction; (3) are based on two or more acts or transactions connected together or constituting parts of a common scheme or plan. Criminal Rule 14 allows relief from prejudicial joinder.

24

In Nell v. State, 642 P.2d 1361 (Alaska App. 1982), it was stated that first, under Rule 8(a), it must be asked whether the two offenses charged are so related as to make joinder proper. Second, under Rule 14, it must be determined whether, given a propriety of joinder under Rule 8(a), joinder of the offenses for trial will unduly prejudice the defendant. In otherwords, in determining whether to sever multiple charges charged in a single indictment, the court must first determine whether any one of the subsections under Criminal Rule 8(a) has been satisfied. If any of the subsections under Criminal Rule 8(a) apply, the court must then turn to Criminal Rule 14 to determine whether joinder of the offenses would be unduly prejudicial to the defendant.

In Johnson v. State, 730 P.2d 1750 (Alaska App. 1986), the Alaska Court of Appeals held that severance should be granted automatically under Criminal Rule 8(a)(1) when the offenses are joined simply because they are of the same or similar character. In determining whether joinder pursuant to Criminal Rule 8(a)(1) is proper, the court must determine whether evidence of one charged offense will be admissible to prove another charged offense. As such, the court must turn to Evidence Rule 404(B).

Evidence Rule 404 was originally viewed to be a rule of exclusion as opposed to a rule of admissibility. Oksoktaruk v. State, 611 P.2d 521 (Alaska 1980). As such, Evidence Rule 404(B) represents the "presumption in our law that the prejudicial effect of introducing a prior crime outweighs what probative value may exist with regard to propensity. No case by case balancing in permitted." Id. at 524. However, 404(B) evidence may be material for reasons other than propensity. When that is the case, the

25

court must first determine that the evidence sought to be admitted has relevance apart from propensity, and, second, the court must determine that the non-propensity evidence outweighs the presumed highly prejudicial impact of the evidence. Lerchenstein v. State, 697 P.2d 312 (Alaska App. 1985). If sufficient other evidence has been introduced, the evidence of other crimes must be excluded so that tenuous or marginal probative value of prior crimes' evidence will never be allowed to serve as an excuse for implanting prejudice in the minds of the jury. Moore v. State, 709 P.2d 498 (Alaska App. 1985). Whenever the prosecution wishes to use character evidence, the trial court should seriously consider delaying the offer until the prosecution's rebuttal. Id. at 506.

In determining the admissibility of other acts evidence, Alaska law required that the trial court apply a two-step analysis. First, the court must determine if the evidence sought to be admitted has relevance apart from propensity. Second, the court must determine if the non-propensity relevance outweighs the presumed highly prejudicial impact of the evidence under A.R.E. 403. Of course, if there is no genuine non-propensity relevance, the balancing step is never reached. Lerchenstein v. State, 697 P.2d 312, 315-16 (Alaska App. 1985), aff'd. 726 P.2d 546 (Alaska 1986).

Simmons contends that the charges stated in Counts I & II and Counts III & IV should have separated into two distinct trials. Simmons agrees that the charges involve the same "victim" E.A. However, the incidents arose on separate days and are qualitatively different (thus not arising from the same act or transaction). One assault was

with allegedly committed with ordinary household items, the other was allegedly committed with a firearm. Further, that the joinder of the two separate incidents could only leave the jury to believe that Simmons was accused of a multitude of things against E.A., thus he must be guilty by mere propensity.

There was no question of identity, nor was there any contention that these acts were a common plan or scheme of Simmons to maker sure there was some mistake or that the acts were inadvertent. In the case the only common thread was the same individual was the complaining witness who complained about two separate acts on the same day.

Even though Criminal Rules 8(a) and 13 allow joinder of two or more charges, a defendant can nevertheless obtain severance under Criminal Rule 14 by showing that the jury's ability to fairly decide the individual charges will be substantially impaired of the jury hears evidence relating to the other charges at the same time. Sharp v. Alaska, Opinion 1233 at 15, (issued July 17, 1992). Simmons believes this to be true in his case. The supreme court in the case of Stevens v. State, 582 P.2d 621 (Alaska 1978) noted that the trial court "must weigh prejudice to the defendant caused by the joinder against the obviously important considerations of economy and expedition in justice administration". Id. at 627. The court thought it was appropriate to note that they were in agreement with the criticism which has been levelled against a procedural rule which permits the joinder of offenses of the same of similar character. Id. at 629.

Simmons believes that the court of appeals must conclude that Judge Curda erred and should have granted the severance. In this case at bar, the only thing that could be gained from the joining of the offenses

27

would be to prejudice the jury in to thinking from the sheer amount of offenses and the course of conduct involving E.A. that Simmons had a propensity for violence against E.A. and therefor was guilty the acts charged. Simmons was seriously prejudiced in several ways. First, the overall course of the trial the state would present evidence against Simmons that he knew E.A., he assaulted her with a firearm on an earlier occasion, Second, that then he then several days later broke into her house (after gaining permission to come over) and assaulted her with various household items. The judgment should be reversed and matter remanded back for separate trials.

4. <u>Did the trial court err when it denied the defendant's motion to dismiss the case?</u>

Simmons filed a motion to dismissed indictment as to Counts III & IV and it was denied. In challenges to the sufficiency of the evidence before a grand jury, every legitimate inference that may be draw from the evidence must be drawn in favor of the indictment. <u>State v. Ison</u>, 744 P.2d 416, 418 (Alaska App. 1987).

Simmons motion to dismiss was based on several grounds:
a. that the state used impermissible hearsay from officer Hodges; and,
b. without the prejudicial evidence, that there was insufficient evidence to support the indictment.

Simmons asserts that state elicited hearsay evidence from officers Hodges and Bilyue as to the charge. Specifically, officer Hodges testified that E.A. reported the assault in the third degree and that there was no statement as to why the hearsay was necessary. Officer Bilyue testified as to what E.A. said as to the assault and the actions of Mr. Herrera as it was reported to him. Simmons contends that the

28

testimony of officers Hodges and Bilyue was in violation of Criminal Rule 6(r), Vandiver v. State, 726 P.2d 195, 199-200 (Alaska App. 1986), Putnam v. State, 629 P.2d 35 (Alaska 1985). Further, that E.A. and Mr. Herrera were available and that there was no compelling need shown for the hearsay testimony. Galauska v. State, 527 P.2d 459 (Alaska 1974) and Adams v. State, 598 P.2d 503 (Alaska 1979). Finally, that officer Hodges' testimony was not merely peripheral, or cumulative to E.A.'s testimony. Webb v. State, 527 P.2d 35 (Alaska 1974).

Simmons contends that there was insufficient evidence to indict him. Simmons asserts that the testimony of E.A. clearly states that she did not remember telling the officers and at the time of the incident that she assumed he did (hold a gun to her head). She further states that she "overreacted". Thus for these reasons the indictment should have been dismissed.

### 5. Did the trial court err when it denied the defendant's motion to suppress the evidence seized from Mr. Herrera's residence?

Since the errors affected constitutional rights, and objections were raised below, the state must show beyond a reasonable doubt that the error did not contribute to the conviction. Chapman v. California, 386 U.S. 1824 (1967).

Simmons contends under state and federal constitutions that the trial erred in admitting the evidence seized from the Herrera residence. Evidence seized from the residence included of the tape and the hand gun. Simmons filed motions to suppress the materials seized. The court denied the motions stating that Simmons did not have standing to argue suppression issues and that the informant was a "citizen informant". Simmons took exception to the court's