Kenneth M. Rosenstein
Assistant Attorney General
Office of Special Prosecutions
and Appeals
310 K Street, Suite 308
Anchorage, Alaska 99501
Telephone: (907) 269-6250
Facsimile: (907) 269-6270
Email: Ken_Rosenstein@law.state.ak.us

Attorney for Respondent Luna

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID SIMMONS,          )<br>                         )<br>    Petitioner,         )<br>                         )<br>vs.                      )<br>                         )<br>FRANK LUNA,              )<br>                         )<br>    Respondent.          )<br>_____) | MOTION TO DISMISS SECOND,<br>THIRD, AND FOURTH CLAIMS<br>FOR HABEAS RELIEF<br><br>No. 4:03-cv-00013-RRB |

Simmons filed a petition for writ of habeas corpus in which he asserted five claims for relief. [Docket 2] This court granted the respondent's motion to dismiss Simmons's first and fifth claims as time-barred under the applicable statute of limitations. The respondent now moves to dismiss Simmons's second, third, and fourth claims.

A.   Simmons's state-court cases

Before discussing the substance of the respondent's motion, a listing of Simmons's many cases is necessary. The hope is that this will assist in a clearer understanding of the argument that follows.

- *Simmons v. State*, No. 4BE-90-552 Cr. (Alaska Super.) ("*Simmons I*") – criminal prosecution arising out of events in March or April and July 1990.

- *Simmons v. State*, No. 4BE-90-902 Cr. (Alaska Super.) ("*Simmons II*") – criminal prosecution arising out of events in September 1990.

- *Simmons v. State*, No. 4BE-92-268 Civ. (Alaska Super.) ("*Simmons III*") – postconviction relief application asserting claims arising out of the trial of *Simmons II*.

- *Simmons v. State*, Mem. Op. & J. No. 3099, 1995 WL 17220358 (Alaska App., March 22, 1995) ("*Simmons IV*") – appeal of the convictions in *Simmons II*.

- *Simmons v. State*, 899 P.2d 931, 935, 936-37 (Alaska App. 1995) ("*Simmons V*") – appeal of the convictions in *Simmons I*.

- *Simmons v. State*, No. 4BE-96-67 Civ. (Alaska Super.) ("*Simmons VI*") – postconviction relief application asserting ineffective assistance of counsel claims arising out of the trial of *Simmons II*.

- *Simmons v. State*, Mem. Op. & J. No. 4509, 2001 WL 1563698 (Alaska App., December 5, 2001) ("*Simmons VII*") – appeal of the denial of postconviction relief in *Simmons VI*.

- *Simmons v. State*, No. S-10523 (Alaska) (filed February 11, 2002) ("*Simmons VIII*") – petition for hearing seeking discretionary review of *Simmons VII*.

B.        Simmons's second claim for relief

Simmons's second claim alleges that he received ineffective assistance of counsel in *Simmons II* when his lawyer failed to seek review of the state trial court's refusal to recognize Simmons's attempt, under state law, to peremptorily challenge the judge assigned to the case. [Docket 2 at "7 of 13"] Simmons appears to claim that his lawyer was incompetent by failing to file an interlocutory appeal under Alaska Appellate Rule 216, which authorizes expedited review of a trial court's denial of a peremptory challenge of a judge. Simmons appears to have presented this claim to the Alaska Supreme Court in *Simmons VIII*. As a result he appears to have exhausted his state-court remedy.

In spite of the fact that Simmons appears to have exhausted this claim in state court, habeas relief is barred because the denial of the claim in state court was based on adequate and independent state-law grounds. Federal habeas review of a federal-law issue decided by a state court is barred when the state court's decision "rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553 (1991). *See also id.* at 729-31, 111 S.Ct. at 2554.

When the Alaska Court of Appeals considered Simmons's ineffective-assistance claim stemming from the denial of his peremptory challenge in *Simmons II*, it ruled that the claim was moot because Simmons ultimately received the remedy he had sought. *Simmons VII*, mem. op. at 4 (a copy of this memorandum opinion is attached). Simmons's convictions in *Simmons II* were reversed on direct appeal. *See Simmons IV*, mem. op. at 10-11 (a copy of the memorandum opinion is attached). Simmons's retrial was conducted by different judge, Mark I. Wood, than the judge Simmons sought to challenge in *Simmons II*, Dale J. Curda. The Alaska Court of Appeals concluded that Simmons received the precise relief he had sought to obtain by his peremptory challenge – a trial before a judge other than Judge Curda. *See Simmons VII*, mem. op. at 4. This resolution – mootness – amounts to an independent and adequate state-law basis for the denial of Simmons's claim and effectively bars federal habeas relief.

C.  Simmons's third claim for relief

Simmons alleges in his third claim for habeas relief that the Alaska Court of Appeals denied his right to litigate "constitutional and jurisdictional claims" in *Simmons IV*, his direct appeal from his conviction in *Simmons II*. [Docket 2 at "9 of 13"] The basis of this claim appears to be the

court of appeals's denial of Simmons's motion to stay his direct appeal pending the outcome of his postconviction-relief application in *Simmons III*, in which he purports to have alleged claims of "ineffective assistance of counsel; Void Judgment; Double Jeopardy and Speedy Trial Violation and None Disclosure [*sic*] Of A Contingency Agreement," all of which he claims arose in the context of his first trial in *Simmons II*. [Docket 2 at "9 of 13"]

Because Simmons's briefing in state court is confusing, it is difficult to determine whether he satisfied the exhaustion requirement with respect to the ineffective-assistance aspect of this claim. *See* Petition for Discretionary Review of Appellate Decision, *Simmons VIII* (February 11, 2002) (a copy of this petition is attached). For purposes of this motion, the respondent will assume, but not concede, that Simmons did satisfy the requirement. On the other hand it appears that Simmons did in fact satisfy the exhaustion requirement with respect to the double-jeopardy aspect of this claim. *See Simmons VII*, mem. op. at 6-7.

As discussed above with respect to Simmons's second claim for relief, the Alaska Court of Appeals resolved Simmons's claims of ineffective assistance on independent and adequate state-law grounds. Habeas relief is therefore barred. *See Coleman*, 501 U.S. at 729-31, 111 S.Ct. at 2553-54.

The Alaska Court of Appeals also resolved Simmons's double-jeopardy claim on independent and adequate state-law grounds, thus barring habeas relief for that claim as well.

Consideration of Simmons's double-jeopardy claim requires a bit of background explanation. Simmons was charged in *Simmons I* with two counts of weapons misconduct based upon his possession of a handgun in March or April 1990 and in July 1990. The state's theory was that Simmons had been in continuous possession of the handgun during that period, and to prove that, the state presented evidence that Simmons's possession of the handgun had continued for several months after July, until September 1990. *See Simmons V*, 899 P.2d at 935, 936-37. In *Simmons V*, the direct appeal from *Simmons I*, Simmons asserted that because the state had proved continuous possession, double jeopardy barred separate convictions for both the March or April and the July possessions. The Alaska Court of Appeals agreed, holding that Simmons could be convicted of only one weapons-misconduct charge in *Simmons I*. *Simmons V*, 899 P.2d at 937. The court noted that the jury's verdicts in *Simmons I* had "left the issue [of any interruption in Simmons's possession of the pistol] unresolved." *Id.*

Simmons's present double-jeopardy claim differs from the one asserted in *Simmons V*. Simmons appears to now argue that the prosecution in *Simmons II* for his September 1990 weapons misconduct was barred because the state, in *Simmons I*, relied on evidence of that misconduct to prove the charges in *Simmons I* (weapons misconduct committed in March and July 1990). [*See* Docket 2 at "p. 3 of 4" following "9 of 13"] He claims, in essence, that the state's reliance on evidence of the September misconduct collaterally estopped the state from then charging him for that misconduct.

Simmons attempted, unsuccessfully, to litigate in his state postconviction-relief action (*Simmons VI*) the claims raised in his third claim for habeas relief ("double jeopardy, collateral estoppel, or issue preclusion"), and the Alaska Court of Appeals affirmed the dismissal of that action. *Simmons VII*, mem. op. at 1-2, 6. The court of appeals concluded that because the jury in *Simmons I* was not asked to determine whether there had been an interruption of Simmons's possession of the handgun, the court, in *Simmons V*, "gave the Simmons the benefit of the doubt" and merged the convictions relating to the March or April and July possessions. *Simmons VII*, mem. op. at 6-7.

Simmons, however, was not entitled to the benefit of that doubt in his postconviction-relief proceeding because, in contrast to a criminal prosecution, he bore the burden of proof in the postconviction-relief proceeding. *Simmons VII*, mem. op. at 7. Under AS 12.72.040 and Alaska Criminal Rule 35.1(g), in a postconviction-relief proceeding, Simmons had the burden of proving his claim by clear and convincing evidence.[1] Simmons thus had the burden of proving that there had been no break in his possession of the firearm from March or April until September. But the record in *Simmons II*, in particular Simmons's own testimony that he had sold the pistol before September, "supported a finding of a separate possession of the gun in September 1990" and thus supported the trial court's dismissal of Simmons's double-jeopardy claim. *Simmons VII*, mem. op. at 7.

The Alaska Court of Appeals, therefore, did not resolve Simmons's claim on federal double-jeopardy grounds. Rather, the court concluded that Simmons had failed to meet his burden of proof under Alaska

---

[1] Alaska Statute 12.72.040 provides that a "person applying for post-conviction relief must prove all factual assertions by clear and convincing evidence." Alaska Criminal Rule 35.1(g) provides in part that an applicant for postconviction relief "bears the burden of proving all factual assertions by clear and convincing evidence."

law.  *See Simmons VII*, mem. op. at 7.  This amounts to an adequate and independent state-law ground for the court's decision.

The Alaska Court of Appeals also resolved Simmons's claim on an alternate ground:

> Moreover, Simmons could have appeal this issue after his retrial [in *Simmons II*], but he did not.  Because Simmons could have raised these claims in a direct appeal from his retrial, he was barred from raising the claims in an application for post-conviction relief.

*Id.* (citing AS 12.72.020(a)(2)[2]).  This constitutes an independent and adequate state law ground for the rejection of Simmons's double-jeopardy claim.  *Thomas v. Lewis*, 945 F.3d 1119, 1123 (9th Cir. 1991) (state postconviction relief court's dismissal of claim for failure to adhere to state rule requiring presentation of claim in direct appeal constituted adequate and independent state-law ground for denial of federal claim); *Martin v.*

---

[2]   Alaska Statute 12.72.020(a) provides in part:

> A claim may not be brought under AS 12.72.010 or the Alaska Rules of Criminal Procedure if
>
> .   .   .
>
> (2)   the claim was, or could have been but was not, raised in a direct appeal from the proceeding that resulted in the conviction[.]

*Evans*, 384 F.3d 848, 853-54 (7th Cir. 2004) (same).  Federal habeas review of that claim is therefore barred.  *See Coleman*, 501 U.S. at 729-31, 111 S.Ct. at 2553-54.

The foregoing also applies to Simmons's collateral-estoppel and issue-preclusion claims.  Since those claims were necessarily included in the double-jeopardy claim Simmons presented in *Simmons VII*, they were also resolved on adequate and independent state-law grounds, and thereby barring federal habeas relief.

D.   Simmons's fourth claim for relief

Simmons alleges in his fourth claim that in *Simmons II*, the state failed to disclose a purported agreement between it and E.A., the victim, that was contingent on E.A.'s testimony in *Simmons I*.  Simmons did not raise this claim in state court until he filed his amended application for postconviction relief in *Simmons VI*.

Simmons did not present this claim in *Simmons IV* even though he had been aware that the state had purportedly made some sort of "deal" with E.A.  *See* Brief of Appellee at 38, *Simmons IV* (Alaska App., November 9, 1993) ("Simmons then made application to bring up the fact that the State had made a deal with E.A. to testify consistent with the police statements in

exchange for charges being dropped.") (a copy of this brief is attached). In light of its reversal of Simmons's conviction, the Alaska Court of Appeals did not resolve this claim on direct appeal. *Simmons IV*, mem. op. at 11 n.2. Simmons did not seek discretionary review by the Alaska Supreme Court of the claims unresolved in *Simmons IV*. As a result Simmons failed to exhaust his remedies in state court.

A district court may not grant habeas relief unless the petitioner shows that he "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). A habeas petitioner satisfies this requirement by "fairly present[ing] his [federal] claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349 (2004) (quoted in *Galvan v. Alaska, Dep't of Corrections*, 397 F.3d 1198, 1202 (9th Cir. 2005)).

As mentioned above, Simmons presented his fourth claim for habeas relief to the Alaska Court of Appeals in *Simmons IV*, but he did not seek discretionary review of that claim in the Alaska Supreme Court following the court of appeals' decision. Accordingly, he failed to satisfy the exhaustion requirement for that claim.

David Simmons v Frank Luna, 4:03-cv-00013-RRB
Page 11

Even if Simmons were deemed to have exhausted that claim in state court, the ultimate resolution of the claim was on adequate and independent state-law grounds, which provide an alternate basis for barring habeas relief.

Simmons attempted to present this claim to the Alaska Court of Appeals in *Simmons VII*. *See Simmons VII*, mem. op. at 5. The court of appeals rejected the claim, holding that Simmons had waived it by failing to present it in the underlying postconviction-relief application in *Simmons VI*. *Simmons VII*, mem. op. at 5. The court of appeals also held that any error from the purported nondisclosure during Simmons's first trial (in *Simmons II*) had been rendered harmless by his obvious awareness of the agreement when he was retried. *Id*. These bases for decision – waiver and harmless error – constitute adequate and independent state-law grounds for the denial of the claim for which Simmons now seeks federal habeas review.

E.     Conclusion

Simmons's second, third, and fourth claims for habeas relief should be dismissed because he either failed to exhaust his state-court remedies or the claims were resolved on adequate and independent state-law grounds.

DATED October 2, 2006, at Anchorage, Alaska.

> DAVID W. MÁRQUEZ
> ATTORNEY GENERAL
>
> s/ Ken Rosenstein
> Assistant Attorney General
> State of Alaska, Dept. of Law
> Office of Special Prosecutions
>    and Appeals
> 310 K St., Suite 308
> Anchorage, Alaska 99501
> Telephone: (907) 269-6250
> Facsimile: (907) 269-6270
> email:Ken_Rosenstein@law.state.ak.us
> Alaska Bar. No. 7605051

### Certificate of Service

I certify that on October 2, 2006, a copy of the foregoing Motion to Dismiss Second, Third and Fourth Claims for Habeas Relief and Exhibits A-D were served on David Simmons, 1752 East Arica Road, CCA Red Rock, Eloy, AZ 85231 by regular U.S. mail.

s/ **Ken Rosenstein**