NOTICE

*Memorandum decisions of this court do not create legal precedent. See Alaska Appellate Rule 214(d) and Paragraph 7 of the Guidelines for Publication of Court of Appeals Decisions (Court of Appeals Order No. 3). Accordingly, this memorandum decision may not be cited for any proposition of law, nor as an example of the proper resolution of any issue.*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

| | |
|---|---|
| DAVID N. SIMMONS,<br><br>    Appellant,<br><br>    v.<br><br>STATE OF ALASKA,<br><br>    Appellee. | Court of Appeals No. A-7493<br>Trial Court No. 4BE-96-67 CI<br><br>MEMORANDUM OPINION<br><br>AND JUDGMENT<br><br>[No. 4509 — December 5, 2001] |

Appeal from the Superior Court, Fourth Judicial District, Bethel, Mark I. Wood, Judge.

Appearances: David N. Simmons, *pro se*, Florence, Arizona, for Appellant. Kenneth M. Rosenstein, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before: Coats, Chief Judge, and Mannheimer and Stewart, Judges.

STEWART, Judge.
MANNHEIMER, Judge, concurring.

The superior court dismissed David N. Simmons's application for post-conviction relief. Simmons advances several reasons why we should reverse the superior court's order, but after reviewing the record, we conclude the superior court did not abuse

its discretion when it dismissed the case. Accordingly, we affirm the judgment of the superior court.

In 1990, in *State v. Simmons*, 4BE-S90-552 CR, the grand jury charged Simmons with two counts of felon in possession of a concealable firearm,[1] once in March or April 1990 and the second time in July 1990. The trial jury convicted Simmons on both counts at trial and Simmons appealed the convictions.[2] We rejected all of Simmons's claims except his argument that the two convictions for felon in possession of a concealable firearm violated double jeopardy because the prosecution argued at trial that Simmons had continuous possession of the firearm from April 1990 to September 1990 and, as instructed, the jury did not decide whether there was an interruption in Simmons's possession of the gun between March or April and July.[3] Because the jury could have concluded that Simmons's possession was continuous, we directed the superior court to merge the two counts.[4]

In the underlying criminal case at issue in this post-conviction relief appeal, *State v. Simmons*, 4BE-S90-902 CR, the grand jury charged Simmons with first-degree burglary, second-degree assault, third-degree assault, and one count of felon in possession of a concealable firearm.[5] The trial jury convicted Simmons on all counts, and Simmons appealed. We reversed the case because the superior court admitted a hearsay statement

---

[1]   Former AS 11.61.200(a)(1).

[2]   *Simmons v. State*, 899 P.2d 931 (Alaska App. 1995).

[3]   *Simmons*, 899 P.2d at 936-37.

[4]   *Id.* at 937.

[5]   AS 11.46.300(a)(1), AS 11.41.210(a)(1), AS 11.41.220(a)(1), and former AS 11.61.200(a)(1), respectively.

−2−

as a declaration against interest, and we concluded that the statement did not have sufficient indicia of reliability.[6]

Simmons was convicted on all counts at a re-trial before Superior Court Judge *pro tem* Mark I. Wood. However, this time Simmons did not appeal his reconvictions. Simmons did file an application for post-conviction relief that raised several claims. First, he claimed his trial counsel for the *first* trial was ineffective for failing to take an expedited appeal when Superior Court Judge Dale O. Curda (who presided over Simmons's first trial) denied Simmons's peremptory challenge. Second, he claimed his re-trial violated the prohibition on double jeopardy because Judge Curda denied his peremptory challenge before the first trial, this mistake was not cured, and he faced a retrial when the case was reversed. Third, he claimed this court's decision in *Simmons v. State*[7] precluded the State from re-trying him in this case. Fourth, he claimed the superior court erred in failing to dismiss the indictment. And fifth, he claimed his speedy trial rights were violated because of the delay in the proceedings due to Judge Curda's failure to grant the peremptory challenge before the first trial.

In this appeal, Simmons's arguments have evolved from those he made in the superior court, and the arguments in some of his briefing are difficult to follow. However, after reviewing Simmons's pleadings in the superior court, the superior court's rulings, and his briefing in this court, we address the claims that we understand he is raising here.

Many of Simmons's present claims arise from *before* his first trial in this case. As we discussed above, Judge Curda did not grant Simmons's peremptory challenge before

---

[6] *Simmons v. State*, Memorandum Opinion and Judgment No. 3099 at 6-10 (Alaska App., March 22, 1995).

[7] 899 P.2d 931.

the first trial. After Judge Curda denied the peremptory challenge, Simmons did not file an expedited appeal under Alaska Appellate Rule 216(a)(2). In *Washington v. State*,[8] we announced that the exclusive remedy for seeking appellate review of the denial of a peremptory challenge was an expedited appeal under Rule 216.[9] Because Simmons failed to pursue the exclusive remedy, he waived any claim that the court erred. To the extent that Simmons claims his trial attorney was ineffective for not pursuing an expedited appeal, Simmons bore the burden of alleging sufficient facts to rule out the possibility that the trial attorney's conduct in the case was not a matter of sound tactical consideration.[10] One of Simmons's trial attorneys from the first trial had supplied an affidavit for the State, and the affidavit explained that the trial attorney chose the tactics that were employed in the attempt to challenge Judge Curda. Simmons did not allege facts that ruled out the possibility that trial counsel acted on presumably competent grounds, and the record showed that the pursuit of the challenge was a matter of tactical choice.[11] Finally, Simmons already received the remedy to which he would be entitled if the peremptory challenge was erroneously denied: Simmons received another trial before a different judge. We conclude that Judge Wood did not abuse his discretion when he dismissed those claims in Simmons's application that were based on the failure to grant a peremptory challenge before Simmons's first trial.

Simmons also argues that the superior court should have dismissed his indictment. However, Simmons argued in his successful direct appeal that Judge Curda

---

[8]  755 P.2d 401 (Alaska App. 1988).

[9]  *Id.* at 403.

[10]  See *State v. Jones*, 759 P.2d 558, 569 (Alaska App. 1988).

[11]  See *Peterson v. State*, 988 P.2d 109, 113-14 (Alaska App. 1999).

should have dismissed the indictment. We concluded that Simmons had waived his attack on the indictment because he did not designate an adequate record.[12] Because Simmons's attack on the indictment was an issue that he raised and we rejected in his direct appeal from his first trial, the law-of-the-case doctrine bars reconsideration of the issue.[13] Furthermore, to the extent that Simmons could relitigate this issue, he is barred by AS 12.72.020(a)(2) from raising that issue in an application for post-conviction relief if it was an issue that he could have raised in a direct appeal. And, Alaska Rule of Criminal Procedure 35.1(b) provides that post-conviction relief "is not a substitute for ... direct review of the sentence or conviction."

Next, Simmons argues that the court should have dismissed his case because of the purported nondisclosure of a bargain between the State and a witness against Simmons. However, it does not appear that Simmons raised this issue in the trial court, and Judge Wood did not address this claim. Accordingly, this issue is waived.[14] Moreover, as the State notes, "any error in the purported nondisclosure of the agreement prior to Simmons's first trial was rendered harmless by his obvious awareness of it before his retrial [in September 1995]." Simmons knew of an agreement because the witness was cross-examined about its existence.

Simmons also appears to claim that he should receive post-conviction relief under a theory that the State deliberately caused the reversal in this case, and therefore, Simmons's re-trial violated the prohibition on double jeopardy. Simmons appears to claim that the State offered inadmissible hearsay evidence in the original trial and then conceded

---

[12] *Simmons*, Memorandum Opinion and Judgment No. 3099 at 11 n.2.

[13] See *Smith v. Cleary*, 24 P.3d 1245, 1248 (Alaska 2001).

[14] See *Chugach Elec. Ass'n v. Lewis*, 453 P.2d 345, 349 (Alaska 1969).

that Simmons's peremptory challenge of Judge Curda should have been allowed after the first trial and before the re-trial.

However, double jeopardy bars a retrial only if the prosecutor engages in deliberate misconduct to cause a mistrial in order to avoid acquittal due to a flaw in the State's case.[15] And Simmons has presented no authority for the proposition that a retrial is barred when an appellate court concludes that evidence offered by the State was erroneously admitted.

Next, Simmons claims the State was barred from prosecuting him for felon in possession of a concealable firearm in this case because double jeopardy, collateral estoppel, or issue preclusion bars his retrial. Simmons bases this claim on our reported decision in his other case where we directed the superior court to merge the two felon-in-possession counts.[16]

However, in the other case, the prosecution argued at trial that Simmons had continuous possession of the gun from April 1990 to September 1990, and the jury was not asked to decide whether there was an interruption in Simmons's possession of the gun.[17] Because the jury did not decide whether there was an interruption in Simmons's possession, we gave Simmons the benefit of the doubt and directed the superior court to merge the two convictions.[18]

---

[15] *See Williamson v. State*, 692 P.2d 965, 971 n.7 (Alaska App. 1984).

[16] *Simmons*, 899 P.2d at 937.

[17] *Id.* at 936-37.

[18] *Id.* at 937.

But Simmons bears the burden of proof in an application for post-conviction relief.[19] Because Simmons bears this burden, he does not receive the benefit of any doubt. It is apparent from our examination of the record that the evidence could support a finding of a separate possession of the gun in September 1990 and, thus, Judge Wood could reasonably conclude that Simmons's application did not allege a prima facie claim based on double jeopardy, collateral estoppel, or issue preclusion.

Moreover, Simmons could have appealed this issue after his retrial, but he did not. Because Simmons could have raised these claims in a direct appeal from his retrial, he was barred from raising the claims in an application for post-conviction relief.[20]

*Conclusion*

The judgment of the superior court is AFFIRMED.

---

[19] AS 12.72.040; Alaska R. Crim. P. 35.1(g).

[20] AS 12.72.020(a)(2).

MANNHEIMER, Judge, concurring.

As explained in the majority opinion, Simmons was convicted of various crimes in case no. 4BE-90-902 Cr. He appealed, and we reversed his convictions in *Simmons v. State*, Alaska App. Memorandum Opinion No. 3099 (March 22, 1995). Simmons was then re-tried, with a different judge presiding over the trial. Simmons was again convicted of all counts. He did not file a second appeal, but he now attacks these convictions in a petition for post-conviction relief.

Two of Simmons's primary claims — his argument that the judge who presided over his first trial should have been disqualified, and his argument that his defense attorney from the first trial was incompetent for failing to pursue a timely peremptory challenge of that judge — are moot because Simmons ultimately received a new trial in front of a new judge.

The remainder of Simmons's claims are barred because he did not appeal after he was re-convicted at his second trial. Simmons's attack on his indictment, his claim that he was not speedily brought to trial, his various double jeopardy contentions, and his argument that the judge prevented him from adequately cross-examining the victim all could have been raised on direct appeal after Simmons was re-convicted at his second trial. But Simmons did not appeal. He therefore is barred from raising these claims in a petition for post-conviction relief. *See* AS 12.72.020(a)(2).

I acknowledge that there is a potential due process problem with enforcing AS 12.72.020(a)(2)'s procedural bar with respect to one of Simmons's double jeopardy claims. Before Simmons was brought to trial the second time, he argued that the State should be precluded from trying him a second time; he alleged that, at the first trial, the prosecutor knowingly introduced inadmissible hearsay. The trial judge at the second trial

told Simmons that this claim should be raised in a post-conviction relief proceeding under Criminal Rule 35.1:

> *The Court*: [That double jeopardy issue] is a post-conviction relief matter, Mr. Simmons. You raised that [claim] before trial, ... and that issue can be raised in your [Rule] 35.1 application. That's where it should be raised. ...

It appears that Simmons may have relied on this erroneous advice when he decided not to pursue this double jeopardy claim on direct appeal, but rather to pursue the claim in a petition for post-conviction relief — a petition that normally would be barred under AS 12.72.020(a)(2) (because the double jeopardy issue could, in fact, have been raised on appeal).

For this reason, I conclude that this court should reach the merits of this particular double jeopardy claim. That being said, I agree with the majority opinion that this claim has no legal merit.

I therefore join my colleagues in affirming the superior court's dismissal of Simmons's petition for post-conviction relief.