David Simmons
P.O. BOX 6200
Central Arizona Detention
Center; Florence, Az, 85232



FEB 1 9 2002

IN THE SUPREME COURT FOR THE STATE OF ALASKA

By _____ Deputy


DAVID SIMMONS,
        Petitioner,

                                    S.Ct. No. _____

        v.                          Court Of Appeals No. A-07493


STATE OF ALASKA,                Trial  Court Cases  # 4BE-96-00067CI
_____Respondent. /                          t/w  # 4BE-S90-00902Cr.
                                                     # 4BE-S90-00552Cr.


        VRA:I certify that this document and its attachments do
        not contain (1) the name of a victim of a sexual offense
        listed in AS 12.61.140 or (2) a residence or business ad-
        dress or telephone number or a victim or a witnes to any
        crime unless it is an address used to identify the place
        of the crime or it is an address or telephone number in
        a transcript of a court proceeding and  disclosure of the
        information was ordered by the court.


        PETITION FOR DISCRETIONARY REVIEW OF APPELLATE DECISION
                    A.R. 302(a), 303 & 304


        COMES NOW DAVID SIMMONS, IN PRO PER, AND HEREBY PETITION

This Court to review the Appellate Court's decision to deny Peti-

tioner a full and fair opportunity to brief the trial court's il-

legal proceedings on direct appeal in Case 4BE-S90-902Cr.; and the

Court Of Appeals' decision to affirm the trial court's abuse of

discretion and its evading review of multiple Constitutional And

Substantive violations in Cases 4BE-S90-902Cr. and 4BE-S90-552Cr.

(1)

Ex. C, p. 1

SEP-22-2006 FRI 02:22 PM          FAX NO.                    P. 03/14

## FACTS OF THE CASE AND COURSE OF PROCEEDINGS

On July 23rd.,1990, Mr.Simmons was arrested on charges of
possessing a .44 Magnum handgun, (Misconduct Involving Weapons),
"which he did not have." Case 4BE-S90-552Cr.; On September 26th,
of the same year, he was arrested again, on un-related charges,
viz: First Degree Burgulary & Second Degree Assault; in the course
of interviewing the witness (victim), the witness informed the
police that she knew the where abouts of the handgun that the po-
lice was searching for, and, that Mr.Simmons had used a handgun to
threaten her person, on Sept.3rd. or 4th, 1990.

During the same early morning hours of September 26th, 1990
the police seized Mr. Herrera's handgun from his home and solicit-
ed inconsistent statements; at the time of the plice questioning,
Mr.Herrera was under the influence of alcohol and intoxicants and,
his mother tongue is Spanish.

On October Fifth (5th), 1990, the grandjury returned an In
-dictment charging Mr. Simmons with two (2) counts of Misconduct
Involving Weapons. On October 30th, the state took the position
that a judge could not be partially perempted; after taking the
matter under advisement, Judge Curda informed all parties, "that
if a judge has been timely perempted, he automatically erred if he
did not recuse himself, citing **McCracken v. State** 521 P.2d 449 (A
-laska 1974)." Subsequently, Judge Hanson was assigned case 4BE-S90
-552Cr. **App. Exc.** at pp. 49-50 (Tr. 67-68).

(2)

Ex. C, p. 2

SEP-22-2006 FRI 02:22 PM                    FAX NO.                              P. 04/14

During the trial of the issues, Mr. Herrera testified for the Defense. He indicated before the **Malkin Hearing** that he had purchased a firearm from Mr. Simmons for two ($200.oo), and con- firmed that the handgun was bought between April and June. (Tr. 597; & 601).; at trial he testified that he never returned  the weapon to Mr. Simmons. (Tr. pp. 971-975).


**B.**

On November 2nd., 1990, Judge Curda refused to judicially notice his peremption, "personally exercised by Mr. Simmons." Nei -ther the state, counsel for Simmons, advised the court taht the defendant had a "substative right" to "personally exercise his per -emptory challenge and that the proceeding would be invalid if he insisted on presiding over the case.; nor did counsel seek an ex- pedited appeal, pursuant to App.Ct.R. 216(a)(2).

On May 19th, 1994, Mr. Simmons requested the Appellate Court to Stay his direct appeal, "pending his collateral attack", 4BE-S 92-268CI., raising claims of ineffective assistance of counsel, pursuant to **Barry v. State**, 675 P.2d 1291 (Ct.App. 1984); None-Dis -closure of a **Continency Agreement, Statute Of Limitation, Speedy Trial Violation,** and others........ The Appellate Court denied the motion and reversed case 4BE-S90-902Cr./A-4475, a year later. See

[1] Mr. Simmons was never given any discovery with respects to the existence of a **Contingency Agreement** between the witness and the state. In this regard Simmons's jury was never made aware that the witness was testifying out of fear of a perjury prosecution made possible by a non-viable indictment in order to force the witness to offer perjurious testimony to convict the defendant.

(4)

M & J, Exc. pp. 182-190 [Hereto Attached]. Ex. #B

On August 3rd. 1995, the state filed its non-opposition mo
-tion **Stipulating** that Simmons had "validly and timely perempted
Judge Curda on Nov. 2nd., 1990." **App.'s Exc.** pp. 108-111; Judge
Curda signed the State's Order of Stipulation, Aug. 4th, 1995. Id.
supra.

On Re-trial before Judge Woods, Mr. Simmons entered    a
**"Plea In Bar"** and requested time to file pre-trial motions to which
the state opposed. **App.'s Exc.** pp. 112- Mr.Simmons was forced thro
-ugh another illegal trial. Because the Court Of Appeals' reversal
mooted Mr.Simmons collateral proceeding (claims    within the ex-
ception to the rule, fall within those claims which challenges the
court's jurisdiction to retry a case) though most claims challenged
the court's jurisdiction to retry the case, others claims would
have that effect, if Simmons had received a favorable ruling, but
for the Court's reversal. (Mr.Simmons had an **Evidentiary Hearing**
before the Green Court, on the issue of the state's withholding
its **Contingency Agreement** and thus deprived Simmons's jury of the
fact that the state had forced the witness to offer perjurious te
-stimony).

Originally Mr.Simmons filed his **Application For Post Convic**
-tion Relief, on December 14th,1995, it was subsequently refiled
April 10th, 1996: case 4BE-96-67CI. **App.'s Exc.** pp. 1-230. After
five (5) years of litigation the trial court refused to consider
Simmons **Motion For Summery Judgment. App.'s Exc.** pp. 353-375. the
trial court used advisory counsel, Sidell's motion to justify its
ruling (in favor of the state) as a basis to disregard Simmons's
**Motion For Summery Judgment**, even though Simmons asked the Woods

(5)

Court to "strike Sidell's motion, withdraw its opinion and to con

-sider Simmons's **Motion For Summery Judgment**, tthe Woods' Court

refused to respond. On appeal, the Appellate Court affirmed the

trial court's decisions. [Hereto Attached]. *EX.C*

### C.

Mr.Simmons has asserted in his pleadings that judge Curda,

the State Of Alaska  and counsel for the defendant, knew that

error was being committed. See App.'s Exc. pp. 49-50 (Tr. 67-68).

the knowledge of **McCracken v. State**, (cit. Omit) supra, at p. 2,

does not permit the withdrawing of an otherwise, valid and timely

excercised peremptory challenge, which is by its very intent, pre

-sumptive and of automatic execution and operation, and jurisdic-

tional or the statute would be meaningless. **Channel Flying, Inc.**

**v. BernHardt**, 451 P.2d 570-574(Alaska 1969)., so that Judge Curda

's consent to counsel's withdrawal of Simmons's personally exerci

-sed peremptory challenge, was not valid.

Mr.Simmons went back on record for clarification and pro-

claimed a conflict between himself and counsel.**App.'s Exc.** pp. 108

-111. subsequent to the above reading of **McCracken**,(cit. Omit) su

-pra, in open court, Judge Curda cited **Wamser v. State**, 587 P.2d

232 (Ak. 1978), for the proposition that "a motion for cause" dose

not toll the time for peremption. (Tr. 196-197);even though the

state, throughout the next five (5) years contended (not withstan

-ding its **Stipulation**) that counsel withdrew Mr.Simmons' peremption

in order to preserve his challenge for the next assigned judge,

(6)

and, "that this act obviated the need to appeal pursuant to App. Ct.R. 216(a)(2)", is not only disingenous, but it conflicts with all controlling authority: **Wamser**, (motion for cause dose not toll the time for peremption); the withdrawal of a valid and timely exercised peremptory challenge would render Criminal Rule 25 and A.S. meaningless, **Channel Flying Inc.** (cit. Omit), supra, at 574., Nevertheless, this argument is advanced for the further proposition that because counsel, even though such action is unsupported "procedurally or substantively," declared, that "the withdrawal of Sim-mons' personally exercised peremptory challenge was a "tactical decision." in other words, no matter how irrational counsel's conduct and the resulting disastrous affect to the defendant, is nev-ertheless immune from attack.

This line of reasoning was adopted by the Court Of Appeals even though it conflicts with its own precedents **State v. Jones**, 759 P.2d 558 at 567, 569-70(App.Ct. 1988), there the trial court resolved the case based on counsel's affidavit and neither party examined **Jones'** trial counsel or had an opportunity to respond to the information counsel provided in his affidavit. the Appellate Court concluded that the trial court had departed markedly from the "orderly procedure for the expeditious disposition of non-meritorious applicaitons for post-conviction relief! concluding that the state was deprive of a fair opportunity to contest **Jones's** application.

In **Trudeau v. State**, 714 P.2d 362 (Ct.App. 1986), the Court held that "appellate courts can rarely decide issues of ineffective assistance of counsel in absence of an evidentiary hearing.

(7)

and that conflicting affidavit require an evidentiary hearing.
Boggess v. State, 783 P.2d 1173 (Ct.App. 1989)(citing Adam v.
State, 704 P.2d 794, at 797 (Ct.App. 1985); and in This Court's
cases. counsel's utterances that the actions taken was motivated
by a tactical choice, can not validate an otherwise invalid pro
-cedure which enfringes the substantive right created by Legis-
lative enactment. Gieffels v. State, 552 P.2d 661 at 665-669 (Ct.
App. 1976): Cf. Steffenson v. State, 837 P.2d 1123 (App.Ct. 1992);
and kimmerlman v. Morrison, 106 S.Ct. 2588-89 (1986), App.'s Exc.
pp. 65-71. not withstanding the above, the Court Of Appeals adop-
ted the trial court's acceptance of counsel's "conflicting affi-
davit, and denial of Simmons's request for an evidentiary hearing
to demonstrate "under the facts of the case, there was a reasonable
possibility that counsel's reasons for not pursuing an expedited
appeal, pursuant to App.Ct.R. 216(a)(2) were completely invalid."
Steffenson, (cit. Omit) supra.

     Under the facts of this case and the state's Stipulation,
the  proceedings before Judge Curda were invalid. the Court Of Ap
-peals's decision based upon this "illegality" could not serve as
any grounds to preclude further efforts to have the indictment dis
-missed base upon insufficient evidence.

     The Court Of Appeals's legal conclusions as precedents, de
-cided in previous cases similar to or indentical with the factual
background as    thoses presented in Simmons's case, "in a legal
proceeding" would not have bending force because of the aforemen
-tion "illegality."

     Under these circumstances, the principles of jeopardy,

(8)

Ex. C, p. 7

speedy trial rights violation and statute of limitations (as to 3°
assault and misconduct involving weapons) maybe invoked as abso-
lute bar to a retrial.

The Court Of Appeals chose to deny Simmons relief based
upon its contention that Simmons has not cited any facts which
would show that counsel was ineffective-however, Mr. Simmons has
asserted that counsel's action marked a departure from the rules
of court and is contrary to legal precedents. - The   Court   of
Appeals's ruling, based upon counsel's "hearsay affidavit", "indi
-cating counsel's action was based upon a "tactical decision",
even though it departs from the rules of procedures and overrules
legal precedents, not only in the Court Of Appeals, but This Court
as well, renders A.S. 22.20.022 meaningless. If counsel can   say
(through affidavit form) that the chosen departure from the rules
of court is based upon a "tactical decision", when there is neither
a procedure nor legal support for such a departure, the Court Of
Appeals decision overrules all the case precedents cited on pages
6-8, supra.; Moreover, what counsel meant by "tactical decision"
is this: "I'm little confused, I thought that if I withdrew my per
emptory challenge, I could began anew." App.'s Exc. p.312-13 [Here
-to Attached], Judge Savell rejected such reasoning as based upon
a false belief. id.,supra. Also See App.'s Exc. pp. 66-71.

Because the trial court denied Mr.Simmons the right to re
-present himself, after having done so for over ten years, and no
reason was given for the denial, and did not consider Mr. Simmons's
**Motion For Summary Judgment.**, neither did the Appellate Court, con
-sequently the Appellate Court did not decide whether Mr. Simmons's

(12)

statute of limitations precluded further prosecution of the same conduct for which Mr. Simmons had been convicted in case 4BE-S90 -552Cr., Mr. Simmons claimed that the statute of limitations served as an absolute bar against being retried for 3° Assault and MIW. Mr. Simmons was arrested July 23rd., 1990, in case 4BE-S90-552Cr.; his conviciton for MIW expired on July 23rd., 1995. not only for the reason that the proceedings before Judge Curda was "illegal", but also because Mr. Simmons was charged with the same "criminal conduct for which he had been convicted in case 4BE-S90 552Cr.", in case 4BE-S90-902Cr.; because these proceedings were illgal, the statute of limitations effectively barred trial as to 3° Assault and Misconduct Involving Weapons.

Simmons's prosecution for MIW in case 4BE-S90-902Cr. Were barred under traditional principles of jeopardy. In case 4BE-S90- 552Cr., Simmons was prosecuted for two counts of MIW- however, the prosecutor argued "contructive possession" and thjis became the law of the case. Simmons argued that he could not be retried for the same "continuous course of conduct" prosecuted in case 4BE-S90 552Cr. under a "different theory in case 4BE-S90-902Cr., when the prosecutor has sufficient evidence to prosecute Simmons for 3° Assault and MIW in case 4BE-S90-552Cr. but did not." The trial court ruled, relying on the Court Of Appeals's decision , A-4972 [Hereto Attached], **App.'s Exc. p. 200.** *Ex. #A*

On Appeal, the Appellate Court essentially reaffirmed its own "factual findings' which the trial court used to deny Simmons relief from "successive prosecution for the same offense.but in the same opinion, the Appellate Court held: That because the in- struction did not inform the jury of the need to find "interrup-

(12)

tion" the issue was not necessarily decided. M & J, [Hereto Attac *Ex #A*
-hed], and, that, under the statute definding the offense as a sin
-gle crime, the prosecutor could not divide a course of conduct
into multiple crimes occurring at discreet moment in time. or that
the prosecutor can not avoid  the double jeopardy clause limita-
tion by dividing a single crime into a  temporal or spartial units
. M & J, App.'s Exc. at p. 197. *Ex. #A.*

Mr.Simmons asserted that the prosecution may proceed on in
-consistent theories but that the double jeopardy clause prohibits
the state from retrying a defendant on a theory "inconsistent with
a prior judgement of conviction or acuittal." United States v. Mc-
Laurin, 57 F.3d 823 (9th Cir. 1995), because  the finding of one
necessarily implies that the prosecution failed to prove an element
of the other.

This Court has held: collateral estoppel operates to preclu
-de religation of issues when the issues have been actually litiga
-ted and determed in the first action by a valid and final. judg-
ment, and the determ[ination]must have been essential to the judg
-ment. DeNardo v. State, 775 P.2d 515 , 517 (Alaska 1989); Denardo
v. State, 740 P.2d 453, 457 (Alaska 1987)(collateral estoppel like
-wise bars relitigation of issues erroneously decided in the first
case. the preclusive effect of this doctrine applies even where
consitutional issues were decided incorrectly.).

And under Res Judicate which precludes relitigation by the
same parties, not only of claims raised in the first proceedings,
but also of those relevant claims "that could have been raised. Cal

(11)

houn, 636 P.2d at 71" and, <u>that the claims extinguished by the</u>
<u>first judgment include all rights of the plaintiff to remedies</u>
<u>against the defendant with respect to all or any part of the tran</u>
<u>saction .... out of which the action arose.</u> State v. Smith, 720 P
2d 40, 41(Alaska 1986)(quoting with approval Restatement (second)
of Judgments § 24(a)(1982); "<u>A mere change in the legal theory as</u>
<u>ground for recovery will not avoid the preclusive effect of the</u>
<u>judgment. id.</u> Pankratz, 652 P.2d at 74."

Mr. Simmons also pointed out that double jeopardy precluded
a second trial because of prosecutorial misconduct. The prosecutor
knew that Mr. Herrera testified in case 4BE-S90-552cr., and that
he testified before the November First Grandjury. On Appeal  the
court Of Appeals concluded that Simmons did not show that an Appe
-llate Court's legal conclusions, reversing a conviction on evi-
dentiary grounds precludes another prosecution. The Appellate
Court's premise, from which it drew its legal conclusion was wrong.

Both prosecutors handle case 4BE-S90-552Cr. and 4BE-S90-902
Cr., they knew that Herrera testified in case 4BE-S90-552Cr., App.'s
Exc. p. 84; and the state subpoenaed Herrera before the November
Grandjury, in case 4BE-S90-902Cr. at which he testified. It is up
-on this basis, i.e., the knowledge of the prosecutors, that they
knew Mr. Herrera was available; and more importantly, the state
knowingly introduced that part of the out-of court inconsistent
police recorded hearsay statement which incriminated Mr. Simmons.

It is this conduct which Mr.Simmons has asserted invoked
jeopardy's bar against a second trial because of prosecutorial mis
conduct. M & J [Hereto Attached.].; and certainly, it is this con-

(12)

duct by prosecutors which,    interpretative case law has condemed

universally. $\mathcal{E}_x$. #B

   The Court Of Appeals determine that the trial court did not

abuse its discretion in its failure to take judicial notice of its

records in regards to Simmons' **March 3rd. & 4th 1995 Evidentiary**

**Hearing** on the issue of the state withholding its **Contingency** A-

greement . the trial asserted that the file in case 4BE-92-268CI

no longer existed but invited Simmons to refile his claim, to which

he declined. However, Simmons requested the court to rule on the

existing file made available through plaintiff's exhibits attached

to his complaint, as having sufficient reliable evidence to find,

that it was more probable than not, that the state withheld its

**Contingency Agreement.**

   The state has never shown that it complied with Civ.R. 5(a)

& (b), in serving discovery of its **Contingency Agreement** upon the

defense; nor, upon his advisory counsels, who, in affidavit and

live testimony denied that the state had made available any infor

-mation regarding a **Contingency Agreement.** App.'s Exc.pp. 224-28.

Mr. Simmons duplicated sufficient evidence to satisfy his burden

of production and submitted his **Brief Of Closing Arguments,** the

court dismissed the matter based upon the state's motion, "that

the matter was confusing."

   The Court Of Appeals ruled the matter to have been waived;

nevertheless, Mr.Simmons argued on appeal that the trial court was

required to maintain its record pursuant to Adm.R. 37(b)(3) & (4).

   The Court Of Appeals determine that Simmons received a re-

                              (13)

medy by having another trial at which he was able to cross examine
the witness on the **Contingency Agreement.**  However, this is error
because under principles of jeopardy, Simmons has a right to have
his original jury hear all the evidence and to decide his innocence
or guilt based upon such critical evidence. It is "presumed" that
the only reason the prosecutor would withhold such evidence from
the jury, is because it believes the jury would have  acquitted
the defendant.

## CONCLUSION

Eventhough the trial court refused to rule on Simmons's
**Motion For Summary Judgment** and there only remained legal issues
to be re solved, the Appellate Court has jurisdiciton to consider
those matter de Novo, but did not.

Similarly on direct appeal, the Appellate Court refused to
Stay Simmons's Appeal (on Motion To Stay) and denied him the right
to fully and fairly brief all the issues sought to be raised by
collateral attack. case 4BE-92-268CI. For these reasons and others
the Appellate Court denied Simmons the right to an appeal in both
cases, altogether. and this conduct on the part of the Court Of
Appeals has significance beyond Mr.Simmons's case.

Respectfully submitted This 8

day of Febuary 2002.

David Simmons, Pro Per.

(14)