UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

DAVID SIMMONS,

                    Petitioner,

          vs.

FRANK LUNA,

                    Respondent.

No. 4:03-cv-00013-RRB

**MEMORANDUM DECISION and ORDER
[Re: Motions at Docket Nos. 59
and 70]**

## I.  BACKGROUND[1]

David Simmons has filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.  At the time the petition was filed, Petitioner was serving a prison term after conviction on retrial for first-degree burglary, second-degree assault, third-degree assault, and one count of felon in possession of a concealed firearm.

The Petition involves two convictions in the Alaska state courts.  In *State v. Simmons*, Case No. 4BE-90-552Cr, Petitioner was convicted in the Alaska Superior Court of two counts of being a felon-in-possession of a concealable firearm ("*Simmons I*").  The Alaska Court of Appeals, in a published opinion,[2] reversed and remanded the case to the superior court with instructions to merge

_____

[1] The background and facts of this case are well known to the parties and are not recited here except to the extent necessary to an understanding of this decision.

[2] *Simmons v. State*, 899 P.2d 931 (Alaska App. 1995)

the two convictions into a single conviction ("*Simmons II*").   In *State v. Simmons*, Case No. 4BE-90-902Cr, Simmons was convicted of first-degree burglary, second-degree assault, third-degree assault, and one count of felon-in-possession of a concealed firearm ("*Simmons III*").   In an unpublished decision,[3/] the Alaska Court of Appeals reversed the conviction in *Simmons III* ("*Simmons IV*"). Upon retrial in the superior court, Petitioner was again convicted of the same charges ("*Simmons V*").   Petitioner did not appeal his re-conviction.   Petitioner filed a petition for post-conviction relief in the Alaska Superior Court, which denied his petition. Petitioner appealed denial of his petition to the Alaska Court of Appeals, which affirmed the decision of the Superior Court in an unpublished memorandum decision ("*Simmons VI*").[4/]   Petitioner's subsequent petition for review by the Alaska Supreme Court was summarily denied without opinion on May 14, 2002.   Petitioner timely filed his petition in this Court on May 15, 2003.

## II.  CLAIMS RAISED

Petitioner raised five claims in this petition.   The Court previously dismissed the claims to the extent they arise out of *Simmons I* and *II* as untimely.[5/]   The remaining claims are:

---

[3/] *Simmons v. State* , Case No. 3099 [Respondent's Motion to Dismiss Second, Third, and Fourth Claims for Habeas Relief, Exhibit A (Docket 70-2)].

[4/] *Simmons v. State*, Case No. 4509 [*Id.*, Exhibit B (Docket 70-3)].

[5/] See Dockets 21 and 25.  At Docket 65 the court reopened the case as to the Second, Third, and Fourth grounds for relief and

ineffective assistance of counsel (Ground 2); denial of his right to litigate constitutional and jurisdictional claims on appeal before the Alaska Court of Appeals on his appeal from the first conviction in *Simmons IV* (Ground 3); a failure by the state to disclose a purported agreement between the state and a witness called by the state in *Simmons III* and *V* (Ground 4); and insufficiency of the indictment in *Simmons III* and *V* (Ground 5).

At Docket No. 59 Petitioner has moved for summary judgment in his favor. At Docket No. 70 Respondent has moved to dismiss the petition to the extent Petitioner's claims are not exhausted on the grounds that the decision of the Alaska Court of Appeals rested on adequate independent state law grounds.

### III.   STANDARD OF REVIEW

Because Petitioner filed his petition after April 24, 1996, it is governed by the standard of review set forth in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). Consequently, this Court cannot grant relief unless the decision of the Alaska Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts

---

granted Respondent leave to address the exhaustion issue. Upon further review of the record, the Court notes that it inadvertently omitted reference in its order at Docket 65 to the Fifth ground, which also does not arise out of *Simmons I* and *II*. The Court now reopens the case as to the Fifth ground for relief and addresses it in this order.

in light of the evidence presented in the State court proceeding."[6] Supreme Court holdings as of the time of the last reasoned decision of the state court are the source of established federal law for the purposes of AEDPA.[7]   In applying this standard, this Court reviews the last reasoned decision by the state court,[8] which in this case was that of the Alaska Court of Appeals in *Simmons VI.* In addition, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.[9]

        This Court may not overturn the decision of a state court in a *habeas* proceeding if the decision of the state court is based upon an independent state law ground adequate to support the decision.[10]   However, the Court must assume that there are no such grounds when it is not clear from the opinion itself that the state court relied upon adequate and independent state ground and when it fairly appears that state court rested its decision primarily on federal law.[11]   Consequently, this Court may not reach the merits of procedurally defaulted claims, that is, claims "in which the

---

[6]   28 U.S.C. § 2254(d);  *Williams v. Taylor* , 529 U.S. 362, 405–406 (2000); *see Lockyer v. Andrade,* 538 U.S. 63, 70-73 (2003) (explaining this standard).

[7]  *Williams*, 529 U.S. at 412.

[8]  *Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir.2004)

[9]  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

[10]  *Coleman v. Thompson*, 501 U.S. 722, 729–730 (1991).

[11]  *Michigan v. Long*, 463 U.S. 1032, 1041–42 (1983).

petitioner failed to follow applicable state procedural rules in raising the claims * * *."[12]

Exhaustion of state remedies requires the petitioner to fairly present federal claims to the state courts in order to give the state the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.[13] A petitioner fairly presents a claim to the state court for purposes of satisfying the exhaustion requirement if he presents the claim: (1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim.[14] A petitioner must alert the state courts to the fact that he is asserting a federal claim in order to fairly present the legal basis of the claim.[15] In the Ninth Circuit, a petitioner must make the federal basis of the claim explicit either by referencing specific provisions of the federal Constitution or statutes, or citing to federal case law.[16] Mere similarity of claims between a state law claim and a federal law claim is insufficient for exhaustion purposes.[17] In order to present the substance of a claim to a state court, the petitioner must reference a specific federal constitutional provision as well

---

[12] *Sawyer v. Whitley,* 505 U.S. 333, 338 (1992).

[13] *Duncan v. Henry,* 513 U.S. 364, 365 (1995).

[14] *See* 28 U.S.C. § 2254(e); *Weaver v. Thompson,* 197 F.3d 359, 364 (9th Cir.1999).

[15] *Duncan,* 513 U.S. at 365-66.

[16] *Lyons v. Crawford,* 232 F.3d 666, 670 (9th Cir.2000).

[17] *Johnson v. Zenon,* 88 F.3d 828, 830 (9th Cir.1996).

as a statement of facts that entitle the petitioner to relief. [18]/
A petitioner who cites one clause of a constitutional amendment
does not exhaust a claim under a different clause of the same
constitutional amendment.[19]/   If a petitioner cites a state case
that analyzes a federal constitutional issue, that federal issue is
fairly presented.[20]/   The required level of explicitness is the same
for *pro se* petitioners and petitioners who are represented by
counsel.[21]/

## IV.  DISCUSSION

As was the case before the Alaska Court of Appeals in his
appeal from the denial of his petition for post-conviction relief
in the Alaska Superior Court, Petitioner's briefing before this
Court is difficult to follow.   In particular it is difficult to
separate his federal-law claims from his state-law claims.   This
Court in deciding petitions under 28 U.S.C. § 2254 may decide only
those claims that are based upon federal law; it is precluded from
deciding claims based upon alleged errors of state law unless those
errors constitute federal Constitutional errors.[22]/   In addition, to
the extent that Petitioner raises federal claims, it is unclear
that all those claims have been exhausted.   However, even to the

---

[18]/ *Gray v. Netherland,* 518 U.S. 152, 162–163 (1996).

[19]/ *Picard v. Connor,* 404 U.S. 270, 276–277 (1971).

[20]/ *Peterson v. Lampert,* 319 F.3d 1153, 1158 (9th Cir.2002).

[21]/ *Lyons,* 232 F.3d at 667.

[22]/ *Pizutto v. Arabe*, 280 F.3d 949, 971 (9th Cir.2002).

extent that Petitioner has not exhausted a federal claim this Court may nonetheless deny the claim on the merits when it clearly appears that the petition fails to raise even a colorable federal claim.[23]/

    <u>Ground 2 – Ineffective Assistance of Counsel</u>.  Prior to trial in Simmons III, Petitioner exercised a peremptory challenge of the trial judge, which the trial judge denied.  Petitioner claims that counsel was ineffective by failing to seek an expedited review of the denial of his peremptory challenge.  To demonstrate ineffective assistance of counsel, Petitioner must show both that his counsel's performance was deficient and that the deficient performance prejudiced his defense.[24]/  Petitioner has the burden of proof on both elements.[25]/  A deficient performance is one in which counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment.[26]/  Petitioner must show that defense counsel's representation was not within the range of competence demanded of attorneys in criminal cases and that there is a reasonable probability that, but for counsel's

_____

    [23]/ *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir.2005). Although Petitioner has not requested, even inartfully, that this Court "stay and abey" pending resolution of his unexhausted claims, the Court in an abundance of caution has nonetheless applied the factors of *Rhines v. Weber*, 544 U.S. 269, 278 (2005), *sua sponte* and determined that because his claims, even if unexhausted, are not meritorious, a stay and abeyance would not be appropriate.

    [24]/ *Strickland v. Washington,* 466 U.S. 668, 687 (1984)

    [25]/ *Turk v. White*, 116 F.3d 1264 (9th Cir.1997).

    [26]/ *Strickland.*

ineffectiveness, the result would have been different.[27]    In disposing of Petitioner's claim in *Simmons VI* the Alaska Court of Appeals stated (footnotes and citations omitted):[28]

> Many of Simmons's present claims arise from *before* the first trial in this case. As we discussed above, Judge Curda did not grant Simmons's peremptory challenge before the first trial. After Judge Curda denied the peremptory challenge, Simmons did not file an expedited appeal under Alaska Appellate Rule 2 16(a)(2). In *Washington v. State:* we announced that the exclusive remedy for seeking appellate review of the denial of a peremptory challenge was an expedited appeal under Rule 216: Because Simmons failed to pursue the exclusive remedy, he waived any claim that the court erred. To the extent that Simmons claims his trial attorney was ineffective for not pursuing an expedited appeal, Simmons bore the burden of alleging sufficient facts to rule out the possibility that the trial attorney's conduct in the case was not a matter of sound tactical consideration. One of Simmons's trial attorneys from the first trial had supplied an affidavit for the State, and the affidavit explained that the trial attorney chose the tactics that were employed in the attempt to challenge Judge Curda. Simmons did not allege facts that ruled out the possibility that trial counsel acted on presumably competent grounds, and the record showed that the pursuit of the challenge was a matter of tactical choice. Finally, Simmons already received the remedy to which he would be entitled if the peremptory challenge was erroneously denied: Simmons received another trial before a different judge. We conclude that Judge Wood did not abuse his discretion when he dismissed those claims in Simmons's application that were based on the failure to

---

[27] *Hill v. Lockhart,* 474 U.S. 52, 57 (1985).

[28] *Simmons v. State*, Case No. 4509, pp. 3-4 [Respondent's Motion to Dismiss Second, Third, and Fourth Claims for Habeas Relief, Exhibit B (Docket 70-3 at 3-4)].

grant a peremptory challenge before Simmons's
first trial.

The Court cannot say that the Alaska Court of Appeals
erred at all, let alone that its decision was "contrary to, or
involved an unreasonable application of, clearly established
Federal law, as determined by the Supreme Court of the United
States" or "was based on an unreasonable determination of the facts
in light of the evidence presented in the State court
proceeding."[29]  In particular, Petitioner has not established the
second prong of the *Strickland* analysis—that the result would have
been different.  As the Alaska Court of Appeals noted, Simmons was
convicted in *Simmons V* on the same charges on retrial before a
different judge after his original conviction in *Simmons III* before
Judge Curda was reversed: the result was the same.  Petitioner is
not entitled to relief on his second claim for relief.

   Ground 3 – Denial by Court of Appeals of Right to
Litigate Constitutional and Jurisdictional Claims.  Although it is
not entirely clear from the petition, it appears that Petitioner
finds fault with the Alaska Court of Appeals in both his appeal
from his original conviction (*Simmons IV*) and his appeal from the
denial of his post-conviction relief (*Simmons VI*).

   Addressing first his complaints related to the direct
appeal from his initial conviction (  *Simmons IV*), the gist of
Petitioner's argument is that, reversal on other grounds

_____

   [29] 28 U.S.C. § 2254(d).

notwithstanding, the Alaska Court of Appeals should nevertheless have addressed and ruled on other constitutional errors raised in his appeal. Petitioner has not cited any decision of the United States Supreme Court that requires a court to address constitutional issues if the appeal may be decided on other grounds. Indeed, the Supreme Court expressly holds to the contrary.[30]/ Thus, it cannot be said that the decision of the Alaska Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[31]/

Addressing his appeal from the denial of his petition for post-conviction relief in *Simmons VI*, just which Constitutional argument he was prevented from raising is not apparent. The only cognizable federal claim raised is his double jeopardy claim.

To the extent that he has presented in his petition his claim that retrial was barred under the double jeopardy clause because his initial conviction was reversed on appeal due to the erroneous admission of evidence by the prosecution, the Alaska

---

[30]/ *See e.g., Jean v. Nelson*, 472 U.S. 846, 854 (1985) (discussing the well established rule that courts do not reach constitutional questions unless necessary to the decision).

[31]/ 28 U.S.C. § 2254(d).

Court of Appeals in *Simmons VI* rejected that argument stating (citation omitted):[32/]

> However, double jeopardy bars a retrial only if the prosecutor engages in deliberate misconduct to cause a mistrial in order to avoid acquittal due to a flaw in the State's case. And Simmons has presented no authority for the proposition that a retrial is barred when an appellate court concludes that evidence offered by the State was erroneously admitted.

The United States Supreme Court has recognized only a single exception to the rule that double jeopardy does not bar a retrial after reversal of a conviction on appeal: when the reversal is based upon insufficiency of the evidence.[33/] Thus, it cannot be said that the decision of the Alaska Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[34/]

---

[32/] *Simmons v. State*, Case No. 4509, p. 6 [Respondent's Motion to Dismiss Second, Third, and Fourth Claims for Habeas Relief, Exhibit B (Docket 70-3 at 6)].

[33/] *United States v. DiFrancisco*, 449 U.S. 117, 131 (1980). The Court notes that the federal rule is the same as the Alaska rule with respect to prosecutorial misconduct: Retrial is barred where the error that prompts a mistrial is intended to provoke a mistrial or is motivated by bad faith or undertaken to harass or prejudice the defendant. *Oregon v. Kennedy*, 456 U.S. 667, 670 (1982).

[34/] 28 U.S.C. § 2254(d).

The Alaska Court of Appeals addressed and denied Simmons's contention that conviction of being a felon-in-possession in *Simmons IV* was barred by his prior conviction in *Simmons I* (as amended in *Simmons II*) (citations omitted):[35]

> Next Simmons claims the State was barred from prosecuting him for felon in possession of a concealable firearm in this case because double jeopardy, collateral estoppel or issue preclusion bars his retrial. Simmons bases this claim on our reported decision in his other case where we directed the superior court to merge the two felon-in-possession charges.
>
> However, in the other case, the prosecution argued at trial that Simmons had continuous possession of the gun from April 1990 to September 1990, and the jury was not asked to decide whether there was an interruption in Simmons's possession of the gun. Because the jury did not decide whether there was an interruption in Simmons's possession, we gave Simmons the benefit of the doubt and directed the superior court to merge the two convictions.
>
> But Simmons bears the burden of proof in an application for post-conviction relief. Because Simmons bears this burden, he does not receive the benefit of any doubt. It is apparent from our examination of the record that the evidence could support a finding of a separate possession of the gun in September 1990 and, thus, Judge Wood could reasonably conclude that Simmons's application did not allege a prima facie claim based on double jeopardy, collateral estoppel, or issue preclusion.
>
> Moreover, Simmons could have appealed this issue after his retrial, but he did not.

---

[35] *Simmons v. State*, Case No. 4509, pp. 6-7 [Respondent's Motion to Dismiss Second, Third, and Fourth Claims for Habeas Relief, Exhibit B (Docket 70-3 at 6-7)].

> Because Simmons could have raised these claims in a direct appeal from his retrial, he was barred from raising the claims in an application for post-conviction relief.

Not only was Petitioner procedurally defaulted in presenting this claim but he could not prevail on the merits. The double jeopardy clause of the Fifth Amendment to the United States Constitution prohibits successive prosecutions for the same offense, *e.g.*, a second prosecution after conviction.[36] In the double jeopardy context, the Supreme Court has applied a same elements test:[37] "whether each offense contains an element not contained in the other; if not, they are the 'same offence' and double jeopardy bars additional punishment and subsequent prosecution."[38]

In the case at bar, the offenses of which Petitioner was convicted in both *Simmons I* and *Simmons V* was as a felon-in-possession of a concealable weapon—the same handgun in both. However, in *Simmons I* Petitioner was convicted of the possession of the handgun during once in March or April 1990 and the other in July of the same year.[39] In *Simmons V* Petitioner was convicted of possession of the same handgun in September 1990. Thus, except with respect to the time of possession, the elements of the two

---

[36] *See, e.g., Brown v. Ohio*, 432 U.S. 161, 165 (1977).

[37] Sometimes referred to as the "*Blockburger* test" after *Blockburger v. United States*, 284 U.S. 299 (1932).

[38] *United States v. Dixon*, 509 U.S. 688, 696 (1993).

[39] *Simmons II*, 899 P.2d at 933-34.

offenses of which Petitioner was convicted are identical. This Court, as did the Alaska Court of Appeals, agrees with Petitioner that if his possession between March and September 1990 were in fact continuous his second conviction violated the double jeopardy clause.[40/] However, the Alaska Court of Appeals, after examining the record, found evidence that could support a finding of an interruption in possession of the handgun prior to the September 1990 incident in *Simmons V.* Petitioner not only does not challenge this finding but this Court has not been provided with a record that would permit it to review it in any event. As this constitutes a "finding of fact," it is presumed to be correct unless the petitioner rebuts it by clear and convincing evidence. This Petitioner has not done.

This Court cannot say on the record before it that the decision of the Alaska Court of Appeals was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Petitioner is not entitled to relief on his third claim.

///

///

---

[40/] *Id.*, 899 P.2d at 935–36.

Ground 4 – Prosecution's Failure to Disclose Agreement with Rebuttal Witness.

In addressing this claim, the Alaska Court of Appeals held (citations omitted):[41]

> Next, Simmons argues that the court should have dismissed his case because of the purported nondisclosure of a bargain between the State and a witness against Simmons. However, it does not appear that Simmons raised this issue in the trial court, and Judge Wood did not address this claim. Accordingly, this issue is waived. Moreover, as the State notes, "any error in the purported nondisclosure of the agreement prior to Simmons's first trial was rendered harmless by his obvious awareness of it before his retrial [in September 1995]." Simmons knew of an agreement because the witness was cross-examined about its existence.

As with his third claim for relief, not only was Petitioner procedurally defaulted in presenting this claim but even on the merits he could not prevail. The failure to disclose the existence of the bargain between the state and the adverse witness clearly constituted a *Brady*-type[42] error.[43] However, as the Alaska Court of Appeals correctly noted the error in failing to disclose the agreement prior to the trial in *Simmons III* was harmless, *i.e.*, the failure to disclose did not undermine the confidence in the outcome sufficient to create a reasonable

---

[41] *Simmons v. State*, Case No. 4509, p. 5 [Respondent's Motion to Dismiss Second, Third, and Fourth Claims for Habeas Relief, Exhibit B (Docket 70-3 at 5)].

[42] *Brady v. Maryland*, 373 U.S. 83 (1963).

[43] *United States v. Bagley*, 473 U.S. 667, 676–77 (1985).

probability of a different result on retrial in *Simmons V*.[44] The
requirement that possible impeachment evidence be disclosed is to
assist the defense by disclosing information that might be helpful
in conducting the cross-examination.[45] In this case, Petitioner
knew of the bargain and the witness was cross-examined about it
during the retrial in *Simmons V*.[46] While the undisclosed bargain
might have compelled a reversal of the initial conviction in
*Simmons III*, because that conviction was reversed on other grounds
and at retrial in *Simmons V* he knew of the bargain, he suffered no
prejudice. Petitioner is not entitled to relief on his fourth
claim.

    <u>Ground 5 – Insufficiency of the Indictment</u>. In disposing
of this claim, the Alaska Court of Appeals stated (citations
omitted):[47]

> Simmons also argues that the superior court
> should have dismissed his indictment. However,
> Simmons argued in his successful direct appeal
> that Judge Curda should have dismissed the
> indictment. We concluded that Simmons had
> waived his attack on the indictment because he
> did not designate an adequate record. Because
> Simmons's attack on the indictment was an
> issue that he raised and we rejected in his

---

[44] *Kyles v. Whitney*, 514 U.S. 419, 434 (1995).

[45] *Bagley*, 473 U.S. at 678.

[46] The record does not reveal how Petitioner became aware of
the bargain. However, whether it was disclosed by the prosecution
or Petitioner learned of it through other means is irrelevant to
the fact that the nondisclosure was harmless.

[47] *Simmons v. State*, Case No. 4509, p. 4-5 [Respondent's
Motion to Dismiss Second, Third, and Fourth Claims for Habeas
Relief, Exhibit B (Docket 70-3 at 4-5)].

> direct appeal from his first trial, the law-
> of-the-case doctrine bars reconsideration of
> the issue. Furthermore, to the extent that
> Simmons could relitigate this issue, he is
> barred by AS 12.72.020(a)(2) from raising that
> issue in an application for post-conviction
> relief if it was an issue that he could have
> raised in a direct appeal. And, Alaska Rule of
> Criminal Procedure 35.l(b) provides that post-
> conviction relief "is not a substitute for ...
> direct review of the sentence or conviction."

As with his third and fourth claims, not only is Petitioner procedurally defaulted, but he does not present a federal question cognizable by this Court under § 2254. Petitioner's attack on the sufficiency of the indictment is based upon allegations that in her testimony before the grand jury the State's chief witness recanted statements made to the police and that the hearsay testimony of the police officer as to what she said was insufficient to impeach her, as she had impeached herself. In addition to the same infirmity of a lack of a transcript before this Court as the Alaska Court of Appeals, Petitioner does no more than raise a credibility issue that can not be raised in a habeas proceeding under § 2254.[48] The test of sufficiency of indictment is whether it contains elements of offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to meet and whether record shows accurately to what extent he may plead a former acquittal or conviction in any future proceedings

---

[48] *See Sandoval v. Calderon*, 241 F.3d 765, 773 (9th Cir.2000) (holding that credibility is for the jury to decide).

against him for a similar offense.[49/]   Since Petitioner does not attack the sufficiency of the indictment on this ground, the Court need not address it.[50/]

### V.   CONCLUSION AND ORDER

Based upon the foregoing, Petitioner's Motion for Summery [*sic*] Judgment at **Docket 59** is **DENIED**; and Respondent's Motion to Dismiss Second, Third, and Fourth Claims for Habeas Relief at **Docket 70** is **GRANTED**.   Petitioner David Simmons is not entitled to relief on any of the grounds presented in the petition.

IT IS THEREFORE ORDERED that the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DISMISSED**.

IT IS FURTHER ORDERED that the Court declines to issue a Certificate of Appealability. 28 U.S.C. § 2253©; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further" (internal quotation marks omitted)).   All issues raised in the petition were addressed by the Alaska Court of Appeals in its decision and no reasonable jurist could find that its decision was "objectively unreasonable."

ENTERED this 29th day of December, 2006.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

---

[49/] *United States v. DeBrow*, 346 U.S. 374, 376 (1953);

[50/] *Goldyn v. Hayes*, 444 F.3d 1062, 1068 n. 9 (9th Cir.2006).