DAVID SIMMONS
031806
RED ROCK CORR. CTR.
1752 E. ARICA RD.
ELOY, AZ 85231

RECEIVED
FEB 20 2007
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT


FRANK LUNA,
  Appellee,

 v.

Case No. 05-36035

F03·0013

DAVID SIMMONS,
  Appellant./

CERTIFICATE OF APPEALABILITY

  Appellant David Simmons Respectfully Request A Certificate Of Appealability to review the District Courts's Refusal to grant petitioner's **Motion For Summery Judgment;** and the basis of its conclusion that reasonable jurist could find "interruption wihtin continuity."

  The State's reliance upon defenses of :**Adequate And Independent State Grounds; Procedural Default And Waiver.** Please See District Court **Memorandum Opinion,** Hereto Attached.

1

The District Court's determination that after the Defendant's July arrest and followin g conviction in case 4BE-S90-552Cr., under a theory of constructive possession (Continuing Court Of Conduct [**Law Of The Case**]), from April to September,19 90, that Judge Woods could reasonably find that the sale of petitioner's 44. Cal. pistol to Mr. Herrera, in May or June, 1990, constituted an "interruption within continuity. i.e., within the time period between April and September, 1990, **"did not prevent a second prosecution for the same handgun , conduct, and time period."** and that petitioner's second conviction **"did not violate double jeopardy."**

In case 4BE-s90-902Cr. no new facts were introduced into evidence to compel a reasonable juris to conclude that the defen-dant's second trial and conviction for the same elements, conduct, and time period, **"did not violate the defendant's right not to be tried twice for the same offense."**

"To interrupt" and "To Continue, " are contrary acts. they can not co-exist within a normal time continum, "simultaneously." either it is one or the other, but not both. And every court that has considered this issue, has reasonably concluded that if the charge is for the same elements, conduct, and time period, a second trial runs afoul of the principles of double jeopardy.

In order to convict the defendant for possession, in the absence of actual physical possession stemming from his arrest in

July 1990, the prosecutor introduced E.A.'S testimony of an alleg-ed subsequent assault involving a large weapon occurring or or about September 3rd.or 4th, 1990.

The term, "circumstantial evidence" was employed to demonstrate that the defendant exercised dominion and control over the handgun well beyond that the defendant's July arrest date, to prove continuity of possession from April to September 1990; and that he exercised dominion and control over the same pistol on the two occassions charged in the Oct.5th, 1990 Indictment, but that the was not being tried in case 4BE-S90-552Cr. for possession on the third occassion. (i.e. Sept. 3rd. or 4th 1990.).

The State asked the jury to convict petitioner on both counts.

On Appeal the Appellate Court recognized that each count had to be proven beyond a reasonable doubt. i.e., that there must be a break in the defendant's possession and that he reaquired a possessory interest after the initial break. The Court pointed out that, this, the state did not do; and merged the convictions, under the **Law Of The Case Doctrine.** i.e. a **Continuing Course Of Conduct.**

The term "circumstantial evidence" cannot be viewed as be-ing transparent. i.e. without probative value of a fact of consequence. the question becomes: "over what period of time was

3

the defendant charged with possession in case 4BE_S90-552Cr.? the State's answer."from April to September 1990 , continous-ly."

Probative value of the evidence is not lessen in importan-ance by use of the term circumstantial evidence to prove a fact of consequence involved in the litigation of the issues.

This Court has held that rule 404(b) is not implicated when all of the acts of possession are inexticably intertwine or, in other words, indicate a continuing pattern of illegal activity. **United States v. Fontenette, 139 Fed.Appx. 813.**

For the foregoing reasons, a reasonable juris could conclude that petitioner's second conviction for the same hand-gun, element, conduct **and** "time period" violated double jeopar-dy to the U.S. Constitution.

Moreover, this claim is jurisdictional because the trial court was without jurisdiction to retry the same charge for which the defendant stood convicted in case 4BE-S90-552Cr.

**The District Court's** factual findings at pp. 13-14 of its opinion is clearly erroneous.

On 7/24/92, petitioner made application for **POST CON-VICTION RELIEF** 4BE-S92-268CI., claiming that Judge Curda pre-sided over the case in 4BE-S90-902Cr. illegally and that the proceedings were voidable. That his evidentiary rulings set

4

a well defind pattern of judicial abuse and miscoduct; That the State falsely misrepresented the facts before judge Hanson and failed to disclose relevant and material evidence of its none disclosed "Contingency Agreement." And that Counsel for the defense was ineffective.

The proceedings were voidable (structual defect) because Judge Curda presided over the case in the face of a valid and timely exercised peremptory challege. Nov. 2nd. 1990.

Counsel for the defense, refuse to seek an expedited appeal pursuant to rules of court claiming: "I thought I could withdraw a peremptory challenge and start anew", when she knew that she could not. Judge Curda: **Ex.I#** hereto attached. The State :**Ex.II#** hereto attached. Judge Savell: **Ex. III # hereto attached.**

It is these trial occurrences within and outside of the proceedings which serves as the basis for petitioner's claim that jeopardy bars a retrial; And it is the refusal of the Court Of Appeals to permit the defendant to pursuant these claims be for it for resolution which serves as the basis for the further claim that petitioner was denied appellate review.

The Appellate Court's reversal of the defendant's conviction in case 4BE-S90-902Cr., mooted the proceedings below in case 4BE-92-268CI. in violation of **Barry v. State**, 675 P.2d 1291 (Ct.App. 1984). refusal to consider altogether the claims that judge curda was without personal jurisdiction to try the case and that his rulings were therefore void.

The Court ruled that counsel's action was a tactical choice.

Petitioner agrees that counsel's action was a choice that disregarded the correct procedure- knowing that a **Motion For Cause**, after a valid and timely recusal was meaningless; and a procedural default. Because these claims involved a structual defect, **no showing of prejudice is require.** In the instant case, counsel's pre-trial acts were prejudicial because counsel's pro-cedural default divested the defendant of a protected right not to be tried before an unbias judge or jury. This action of counsel may be attributed to the state. **Worley v. Thompson,** 2005 U.S.Dist Lexis 28529 , citing **Coleman,** at 753-54.

### JUDICIAL MISCONDUCT

Judge Curda ruled that petitioner had no standing to sup-ress a recording belonging to petitioner from Mr. Herrera's residence, when the police, armed with a search warrant only to seize Mr. Herrera's handgun.

Subsequent to this ruling, Judge Curda allowed Mr. Herrera's inconsistent recorded police statement to be introduced into evidence over objection and without a determination of indicia of reliability to satisfy the constitutional standard.

Judge Curda ruled that the police officers hearsay grand-jury testimonies impeached E.A.'S recorded statement and that the indictment, with respect to counts three and four (3 & 4).

(assault 3° and ex-felon in possession) charged a criminal offense.

Judge Curda denied the defense **Motion To Server** counts one and two (2 & 2) from counts three and four (3 & 4). The first two allegations were approximately 22 days apart, and were not cross admissible.

Judge curda retried the defendant on count four (4) (ex-felon in possession) for which he stood convicted in case -S90-552Cr. erroneously finding that interruption could co-exist within contin-uity.

Judge Curda ruled that anything about the State's none-disclosure of its cotingency agreement with its chief witness was not relevant because the charges against her had been dismissed; precluding exmination of the witness as to her motive, interest and biases in giving the same testimny she gave in case -S90-552Cr.

### PROSECUTORIAL MISCONDUCT

The State denied petitioner due process under the 14th Amendment to the U.S. Constitution by not disclosing its **Contingency Agreement** with its chief witness in cases 4BE-S90-552Cr. and 4BE-S90-902Cr.

E.A.'S perjury charge and assault charges arosed out of her affidavit retracting her police recorded statements made on Sept. 26th, 1990.

7

The witness accused the defendant of pointing a large weapon at her person on or about Sept. 3rd. or 4th 1990.

Petitioner moved the court **In Limine** to preclude the witness from testify based upon petitioner's assertions cited in **Brief Of Closing Argument. Ex.# IV.** hereto attached.

Clearly, had the state disclosed its **Contingency Agreement** there never would have been a **Motion In Limine**. And had the Agree-ment been disclosed, certainly the State would have responded to the defendant's **Motion In Limine** and oral argument before Judge Hanson, pointing out that the bases for Simmons's objections are groundless and that the witness is testifying to an agreement.; instead, the state mislead the court and denied the defendant his 14th Amendment rights to due process and a fair trial.

During the trial of the case in 4BE-S90-552Cr., the state falsely represented that the defendant had not been charged with third degree assault and **ex-felon in** possession (Tr. 1009[-S90-552Cr.]), in order to avoid disclosing its **Contigency Agreement**.

**This** representation is significant because it prove that the state never intended to disclose its agreement and to deprive the defendant of a fair trial.This intention was equally applied to case 4BE-S90-902Cr. **Ex. # V.**

In this case Judge Curda ruled that since the agreement had been dismissed it was no longer relevant. precluding examination of the witness as to her motive, interest and biases. **Ex.# VI**

In both cases petitioner was not convicted on the evidence. The State Appellate Court held that in the third trial before

8

Judge Woods disclosure would have had relatively little effect up on the defendant's case because the witness was examined about the agreement but the jury nevertheless found the defendant guil -ty. therefore the none disclosure in simmons's first two trials were harmless. Please See District Court Opinion.

The case in -S90-552Cr. was tried during the third week of Nov., and on Nov. 25th, 1991, the charges against the State's chief witness (E.A.) were dismissed. **Ex.# VII**

Petitioner was indicted on two (2) counts in case -S90-552 Cr.for possessing the same handgun during the same time period; on Nov. first (1st.),1990; he was indicted on four (4) counts in -S90-902Cr. counts three and four (3 & 4) were third degree assault and ex-felon in possession. from this evidence it is clear that the state falsely represented the facts in order to deny the defendant a fair trial; couple with the fact that the introduction of the state's theory of a continuing course of conduct went beyond the time frame of the indictment, deprive the superior court of juris -diction, because neither the state nor the court had the right as a matter of the contitution and the law to amend the indict- ment in case -S90-552Cr. Petitioner mention in passing, that these facts goes to the claim that that the state denied petitioner due process in case 4BE-S90-902Cr.and constitutes prosecutorial mis- conduct.

## THE STATE APPELLATE COURT DENIED PETITIONER
## A FULL AND FAIR HEARING ON APPELLATE REVIEW

On 5/19/94, petitioner asked the Appellate Court to stay the defendant's **Merit Appeal** pending resolution of his claim(s) in -92-268CI.

On 6/29/94 petitoner sought reconsideration ;

On 7/21/94 **En Banc** consideration was denied.;

On 3/22/95 petitioner's **Merit Appeal** was reversed.;

On 3/22/95 petitioner mail his **Brief Of Closing Arguments**, in case -92-268CI. which was lodge 3/29/95.;

On 3/28/95 Judge Green notice the defendant of the Court's intent to dismiss in light ofthe Court Of Appeals disposition.; and the defendant was given 30 days to show cause why case-92-268 CI.should not be dismissed.

On 4/11/95 petitioner's **Brief Of Closing Argument** were filed; And, On 5/1/95 the Court dismissed the collateral proceedings sta-ting that nothing had been filed by petitioner. **Ex. # VIII**.

In **Barry v. State**, 675 P.2d 1291 (Ct.App. 1984) the Appellate Court recognized the rule that a direct appeal (**Merit Aopeal**) would be stayed pending a **collateral attack** raising constitutional claims requiring an evidentiary hearing. however, the court of appeals reversal, procedurally barred petitioner's right to a full and fair hearing.

10

The proceedings below when considered in isolation as individual appeal points raised and decided by the Court Of Appeals , while those decisions maybe correct as a matter of law, they can not be isolated from the nature of the proceedings upon which the Appellate Court made its determination.

If the trial court proceedings were void because Judge Curda was validly and timely recused peremptorily, **then** it follows (the State agrees that this fact is well found. See **Ex.#IX** ), that the basis upon which the state assert its defenses to the merits of petitioner's claims as: Adequate and Independant ground; Procedural Default and Waiver, are simply unavailable.

This is true because the state conceeded that the peremptory challenge was valid and timely. The "exception" to the law of the case doctrine, is that a lower court is mandated to follow the de-cision of a higher court, "except" where new evidence is introduced which compels a different finding or findings.

In this instance, the proceedings presided over by Judge Curda was void. The Appellate was without this infomation; had counsel not procedurally defaulted with respects to the expidted procedure available to address Judge Curda's actions, it is certainly a possibility that the issue of confrontation would never have been the subject of litigation in the Court Of Appeals-

Nevertheless, as noted above, while the Appellate Court's le-gal determination of the confrontation issue was correct as a matter of law, the state may not seek to make the Court Of Appeals

11

decisions serve as the basis to raise unavailable defenses, rather than address the merits of petitioner's claims.

Because the State has conceeded that Judge Curda's presiding over the case was void, its concessions renders the Court Of Appeals's legal determination meaningless, for purposes of serving as a bases upon which to asserts its defenses.

For these reasons a certificate of appealability should be granted.

Respectfully Submitted This 6th Day Of Feb. 2007.

_____
David Simmons, pro per/Appellant.

12