IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID SIMMONS,<br><br>    Plaintiff,<br><br>vs.<br><br>FRANK LUNA,<br><br>    Defendants. | Case No. 4:03-cv-00013-RRB<br><br>ORDER WAIVING<br>PREPAYMENT OF<br><u>APPELLATE FEES</u> |

    David Simmons, representing himself, has filed a notice of appeal,[1] with an application to waive prepayment of fees, showing that he is unable to prepay the filing fee in his appeal.[2] Mr. Simmons' application to waive prepayment of fees will, therefore, be granted.

    Under 28 U.S.C. § 1915(b), however, Mr. Simmons must pay the full $455.00 filing fee. An initial partial filing fee of $40.86 has been assessed,[3] and must be paid

---

    [1] *See* Docket No. 73.

    [2] *See* Docket No. 86.

    [3] Mr. Simmons' trust fund account statement (Docket No. 86-2) shows average monthly deposits of $0 and an average monthly balance of

as soon as funds are available. Mr. Simmons will then owe monthly payments in the amount of twenty percent of the past month's income from his trust account each time the amount in his account exceeds $10.00, until the statutory filing fee of $455.00 is paid in full.[4] **Responsibility for collecting these fees and submitting them to the Court lies with the agency that has custody of the prisoner.**[5]

Whether or not the prisoner has paid all or a portion of the filing fee, the appeal will be dismissed if the prisoner's "allegation of poverty is untrue ... or the ...appeal ... is frivolous or malicious."[6] When an appeal is dismissed, the Court keeps the $455.00 filing fee to cover the costs of processing the case. No part of the fee will be returned to Mr. Simmons; instead, the Court continues to collect the fee until it is paid in full.

**IT IS HEREBY ORDERED** that:

1. Mr. Simmons' motion for a certificate of appealability, at docket number 77, has been, and is, DENIED;[7]

---

$204.34 over the six months before filing the appeal. Accordingly, the Court assesses an initial partial filing fee of 20% of $204.34, the greater of the two amounts. *See* 28 U.S.C. § 1915(b)(1).

[4] *See* 28 U.S.C. § 1915(b)(2).

[5] *See id.*

[6] 28 U.S.C. § 1915(e)(2).

[7] *See* Docket No. 72 at 18 ("the Court declines to issue a Certificate of Appealabilty. 28 U.S.C. § 2253. ... All issues raised in the petition were addressed by the Alaska Court of Appeals in its decision and no

2. Mr. Simmons' application to waive prepayment of fees, at docket number 86,[8] is GRANTED;

3. CCA Red Rock Correctional Center (RRCC) (or any other institution with custody of Mr. Simmons) shall collect from his prison trust account an initial partial filing fee in the amount of $40.86, and immediately send that payment to the Clerk of Court (when funds are available);

4. RRCC (or any other institution with custody of Mr. Simmons) shall collect the balance of the $455.00 filing fee owed in this case by collecting monthly payments from Mr. Simmons' prison trust account in an amount equal to twenty percent (20%) of the past month's income credited to his trust account and send payments to the Clerk of Court each time the amount in the account exceeds $10.00. ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION;

5. The Clerk of Court is directed to serve a copy of this Order on RRCC;

6. The Clerk of Court is directed to provide a copy of this Order to the Financial Section of the Court; and

---

reasonable jurist could find its decision was 'objectively unreasonable.'"); *see also* Fed. R. App. P. 22(b) ("(1) ... If the district judge has denied the certificate, the applicant may request a circuit judge to issue the certificate. (2) A request addressed to the court of appeals may be considered by a circuit judge or judges, as the court prescribes. If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals").

[8] *See also* Docket Nos. 84 & 85, which are moot.

7.  RRCC shall forward a copy of this Order to any other institution which receives custody of Mr. Simmons.

DATED this 8th day of May, 2007, at Anchorage, Alaska.

/s/RALPH R. BEISTLINE
United States District Judge